

Case 1:07-cv-07392-PKC    Document 1    Filed 08/20/07    Page 1 of 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JONATHAN X. FLAGG

On behalf of himself and on
behalf of all others similarly situated,

                Plaintiff,

       - against -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP AND AFFILIATES, and

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM PENSION PLAN,

                Defendants.
------------------------------------------------------------X:

Case No.: 07 cv 7392

JUDGE CASTEL

## Nature of Action

1.    This is a class action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

## Jurisdiction and Venue

2.    This Court has subject matter jurisdiction over this action by virtue of 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. In addition, the Court has jurisdiction pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) since this action is brought under § 502(a) of the ERISA statute, 29 U.S.C. § 1132(a).

3.    This Court has personal jurisdiction over Defendants because, among other reasons, ERISA provides for nationwide service of process, *see* ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); and Defendants have continuous and systematic general business contacts with the nation as a whole and with this District in particular.

4. Venue here is proper under ERISA § 502(e), 29 U.S.C. § 1132(e), which provides that an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." Venue is proper here for any or all of the four reasons provided by the statute: (1) the Plan is administered in this District; (2) some or all of the breaches occurred in this District; (3) either or both Defendants "may be found" in this District, and/or (4) either or both Defendants "reside[]" in this District.

## Parties

5. Plaintiff Jonathan X. Flagg is a former employee of the Firm and was an active participant in the Plan during his period of employment. Mr. Flagg remains a participant, as defined in ERISA § 3(7), 29 U.S.C. §1002(7), in the Plan because although he received benefits from the Plan, the Plan owes him additional benefits that it has not yet paid him, as set forth herein.

6. Defendant Skadden, Arps, Slate, Meagher, & Flom LLP and Affiliates ("Skadden" or the "Firm") is the sponsor of the Plan, the Plan's administrator and a named fiduciary of the Plan, within the meaning of ERISA §§ 3(16)(A)-(B), 402(a), 29 U.S.C. §§ 1002(16)(A)-(B), 1102(a).

7. Defendant Skadden, Arps, Slate, Meagher, & Flom LLP Pension Plan (EIN: 13-1777230 - Plan No.: 002) (the "Plan") is and was at all relevant times an "employee pension benefit plan," and more specifically a "defined benefit plan," within the meaning of ERISA §§ 3(2)(A) and 3(35), 29 U.S.C. §§ 1002(2)(A) and 1002(35).

## Facts

8. Plaintiff Flagg was employed by the Firm from 1998 until 2003.

9. Throughout that time, Plaintiff accrued pension benefits under the Plan, a defined benefit plan of the "cash balance" variety, in which a hypothetical account was established for him.

10. Under the terms of the Plan, Plaintiff accrued "pay credits" based on a percentage of his pensionable compensation together with annual "interest credits" equal to the yield on 1-year Treasury Constant Maturities plus 1% with a guaranteed minimum of the lesser of (a) 8% and (b) the midpoint of the range established for the "standard interest rate" by regulations issued under Section 401(a)(4) of the Internal Revenue Code, and maximum interest credit rate of 12%.

11. Under the Plan, participants' right to receive future interest credits on their account balances through normal retirement age (age 65) accrued at the same time as the corresponding pay credits to which the interest credits relate. In technical terms, the Plan was, as a result, a "frontloaded" interest crediting plan within the meaning of the law. *See, e.g.,* IRS Notice 96-8, 1996-1 C.B. 359-61.

12. After terminating employment, Plaintiff Flagg elected to receive his fully-vested Plan benefits in the form of a lump sum distribution in 2004. Plaintiff was age 34 at the time.

13. The Plan calculated and paid Plaintiff Flagg a benefit according to the terms of the Plan that was not the actuarial equivalent of the amount he would have received had he left his money in the Plan until age 65. Had the Plan performed the required "whipsaw" calculation by projecting Plaintiff's hypothetical account balance to normal retirement age at a rate that did not understate the value of the interest credits he previously earned, *see, e.g.,*

3

*Esden v. Bank of Boston,* 229 F.3d 154, 164-173 (2d Cir. 2000), Plaintiff's benefit expressed in the form of a lump sum would have exceeded the lump sum amount that he received.

### Exhaustion of the Plan's Claims Process Was Not Required

14. Plaintiff did not exhaust the administrative remedies provided under the terms of the Plan prior to initiating this lawsuit because exhaustion of the Plan's internal claims process was not required and/or should be excused in this case, even assuming the Plan had or has an ERISA-compliant claims process.

15. First, the exhaustion requirement does not apply because the claims Plaintiff raises are statutory claims involving the interpretation of ERISA, not purely plan-based benefit claims involving an interpretation of the Plan. Congress intended that statutory questions of this nature be adjudicated by Article III judges, not employers acting as plan administrators.

16. Second, even if the exhaustion requirement is not categorically inapplicable here, it should be excused as futile. Had Plaintiff submitted a claim for the recalculation of his lump sum benefit, Defendants would simply have responded that Plaintiff has already received an amount equal to his account balance and that is all that he is entitled to receive under Defendants' interpretation of the Plan.

17. Futility is also demonstrated by the fact that the legal standard Defendants violated is clear and was well-established long ago – and was confirmed by the IRS as long ago as 1991, *see* "Nondiscrimination Requirements for Qualified Plans," 56 Fed.Reg. 47524, 47528 (1991), before the Plan's illegal methodology for computing lump sums was adopted and put into effect (in 1992). In the intervening 15 years, numerous Courts of Appeals and

District Courts have confirmed these requirements. *See, e.g., Esden, supra,*; *Lyons v. Georgia-Pacific Corp.,* 221 F.3d 1235, 1237-38 (11th Cir. 2000); *Berger v. Xerox Corp. Ret. Income Guar. Plan,* 338 F.3d 755, 758 (7th Cir. 2003); *West v. AK Steel Corp.*, 484 F.3d 395 (6th Cir. 2007). Yet Defendants have failed to conform the Plan or their conduct under it to the requirements of the law, evidencing their belief that the law does not apply to them.

27. Third, exhaustion was not required for the separate but related reason that the Plan's internal claims process is not designed to address and is not capable of addressing alleged statutory violations.

28. Finally, exhaustion should be excused because it would serve few if any of the recognized purposes of the exhaustion requirement, as Plaintiff will demonstrate should Defendants nevertheless seek to compel exhaustion.

## Claim for Relief

29. Plaintiff repeats and re-alleges the allegations contained in all foregoing paragraphs herein.

30. ERISA §§ 203(e) and 205(g), 29 U.S.C. §§ 1053(e) and 1055(g), and Internal Revenue Code § 417(e), as implemented by Treasury Regulation § 1.417(e)-l(d), requires any optional form of benefit paid from a defined benefit plan, including a lump sum distribution, to be no less than the present value of the participant's accrued benefit expressed as an annuity commencing at normal retirement age (under the Plan, age 65).

31. The Plan paid Plaintiff a lump sum benefit that was less than the present value of his accrued benefit in violation of ERISA §§ 203(e) and 205(g), and IRC § 417(e), as implemented by Treasury Regulation § 1.417(e)-l(d).

32. The Plan's conduct as described above also resulted in an impermissible forfeiture of benefits prohibited by ERISA § 203(a) and Internal Revenue Code § 411(a), as implemented by Treasury Regulation § 1.411(a)-4 and 4T, in that the Plan conditioned the right to receive future interest credits on Plaintiff not taking a distribution prior to normal retirement age.

## Class Action Allegations

33. Plaintiff brings suit on behalf of themselves and on behalf of all other participants and beneficiaries similarly situated under the provisions of Rule 23 of the Federal Rules of Civil Procedure with respect to violations alleged herein.

34. The proposed Class is defined as follows:

> All persons who were vested participants in the Skadden, Arps, Slate, Meagher & Flom LLP Pension Plan who received a distribution in the form of a lump sum prior to August 17, 2006 that equaled the amount of their hypothetical account balance; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

35. The requirements for maintaining this action as a class action under Fed. R. Civ. P. 23(a)(1) are satisfied in that there are too many Class members for joinder of all of them to be practicable. There are at least hundreds of members of the proposed Class dispersed among many states.

36. The claims of the Class members raise numerous common questions of fact and law, thereby satisfying the requirements of Fed. R. Civ. P. 23(a)(2). All issues concerning liability are common to all Class members because such issues concern their entitlement to benefits calculated in a manner other than that calculated thus far and their entitlement to relief from harm caused by the violations of law, rather than any action taken

by Plaintiff or any Class member. In addition, all issues concerning relief are also common to the Class.

37. The computation of a participant's lump sum distribution and the amount of lump sum distributions is standardized in that the amount of the lump sum distribution for each member of the Class was calculated in the same manner as described above. Thus, there exist common questions of fact as to each member of the Class. Each Class member's rights will be determined by reference to the same Plan documents and the same provisions of ERISA. Thus, there exist common questions of law as to each Class member, *i.e.,* whether the method of calculating of lump sum distributions violated the law.

38. Plaintiff's claims are typical of the claims of Class members, and therefore satisfy the requirements of Fed. R. Civ. P. 23(a)(3). They do not assert any claims relating to the Plan in addition to or different than those of the Class. Plaintiff's claims are typical of the claims of the Class members in that their respective lump sum distributions were calculated in the same fashion as the rest of the Class, and their rights, as well as those of the Class as a whole, are similarly provided for under the plan document and applicable provisions of ERISA.

39. Plaintiff is an adequate representative of the proposed Class, and therefore satisfies the requirements of Fed. R. Civ. P. 23(a)(4). Plaintiff's interests are identical to those of the proposed Class. The Plan has no unique defenses against them that would interfere with their representation of the class. Plaintiff has engaged competent counsel with both ERISA and class action litigation experience.

40. Additionally, all of the requirements of Fed. R. Civ. P. 23(b)(1) are satisfied in

that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for defendants and individual adjudications present a risk of adjudications which, as a practical matter, would be dispositive of the interests of other members who are not parties.

41. All of the requirements of Fed. R. Civ. P. 23(b)(2) also are satisfied in that the Plan's actions affected all Class members in the same manner making appropriate final declaratory and injunctive relief with respect to the Class as a whole.

## Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and that the Court award the following relief:

A. Certification of this action as a class action for all purposes of liability and relief and appointment of undersigned counsel as class counsel pursuant to Fed. R. Civ. P. 23.

B. Judgment for Plaintiff and the Class against Defendants on all claims expressly asserted and/or within the ambit of this Complaint.

C. An order awarding, declaring or otherwise providing Plaintiff and the Class all other such relief to which Plaintiff and the Class are or may be entitled whether or not specified herein.

D. An order awarding pre- and post-judgment interest.

E. An order awarding attorney's fees on the basis of the common fund doctrine (and/or other applicable law, at Plaintiff's election), along with the reimbursement of the expenses incurred in connection with this action.

F.	An order awarding, declaring or otherwise providing Plaintiffs all relief under ERISA § 502(a), 29 U.S.C. § 1132(a), or any other applicable law, that Plaintiff may subsequently specify and/or that the Court may deem appropriate.

Dated:  August 20, 2007            By:

_____
Eli Gottesdiener [EG0111]
Gottesdiener Law Firm, PLLC
498 7th Street
Brooklyn, N.Y. 11215
(718) 788-1500
(718) 788-1650 (facsimile)

*Attorneys for Plaintiff and the proposed Class*