CASTEL/J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/11/07
```

----------------------------------------x
                                        :
JONATHAN X. FLAGG,                      :
                                        :    07 Civ. 7392 (PKC)
                      Plaintiff,        :
                                        :
        - against -                     :
                                        :
SKADDEN, ARPS, SLATE,                   :    STIPULATION AND
MEAGHER & FLOM LLP, et al.,             :    PROTECTIVE ORDER
                                        :
                      Defendant.        :
----------------------------------------x

        WHEREAS the parties to the above-captioned action (the "Litigation") anticipate the

exchange of proprietary, confidential, sensitive and/or private information, data and documents,

whether through formal discovery or otherwise; and

        WHEREAS the parties wish to expedite the flow of discovery material, facilitate the

prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept

confidential, and ensure that protection is afforded only to material so entitled; now therefore

        IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel

to the parties hereto, subject to the approval of the Court pursuant to Fed. R. Civ. P. 26(c), that

the following Stipulation and Order shall govern the handling of all documents, depositions,

deposition exhibits, interrogatory responses, admissions, affidavits and exhibits thereto,

testimony, or other information produced, given, or exchanged by and among the parties and any

non-parties to this Litigation, whether through responses to formal discovery requests or

otherwise (collectively, the "Discovery Material"). It is specifically agreed and acknowledged

that the term Discovery Material shall include information and materials exchanged or provided

prior to the commencement of formal discovery proceedings.

    1.     Any person or entity who produces any Discovery Material, and any person or

entity who generated or has rights in any Discovery Material, shall be referred to herein as a

"Producing Party." Any Producing Party may designate any Discovery Material as

"Confidential" under the terms of this Stipulation and Order if that Producing Party believes in

good faith that the Discovery Material contains or would disclose non-public, confidential,

proprietary, or commercially or personally sensitive information ("Confidential Discovery

Material"), including but not limited to any of the following: financial or business plans or

analyses; budgets, forecasts or projections; proposed strategic transactions or other business

combinations; trade secrets or knowhow; proprietary technical information; studies or analyses

by internal or outside experts; information that the Producing Party is contractually or legally

obligated to keep confidential; non-public information regarding fee arrangements with financial

advisors; financial or tax data; customer lists or customer information; competitive analyses;

personnel; product development or planning; financial results or data; personal financial

information; business and marketing plans or strategies; costs of goods or services; acquisition

offers or expressions or interest; contracts or agreements with customers; or any other

commercially or personally sensitive or proprietary information.

    2.     All Discovery Material, and all information contained therein, shall be used only

for the purpose of conducting this Litigation, including any appellate proceedings, and not for

any other purpose whatsoever. No person receiving or having access to any Discovery Material,

shall reveal such Discovery Material, or discuss such Discovery Material, or the information

2

contained therein, with anyone not entitled to receive such Discovery Material under the terms of this Stipulation and Order.

    3.     Discovery Material shall be designated as "Confidential" as follows:

    (a)     In the case of documents or other materials (apart from depositions or other pretrial testimony), designation shall be made (i) by placing the legend "Confidential" on each page containing any Confidential Discovery Material, except that in the case of multi-page documents bound together by staple or other permanent binding, the word "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential Discovery Material; provided that the failure to designate a document as "Confidential" does not constitute a waiver of such a claim, and a Producing Party may so designate a document after the document has been produced, with the effect that the document is subject to the protections of this Stipulation and Order only from such time and thereafter;

    (b)     In the case of depositions or other testimony, designation of the portion of the transcript (including exhibits) which contains "Confidential" information shall be made (i) by a statement on the record, by counsel for the Producing Party, at the time of the disclosure; or (ii) by written notice sent by counsel for the Producing Party to all parties within ten (10) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate legend of confidentiality be placed on the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. The parties may

3

modify this procedure for any particular deposition, through agreement on the record at the deposition, without further order of the Court.

4.    Discovery Material which has been designated as "Confidential," or information derived therefrom, may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a)    In-house and outside counsel for the parties in this Litigation, and regular and temporary employees of such counsel necessary to assist in the conduct of the Litigation;

(b)    Experts or consultants necessary to assist counsel for parties that have appeared in this Litigation;

(c)    Witnesses or deponents (other than witnesses and deponents covered by (d) below, and their counsel, during the course of or, to the extent necessary, in preparation for depositions or testimony in this Litigation;

(d)    The parties and the officers, directors and employees of the parties, or any subsidiary or affiliate thereof, who are assisting the parties in this litigation, or who appear as witnesses or deponents, and any professional employee of any person providing professional advice to any of the parties;

(e)    The Court, pursuant to paragraphs 7 through 8 of this Stipulation and Order;

(f)    Court reporters employed in connection with this litigation; and

4

(g)     Any other person only upon order of the Court or upon stipulation of the party that produced the Confidential Discovery Material.

Nothing herein shall preclude a party from exhibiting, during deposition and/or hearing or trial proceedings, any Confidential Discovery Material to: (1) any director, officer, or executive employee of the Producing Party;  (2) any professional employee of any person providing professional advice to (a) the Producing Party or (b) any corporation, or person to whom the Producing Party previously provided the Confidential Discovery Material at issue; or (3) any author or recipient of the Confidential Discovery Material at issue.

5.     Every person given access to Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms thereof.

(a)     Notwithstanding anything contained in the foregoing paragraph 4, Confidential Discovery Material may be provided to persons listed in Paragraph 4(b) above only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of this Litigation, provided that such expert or consultant is using said Confidential Discovery Material solely in connection with this Litigation, and further provided that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Stipulation and Order, and agreeing not to disclose or use any Confidential Discovery material for

5

purposes other than those permitted hereunder.  Such undertakings shall be retained in the files of the counsel for the parties who have engaged such consultant or expert.

(b)    All persons listed in Paragraph 4(c) above, who are given access to Confidential Discovery Material or information contained therein, shall be required to confirm their understanding and agreement to abide by the terms of this Stipulation and Order by signing a copy of Exhibit A hereto.

6.    All documents of any nature, including transcripts, briefs and/or appendices of exhibits, which contain Discovery Material which has been designated as "Confidential" or information derived therefrom, which are filed with the Court shall be filed with the Court under seal.

7.    Documents which contain information which has been designated "Confidential" which are authorized by this Court to be filed under seal shall be filed in sealed envelopes marked with the title of the Litigation and bearing a statement substantially in the following form:

CONFIDENTIAL

FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER DATED _____, 2007, GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION.

THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.

All such materials so filed shall be released from confidential treatment by the Clerk only upon further order of the Court.

6

8.    Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

(a)    operate as an admission by any party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

(b)    operate as an admission by any party that any Discovery Material is not confidential;

(c)    shift the burden of establishing Confidentiality from the Producing Party;

(d)    operate as an admission by any party that any Discovery Material is, or is not, admissible as evidence at the trial of this Litigation;

(e)    prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(f)    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

7

(g)    prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

(h)    prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

(i)    prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

9.    This Stipulation and Order has no effect upon, and shall not apply to, the parties' use of their own "Confidential" Discovery Material for any purpose. Nothing herein (i) shall prevent a party from disclosing Confidential Information to officers, directors or employees of a Producing Party; (ii) shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential obtained lawfully by such party independently of this Litigation.

10.    If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party(ies), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has

8

been made, and the receiving party shall not use such information for any purpose other than in connection with a motion to compel. The party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering such an Order the fact or circumstance of the inadvertent production.

11.    Subject to paragraph 10 hereof, in the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

12.    It is the present intention of the parties that the provisions of this Stipulation and Order shall govern discovery in this Litigation. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Stipulation and Order, or relief therefrom, by application to the Court on notice to the other parties hereto.

13.    The parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order, or an alternative thereto which is satisfactory to all parties, by the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Stipulation and Order had been entered by the Court.

14.    The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom. Within 20 days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, including the exhaustion of all permissible appeals all persons having received Confidential Discovery

9

Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential Discovery Material and certify that fact to counsel for the Producing Party. Outside counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including discovery material containing Confidential Discovery Material) provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the party that produced the Confidential Discovery Material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

15.     During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. The burden of production and proof to establish that the Discovery Material or testimony should be treated as Confidential Discovery Material in accordance with this Stipulation and Protective Order shall at all times be on the party who designated the material as Confidential. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order.

16.     In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, subject to the applicable Court rules, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Counsel shall confer on such procedures as are necessary to protect the

10

confidentiality of any documents, information and transcripts used in the course of any court proceedings.

17.    If any person receiving documents covered by this Order (the "Receiving Party") (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking Discovery Material which was produced or designated as "Confidential" by someone other than the Receiving Party, the Receiving Party shall give actual written notice, by hand or facsimile transmission within five business days of receipt of such subpoena, demand or legal process, to those who produced or designated the material "Confidential." The Receiving Party shall not produce any of the Producing Party's "Confidential" Discovery Material, unless otherwise Court-ordered, for a period of at least five days after providing the required notice to the Producing Party. If, within five days of receiving such notice, the Producing Party gives notice to the subpoenaed party that the Producing Party opposes production of its "Confidential" Discovery Material, the Receiving Party shall not thereafter produce such Discovery Material except pursuant to a court order requiring compliance with the subpoena, demand or other legal process. The Producing Party shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Order, or to subject himself or itself to any

11

ADDENDUM TO ORDER
REGARDING SEALING
Flagg v. Skadden, et al.
07 Civ. 7392 (PKC)

Notwithstanding any other provision, no document may be filed with the

Clerk under seal without a further Order of this Court. Any application to seal shall be

accompanied by an affidavit and memorandum of law, demonstrating that the standards

for sealing have been met and specifically addressing United States v. Amodeo, 44 F.3d

141, 145 (2d Cir. 1995)( "Amodeo I ") and Lugosch v. Pyramid Co. of Onondaga, 435

F.3d 110, 119-120 (2d Cir. 2006).   Without any further application to the Court,  the

following may be redacted from any letter, memorandum, exhibit, deposition testimony

or other document to be filed with the Clerk:  social security numbers, taxpayer-

identification numbers, financial account numbers, and names of minor children

(replaced by initials); where a redaction has been made, the fact of the redaction shall be

noted on the page where it has occurred.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
October 11, 2007

penalties for non-compliance with any legal process or order, or to seek any relief from this

Court.

Dated: New York, New York
     October __9__, 2007

Eli Gottesdiener
GOTTESDIENER LAW FIRM, PLLC
498 Seventh Street
Brooklyn, New York 11215
Telephone: (718) 788-1500

*Attorneys for Plaintiff*
   *Jonathan X. Flagg and*
   *the Proposed Class*

Samuel Kadet
Henry P. Wasserstein
James W. Brown
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
*Attorneys for Defendants*
   *Skadden, Arps, Slate, Meagher & Flom LLP*
   *and Affiliates, and Skadden, Arps, Slate,*
   *Meagher & Flom LLP Pension Plan*

*A DDENDUM IS INCORPORATED*
*AS AN INTEGRAL PART OF THIS*
*ORDER.*

The foregoing is SO ORDERED this __11th__ day of __October__, 2007.

HON. P. KEVIN CASTEL,
UNITED STATES DISTRICT JUDGE

12

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
_____   x
                                 :
JONATHAN X. FLAGG,               :
                                 :   07 Civ. 7392 (PKC)
                Plaintiff,       :
                                 :
     - against -                 :
                                 :
SKADDEN, ARPS, SLATE,            :   ACKNOWLEDGMENT
MEAGHER & FLOM LLP, et al.,      :   OF STIPULATION AND
                                 :   PROTECTIVE ORDER
                Defendant.       :
_____   x
```

I hereby certify (i) my understanding that Discovery Material and/or Confidential

Discovery Material are being provided to me pursuant to the terms and restrictions of the

Stipulation and Protective Order (the "Order") entered by the United States District Court for the

Southern District of New York (the "Court"), and (ii) that I have read the Order. I understand the

terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction

of the Court for purposes of enforcement of the Order. I understand that violation of the Order is

punishable as a contempt of Court.

Dated:       _____

Signature:   _____

Print Name:  _____

A - 1