```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JONATHAN X. FLAGG and              :
                                   :
JACQUELINE ALVAREZ,                :
                                   :
On behalf of themselves and on     :
behalf of all others similarly situated, :
                                   :  07 Civ. 7392 (PKC)
                  Plaintiffs,      :
                                   :
         - against -               :  CIVIL CASE MANAGEMENT PLAN
                                   :  AND SCHEDULING ORDER
                                   :
SKADDEN, ARPS, SLATE, MEAGHER      :
& FLOM PENSION PLAN,               :
                                   :
                  Defendant.       :
-------------------------------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/07

This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

1.  All parties do not consent to conducting all further proceedings before a Magistrate Judge.

2.  This case is not to be tried to a jury.

3.  Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

4.  Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed not later than 14 days from the date of this Order.

5.  All fact discovery shall be completed no later than February 19, 2008.

6.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

    a. Initial requests for production of documents to be served by November 19, 2008.
    b. Interrogatories to be served by January 10, 2008.
    c. Depositions to be completed by February 15, 2008.
    d. Requests to Admit to be served no later than January 10, 2008.

7.    a.  All expert discovery shall be completed no later than March 4, 2008.

    b.  No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiff(s)' expert report(s) shall be due before those of defendant(s)' expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.    a.  All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements.

    b.  Pursuant to the authority of Rule 16(b)(2), Fed. R. Civ. P., a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the close of fact discovery (see paragraph 5 hereof).

    c.  Plaintiffs shall file their motion for class certification no later than December 15, 2007.

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.  Counsel for the parties have already begun the process of informally exchanging information in aid of an early settlement of this case. Specifically, the parties executed a Stipulation and Protective Order on October 9, 2007, which was So Ordered by the Court on October 11, 2007. Defendant thereafter provided to Plaintiffs the following materials:

- A copy of the plan document for the Skadden, Arps, Slate, Meagher, & Flom LLP Pension Plan (the "Plan");
- A current version of the Summary Plan Description ("SPD") and prior versions back to 1992;
- Sample Distribution Statements;
- 2006 IRS Form 5500;
- A spreadsheet showing amounts of all lump sum distributions back to 1992, dates of payments and recipients' dates of birth (names omitted).

Plaintiffs thereafter provided Defendant with a settlement proposal and the parties are currently working cooperatively to understand each other's damages estimates. Plaintiffs will provide to Defendant, within seven days hereof, the detailed methodology used in calculating his demand, including the basis and content of all calculations.

    b.  Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a

privately retained mediator. The parties are open to any of the above-listed alternate dispute resolution mechanisms which the Court deems appropriate.

    c. The parties are open to pursuing an alternative dispute resolution mechanism at the present time.

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.     The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine (for which the premotion conference requirement is waived) shall be filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12.     Counsel for the parties have conferred and their present best estimate of the length of trial is: two days. *Refer to Judge Pitman for Settlmt.*

**TO BE COMPLETED BY THE COURT:**

13.     [Other directions to the parties]      *February 29, 2008 at 2 pm*

14.     The (next Case Management) (Final Pretrial Conference) is scheduled for ___.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

                                              P. Kevin Castel
                                              United States District Judge

Dated: New York, New York
            10-19-07