### SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

—

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
(212) 735-3550
DIRECT FAX
(917) 777-3550
EMAIL ADDRESS
HWASSERS@SKADDEN

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/07

# MEMO ENDORSED

November 5, 2007

BY HAND

Hon. P. Kevin Castel,
  United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007



RECEIVED
NOV 06 2007
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

Re: *Jonathan X. Flagg and Jacqueline Alvarez v.*
    *Skadden, Arps, Slate, Meagher & Flom LLP*
    *Pension Plan*, 07 Civ. 7392 (PKC) (HBP)

Dear Judge Castel:

We represent Skadden, Arps, Slate, Meagher & Flom LLP Pension Plan (the "Plan"), Defendant in the above-captioned action. We write, pursuant to Section 2.A.1. of Your Honor's Individual Practices, respectfully requesting a pre-motion conference or permission to file a partial motion to dismiss the First Amended Complaint. Defendant's time within which to move currently expires Friday, November 9.

### *Basis for the Motion to Dismiss*

Plaintiff Flagg instituted this ERISA action on behalf of a putative class of all persons who received a lump sum distribution from the Plan at any time *within the past fifteen years*, alleging that those payments were incorrectly calculated because the Plan did not utilize the correct "whipsaw" calculation. After receiving the initial Complaint, Defendant conferred with Flagg in an effort to resolve these matters extrajudicially. In the course of those communications, Defendant pointed out to Plaintiff that, even before turning to his individual claims or the manner of calculating lump sum benefits, the proposed class claims were fatally overbroad in that: (i) the majority of those claims were time-barred, as they accrued more than six years before the action was instituted on August 20, 2007; and (ii) Plaintiff Flagg would be an

Hon. P. Kevin Castel, U.S.D.J.
November 5, 2007
Page 2

inadequate representative to even try to argue for the vitality of those stale claims, as his personal claim accrued in 2004 and therefore was not time-barred.

Rather than narrowing his claims, Flagg instead served on October 18 – *the night before the initial case management conference where Defendant had promised to expose to the Court these fatal flaws* – the First Amended Complaint. That amended pleading revealed that a second Plaintiff, Alvarez, had been recruited. Alvarez's claims accrued in 1998 when she received a lump sum distribution from the Plan,[1] and therefore would at least have standing to argue the statute of limitations. Although she clearly has the standing that Flagg lacked to make the argument, it is equally clear that Alvarez's claims are time barred, as this action was commenced almost ten years after her claims, which are subject to a six years statute of limitations,[2] accrued.

To try to cloud Defendant's clear statute of limitations defense, Plaintiffs also added new allegations that there was some sort of ongoing omission which might toll the running of the statute. But the allegations of an ongoing omission are based solely upon a gross misstatement of the very Plan documents on which Plaintiffs' claims are based. When Plaintiffs' allegations are compared to the plain language of those documents – which documents the Court may reach on a motion to dismiss because they are cited and quoted in the Complaint and also publicly filed – it is clear that there was no ongoing omission.

Therefore, all of Alvarez's claims, and so much of Flagg's claims as are based upon the theory of an ongoing omission, should be dismissed. And once those defective claims are dismissed, the remaining case becomes far more capable of efficient adjudication or negotiated resolution.

---

[1] *E.g., Laurenzano v. Blue Cross and Blue Shield of Massachusetts*, 134 F. Supp.2d 189, 210 (D. Mass. 2001) ( The lump sum distribution represents the actual injury to each class member and marks the time after which delay in seeking redress would be unreasonable. ); *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 521 (3d Cir. 2007) (claim that a benefit was incorrectly calculated accrues upon receipt of the payment).

[2] An employee benefits plan governed by ERISA qualifies as a contract for purposes of the statute of limitations. *E.g., Barnett v. International Bus. Machs. Corp.*, 885 F. Supp. 581, 590 (S.D.N.Y. 1995). Because the Plan is governed by New York law, the 6-year statute of limitations for contracts under CPLR 213 applies. *E.g., Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 134 (2d Cir. 2001).

Hon. P. Kevin Castel, U.S.D.J.
November 5, 2007
Page 3

### *Developments Since the Initial Case Management Conference*

When the parties appeared before the Court on October 19, Defendant had already voluntarily provided to Plaintiff Flagg a great deal of documents and other data relevant to the dispute. Flagg had made a settlement demand which Defendants believed, quite frankly, was grossly overstated.

Since that time, the parties have exchanged required initial disclosures pursuant to Rule 26(a)(1) and had further communications regarding settlement. The parties have written to Judge Pitman seeking a conference in order to further settlement negotiations, as directed by Your Honor on October 19, and are waiting to hear back from Judge Pitman's Chambers.

\*   \*   \*

Defendant respectfully submits that the proposed motion to dismiss will crystalize the issues sought to be clouded by Plaintiffs' First Amended Complaint, and therefore allow settlement discussions – whether solely between the parties or with the guidance of Judge Pitman – to be more fruitful.

Respectfully submitted,

Henry P. Wasserstein

cc: Eli Gottesdiener, Esq.
(via telecopier)

*[Handwritten annotation:]* Date for class motion vacated. As a result of conference, Motion to be filed on November 19. Answering papers due December 10. Reply due January 4, 2008. SO ORDERED.

*/s/ [Judge signature]*
USDJ
11-16-07