# PENSION PLAN

## SUMMARY PLAN DESCRIPTION

SKADDEN
ARPS
SLATE
MEAGHER &
FLOM LLP

SASMF 00679

# TABLE OF CONTENTS

| | Page |
|---|---|
| Introduction | 1 |
| Definitions | 2 |
| Background | 4 |
| Eligibility and Participation | 5 |
| Vesting | 6 |
| Reinstatement of Benefits after Reemployment | 6 |
| Benefit Formula | 8 |
| Service Credits | 8 |
| Interest Credits | 8 |
| Grandfathered Benefit | 10 |
| Lump Sum Grandfathered Amount | 10 |
| Retirement Eligibility | 12 |
| Normal Retirement | 12 |
| Early Retirement | 12 |
| Deferred Retirement | 12 |
| Payment of Benefits | 13 |
| Normal Form of Benefit Payments | 13 |
| Eligibility for Optional Forms of Benefit Payments | 13 |
| Optional Forms of Benefit Payments | 13 |
| Standard Notice/Waiver of Standard Notice | 15 |
| Lump Sum Distributions | 15 |
| Disability | 15 |
| Suspension of Benefits | 16 |
| Naming a Beneficiary | 17 |
| Death Benefits | 18 |
| In the Event of Your Death After Retirement | 18 |
| Legal and Administrative Overview | 19 |
| Plan Administrator | 19 |
| Cost of Administering the Plan | 19 |
| Funding | 19 |
| Investment of Funds | 19 |
| Non-assignment of Benefits | 20 |
| Plan Continuance | 20 |
| Federal Pension Insurance | 20 |
| Employer Identification Number | 21 |
| Agent for Service of Legal Process | 21 |
| Appealing a Claim | 21 |
| Your Rights under ERISA | 23 |
| Required Legal Information | 25 |

# INTRODUCTION

This summary plan description ("SPD") summarizes your rights under the Skadden, Arps, Slate, Meagher & Flom Pension Plan (the "Plan") and is meant to help you understand how the Plan operates. Please read it carefully and keep it for future reference. However, it is the Plan document itself which determines your rights and the rights of your beneficiaries under the Plan. If there is any conflict between this SPD and the Plan document, the Plan document will control.

# DEFINITIONS

Various terms used throughout this Summary Plan Description are as follows:

**1. The Firm** - Skadden, Arps, Slate, Meagher & Flom LLP and its affiliates.

**2. Hours of Service** - You will be credited with an Hour of Service for each hour you are paid or entitled to payment by the Firm. This includes certain periods such as vacation, holiday and illness even though you performed no duties. The number of Hours of Service credited to you during a Plan Year will be determined by records maintained by the Firm.

**3. Break in Service** - Break in Service is a concept which is used under the Plan (i) for determining your eligibility for continued participation in the Plan, (ii) for determining your vested interest in your accrued benefit and (iii) for determining the reinstatement of any previously forfeited amounts upon reemployment. Service prior to a Break in Service may be disregarded in certain circumstances. (See "Reinstatement of Benefits after Reemployment" on page 6).

For participation purposes, you will incur a Break in Service in a Plan Year in which you do not complete at least 501 Hours of Service with the Firm and you cease to be an employee of the Firm.

For purposes of determining your vested interest in your accrued benefit, a Break in Service is a period of at least five (5) consecutive Plan Years during each of which you did not complete at least 501 Hours of Service with the Firm.

**4. Plan Year** - A 12-month period beginning on January 1 and ending on December 31.

**5. Years of Service** - You will be credited with one (1) Year of Service for each Plan Year during which you complete at least 1,000 Hours of Service with the Firm and are at least 18 years of age. Years of Service are calculated from your date of hire.

2

6. **Compensation** - Compensation for any Plan Year is an amount equal to your total cash Compensation which includes your base salary, overtime pay and bonuses but excludes any Firm contribution made with respect to a participant to any welfare, benefit or insurance plan maintained by the Firm ("CHOICE Dollars"). The law imposes limits on the amount of Compensation that may be taken into account for Plan purposes. These limits are adjusted annually for increases in the cost of living. In 1997, the maximum limit of Compensation was $160,000. The maximum Compensation limit for 1998 also is $160,000.

3

# BACKGROUND

The Plan is a defined benefit plan which is a "cash balance plan". For all active participants, a bookkeeping account is established with a beginning value of $0. For each Year of Service you complete, your account grows with Interest Credits and Service Credits, as described on page 8.

The Plan has been designed to meet your specific needs:

- It's an important source of income for your financial security at retirement.
- It's easy to understand, operating like a bank account with your benefit expressed in dollars and cents.
- It provides a meaningful benefit to employees of all ages.
- It's portable so that if you leave the Firm with at least five (5) Years of Service, you have the option of taking your benefit with you as a lump sum.

4

SASMF 00682

# ELIGIBILITY AND PARTICIPATION

You become a participant on the first "entry date" (January 1 or July 1 of each year) after you attain the age of 21 and complete at least 1,000 Hours of Service with the Firm during the 12 month period beginning on your date of hire (see example 1, below). If you meet the service but not the age requirement, you will become a participant as of the January 1 or July 1 entry date immediately following your 21st birthday, provided you are an employee of the Firm on that date. If you meet the age but not the service requirement in your first year of employment, you will become a participant on the January 1 after you complete 1,000 Hours of Service in a Plan Year (see example 2, below).

**Example 1:** Employee A was employed by the Firm on June 1, 1996 at the age of 25. Between June 1, 1996 and May 31, 1997, Employee A completed 1,500 Hours of Service. Inasmuch as Employee A completed at least 1,000 Hours of Service during the 12 month period starting on his employment commencement date, he became a participant on July 1, 1997.

**Example 2:** Employee B was employed by the Firm on August 10, 1996 at the age of 21. Between August 10, 1996 and August 9, 1997, Employee B completed 800 Hours of Service. However, during the Plan Year of 1997 (January 1, 1997 to December 31, 1997) she completed 1,000 Hours of Service. Thus, B became a participant on January 1, 1998.

You are an "excluded employee," and therefore not eligible to participate in the Plan, if you are (i) a non-resident alien with no United States source of income, (ii) a leased employee, or (iii) a legal employee who performs legal services as his or her regular assignment but is not assigned to the managing clerk department, legal assistants department, the library or any other administrative department of the Firm, unless specifically designated as a participant under this Plan by the Firm. A leased employee is a person who is not an employee of the Firm but who, nevertheless, provides services to the Firm which would normally be performed by employees of the Firm.

# VESTING

Vesting is your right to keep the retirement benefits you have earned even if you terminate employment before retirement. You become vested in your retirement benefits according to the following schedule:

| Years of Service | Vested Percentage |
|---|---|
| Fewer than 5 | 0% |
| 5 or more | 100% |

You also become fully vested (100%) in your retirement benefits if, while actively employed, you:

- reach age 65; or
- become totally and permanently disabled; or
- die

## Reinstatement of Benefits after Reemployment

If you terminate employment with the Firm prior to any of the above-mentioned events, you will not be entitled to any benefits under the Plan and will forfeit any benefits earned to that point. However, if you subsequently are reemployed before incurring five (5) consecutive Breaks in Service, any previously forfeited amounts will be reinstated and your Years of Service prior to your reemployment date. In addition, your Years of Service prior to your Break in Service shall be reinstated once you complete a Year of Service after your reemployment.

If you terminate employment with the Firm prior to being vested and subsequently are reemployed after incurring five (5) or more consecutive Breaks in Service, any previously forfeited amounts will not be reinstated and your Years of Service prior to your Break in Service shall be disregarded in determining your future benefit.

If you are 100% vested when you incur a Break in Service and are reemployed by the Firm, all Years of Service and accumulated benefits not yet paid to you prior to such break will not be forfeited.

**Example 3:** Employee C left the Firm on January 10, 1992 after completing four (4) Years of Service. Employee C, having forfeited his benefit upon termination of employment in 1992, returns to work on January 16, 1998. Employee C, having worked fewer than 501 hours during each year from 1992 through 1997, incurred six (6) consecutive Breaks in Service. Since Employee C was 0% vested when his termination of employment occurred, and subsequently incurred at least five (5) consecutive Breaks in Service, upon his reemployment on January 16, 1998, all prior Years of Service and previously forfeited benefits are not reinstated. Vesting and benefits earned are both equal to zero (0) upon his rehire in 1998.

**Example 4:** Employee D left the Firm on January 10, 1992 after having completed five (5) Years of Service and did not request a distribution from the Plan. Employee D returns to work on January 16, 1998. Employee D, having worked fewer than 501 hours during each year from 1992 through 1997, incurred six (6) consecutive Breaks in Service. Since Employee D was 100% vested when her termination of employment occurred, all Years of Service earned prior to the initial Break in Service are reinstated even though six (6) consecutive Breaks in Service had occurred. In addition, there is no loss of any benefit amounts previously earned and not distributed.

**Example 5:** Employee E left the Firm on January 10, 1992 after having completed three (3) Years of Service. Employee E, having forfeited his benefit upon termination of employment in 1992, returned to work on January 16, 1996. Employee E, having worked fewer than 501 hours during each year from 1992 through 1995, incurred four (4) consecutive Breaks in Service. Since Employee E did not incur five (5) or more consecutive Breaks in Service, any previously forfeited benefit amounts were reinstated upon his rehire in 1996 and his three (3) Years of Service were also reinstated, after he completed a Year of Service after his reemployment.

7

## BENEFIT FORMULA

When you become a participant, a bookkeeping account ("basic account") is set up for you with a beginning value of $0. For each future year you work and complete 1,000 Hours of Service, your basic account will be credited with a dollar amount (a "service credit") determined by your Years of Service as of December 31 of each year. If you retire or terminate prior to December 31 of any year but after completing at least 1,000 Hours of Service in that year, a "service credit" will be applied as of your date of separation, based on your Years of Service and Compensation as of that date.

The following table shows the percentage of Compensation that will be your "service credit" based on your Years of Service:

| Years of Service | Percentage of Compensation |
| --- | --- |
| Fewer than 5 | 3% |
| 5 to 9 | 4% |
| 10 to 14 | 5% |
| 15 or more | 6% |

If you become a participant on July 1 of any Plan Year, your annual "service credit" for that Plan Year is based on your Compensation from July 1 through December 31 provided you work at least 1,000 hours during the Plan Year.

### Interest Credits

In addition to the Firm's annual "service credits," your account will be credited with interest each December 31 (an "interest credit"). The applicable interest rate will be determined and announced at the beginning of each Plan Year. The "interest credit" rate for the 1997 Plan Year is 8%.

A pro-rata "interest credit" is applied in the year you commence receipt of your benefit. The rate is equal to the annual rate divided by 12 and multiplied by the number of complete months during the year and prior to the date your benefit payments begin.

---

1   The interest credit rate for a given Plan Year is equal to the average interest rate of one-year Treasury Constant Maturities as published in the *Federal Reserve Statistical Release H.15(519)* of the Board of Governors of the Federal Reserve System, measured on October 1, November 1 and December 1 of the year immediately preceding the Plan Year, plus one (1) percentage point. The average interest rate shall be calculated and rounded to the nearest 1/100th of a percentage point. This rate will not be more than 12%, nor less than a rate calculated according to a formula as specified in the Plan.

8

**Example 6:** As of December 31, 1997, Employee F is 30 years old, has five (5) Years of Service and his Compensation (base pay plus bonus and overtime) for 1997 is $25,000. Since the "interest credit" rate in 1997 is 8%, his benefit would be calculated as follows:

| | | |
|---|---|---|
| January 1, 1997 account balance: | $ | 1,750 |
| Annual "interest credit" for 1997 on the January 1, 1997 balance: ($1,750 x 8%) | + | 140 |
| Annual "service credit" for 1997 made at end of year: ($25,000 x 4%) | + | 1,000 |
| December 31, 1997 year end account balance: | $ | 2,890 |

Assuming his Compensation increases to $26,500 for 1998 and the "interest credit" is the same, here's what will happen in the following year:

| | | |
|---|---|---|
| January 1, 1998 account balance: | $ | 2,890 |
| Annual "interest credit" for 1998 on the opening balance: ($2,890 x 8%) | + | 231 |
| Annual "service credit" for 1998 made at end of year: ($26,500 x 4%) | + | 1,060 |
| December 31, 1998, year end account balance: | $ | 4,818 |

9

### Grandfathered Benefit

If you were an active employee who was at least 45 years old (born before 1947) and had completed at least five (5) Years of Service by December 31, 1991, you are a "grandfathered" participant. A "grandfathered" participant's pension benefit will be the larger of: A) your benefit calculated under the prior plan's[1] formula, or B) the benefit derived from your account balance produced by the formula on pages 8. (See lines (b), (c), (f) and (g) of Example 7 below. All active participants on December 31, 1991 (including those not grandfathered) will never receive less than the benefit they had accrued under the prior formula as of that date.

### Example 7:

### Lump Sum Grandfathered Amount

Employee G is a participant who was 58 years old on December 31, 1991, had completed ten (10) Years of Service as of that date. Let's assume she earned $35,000 each year from 1992 through 1997. When she retires from the Firm at age 65 in 1997, her benefit will be calculated and compared as follows:

Benefits under restated plan:

(a) January 1, 1992 opening balance under restated plan: $36,425[2]

| | |
|---|---|
| Interest credit for 1992 ($36,425 x 8%): | 2,914 |
| Service credit for 1992 ($35,000 x 5%): | 1,750 |
| December 31, 1992 year end total account balance: | $41,089 |
| Interest credit for 1993 ($41,089 x 8%): | 3,287 |
| Service credit for 1993 ($35,000 x 5%): | 1,750 |
| December 31, 1993 year end total account balance: | $46,126 |

---

[1] The "prior plan" (as in effect on December 31, 1991) was a defined benefit plan pursuant to which, for each Year of Service as a participant in the plan, a participant earned an annual accrual equal to 2% of his or her Compensation. A participant's annual pension, payable at age 65, was the sum of these annual accruals. The prior plan was amended and restated effective as of January 1, 1992.

[2] Under the restated plan, your opening account balance as of January 1, 1992 was established by converting the sum of your annual accruals to a present value dollar amount.

10

| | | |
|---|---|---|
| Interest credit for 1994 ($46,126 x 8%): | | 3,690 |
| Service credit for 1994 ($35,000 x 5%): | | 1,750 |
| December 31, 1994 year end total account balance: | | $51,566 |
| Interest credit for 1995 ($51,566 x 8%): | | 4,125 |
| Service credit for 1995 ($35,000 x 5%): | | 1,750 |
| December 31, 1995 year end total account balance: | | $57,441 |
| Interest credit for 1996 ($57,441 x 8%): | | 4,595 |
| Service credit for 1996 ($35,000 x 6%): | | 2,100 |
| December 31, 1996 year end total account balance: | | $64,136 |
| Interest credit for 1997 ($63,786 x 8%): | | 5,103 |
| Service credit for 1997 ($35,000 x 6%): | | 2,100 |
| December 31, 1997 year end total account balance: | | $71,336 |

(c) Conversion of total account balance to an annual pension benefit at age 65:  $ 7,346

Benefits under prior plan: (grandfathered amount)

(d) Accrued benefit as of December 31, 1991:  $ 4,800
(e) Additional accruals for 1992 through 1997: ($35,000 x 2%) x 6 years  $ 4,200
(f) Accrued benefit as of December 31, 1997:  $ 9,000
(g) Lump sum equivalent of (f) above:  $92,016

Employee G will receive an annual pension equal to the larger of (c) or (f) when she retires at age 65. In this case, since the "grandfathered" amount (f) is larger, she would receive an annual pension of $9,000. Instead of an annual pension, she could elect a lump sum payment equal to the larger of (b) or (g). In this case, since (g) is larger, she would receive $92,016. The lump sum payment in (g) is calculated using interest rates at the time payment is made.

11

## RETIREMENT ELIGIBILITY

### Normal Retirement

Your normal retirement date is the first day of the month on or after your 65th birthday. If you retire on your normal retirement date, you may elect to receive your retirement pension payments in any of the optional forms described on pages 13-14 provided that you have obtained the proper spousal consent, if applicable.

You generally will begin to receive your retirement benefits on the first day of the month following your retirement date, provided your election form is filed at least thirty (30) days prior to your benefit commencement date as described under the Standard Notice/Waiver of Standard Notice Requirements on page 15.

### Early Retirement

If you have attained age 55 and have completed at least ten (10) Years of Service with the Firm, you may retire on the first day of any month before your normal retirement date. This is referred to as your early retirement date. If you elect to retire on or after your early retirement date, you may elect to receive your retirement pension payments in any of the optional forms described on pages 13-14 provided that you have obtained the proper spousal consent, if applicable.

If you elect early retirement, you generally will begin to receive your retirement benefits on the first day of the month following your retirement pension commencement date as described under the Standard Notice/Waiver of Standard Notice Requirements on page 15. You also may elect, prior to the date payments would otherwise commence, to defer payment of your retirement pension until the first day of any month thereafter, but no later than April 1 of the year following the year you attain age 70 ½.

### Deferred Retirement

Although the Plan provides that age 65 is your normal retirement date, you may continue to work beyond that age. In this case, you are on a deferred retirement. Your retirement pension will not be paid to you while you are on a deferred retirement except that once you attain the age of 70 ½ you will be given the option of (i) commencing to receive distribution of your retirement pension by the April 1 of the calendar year following your attainment of age 70 ½; or (ii) deferring receipt of your retirement pension until your actual retirement from the Firm. The Employee Benefits Department will notify you after your attainment of age 70 ½ advising you of your benefit payment options. You will accrue additional "service credits" and "interest credits" during your Years of Service with the Firm after your normal retirement date. Therefore, the amount of your retirement pension will be calculated as of the date you actually retire.

12

# PAYMENT OF BENEFITS

## Normal Form of Benefit Payments

The normal form of benefit payment you receive depends upon your marital status at the time your benefit payment begins. If you are not married, your pension benefit normally is paid to you in equal monthly installments for your lifetime only. If you are married, your pension benefit normally is paid to you in the form of a 50% qualified joint and survivor annuity. The 50% qualified joint and survivor annuity means that you will receive a monthly retirement pension for the rest of your life. When you die, your spouse, if then living, will receive a monthly pension benefit for the balance of his or her life in an amount equal to 50% of the amount you received.

During the 60-day period ending one (1) month prior to your benefit commencement date, you may elect not to receive your retirement pension in the form of a 50% qualified joint and survivor annuity, subject to your spouse's notarized consent to waive this form of benefit. This election may be changed at any time prior to the date your benefit commences as described under the Standard Notice/Waiver of Standard Notice Requirements on page 15.

At retirement, if your account balance is less than $3,500, you will receive your account balance as a lump sum and neither you nor your spouse, if applicable, will be entitled to any further benefit payments from this Plan.

## Eligibility for Optional Forms of Benefit Payments

Instead of receiving your pension benefit under the normal forms of payment described above, you may be eligible to elect an optional form of payment. Eligibility to elect these optional forms of payment depends on your age and your Years of Service at the time your benefit payment(s) begins.

If you are at least 65 years of age, or you are at least 55 years of age and have ten (10) or more Years of Service on your benefit commencement date (that is, you are eligible for Normal or Early Retirement), you may elect one (1) of the following payment options. Remember, if you are married, your spouse's notarized consent is required for any payment option other than the 50% qualified joint and survivor option.

## Optional Forms of Benefit Payments

1. A *lump sum* payment is a one-time distribution equal to the value of your account balance on your benefit commencement date. Once this distribution is made, no further distributions are payable.

13

2. A *level annuity* is a retirement pension paid to you for life. The dollar amount of such annuity is determined by dividing your account by an actuarial factor provided by the Firm's actuary.

3. A *period certain* option is a reduced retirement pension to be paid to you for your life. These payments are guaranteed for at least 5, 10 or 15 years, as you choose. Upon your death after your pension payment begins, but before the expiration of the chosen period, the pension will be continued to your beneficiary during the remainder of the period you elected. If you elect this form of benefit payment, your account will be converted to a level annuity in the manner stated in 2 above and then converted to a period certain using certain actuarial factors.

4. A *joint annuity* option is a reduced retirement pension that will be paid to you for your life. Upon your death, either 50%, 75% or 100% (depending on your election) of the amount of your monthly payments will continue to be paid to your beneficiary for his or her life. If you elect this form of benefit payment, your account will be converted to a level annuity payment and then reduced by applying certain actuarial factors.

Please note: If your beneficiary is not your spouse, these factors will be reduced for each year that the beneficiary's age is more than five (5) years younger than your age.

5. An *increasing annuity* option is a reduced retirement pension that will be paid to you for your life. In Plan Years subsequent to the year in which your monthly pension benefit commences, your benefit amount will increase by 1/12th of the interest rate used by the Pension Benefit Guaranty Corporation for valuing immediate annuities, multiplied by the number of monthly payments made in the preceding Plan Year. If you elect this form of benefit payment option, your account will be divided by a factor based on your age as stated in the Appendix to the Plan.

If you are not eligible for Normal or Early Retirement, instead of receiving your pension in the normal form of payment, your alternative option is to elect to receive your pension benefit as a lump sum payment. A lump sum payment is a one-time payment equal to the vested portion of your account balance. Whether you elect your benefit in the normal form of monthly installments or a lump sum payment, if you are not eligible for Normal or Early Retirement your benefit payment(s) will commence on or about the first day of the fourth month following your termination of employment.

14

### Standard Notice / Waiver of Standard Notice

In order to begin receiving benefits, you are required to receive certain information about the optional forms of benefit payments available to you and about the qualified joint and survivor benefit at least 30 days before, but no more than 90 days before, the date as of which your benefit will be paid (your "Benefit Commencement Date"). You also are required to return your elections (along with any required spousal consent) before your Benefit Commencement Date. These requirements were established to comply with federal regulations governing pension plans. However, those regulations allow these requirements to be waived in certain circumstances. If you are married, you have the right to consider for at least 30 days after the Notice Date (the date you receive the notice) whether to receive your benefit as a joint and survivor annuity (with your spouse designated survivor annuitant), or whether to elect a different optional form of benefit payment. You also have the right to consider for at least 30 days after the Notice Date, when to elect to receive your benefit. You have the right to revoke your election at any time before the Benefit Commencement Date.

You may waive your rights to wait the 30-day period described above. If you waive this waiting period, and if the 30-day period described above ends after the Benefit Commencement Date you elect, you will receive benefits retroactive to the Benefit Commencement Date. However, these retroactive payments may not actually be paid before 8 days after the Notice Date described above, if this 8 day period ends after the Benefit Commencement Date. You have the right to revoke your election at any time before the Benefit Commencement Date, or until 8 days after the Benefit Commencement Date if later.

### Lump Sum Distributions

If you elect to receive your benefit payment in the form of a lump sum, you may request that all or a portion of the lump sum be transferred directly into an individual retirement account (IRA) of your choosing or into another employer's tax-qualified plan. The relevant information regarding the tax consequences of receiving benefits under the Plan or having your benefits transferred to an IRA or another tax-qualified plan will be provided to you on or about the time you are entitled to a distribution.

### Disability

The Plan does not provide disability benefits. However, if, in accordance with the provisions of the Plan, you have been determined to be disabled, you may become 100% vested in your account balance. This means that you may elect to begin receiving your pension benefit at that time or defer such payments to a later date (but not beyond age 65). The various payment options available are described in the section on Payment of Benefits (see pages 13-14).

### SUSPENSION OF BENEFITS

If you are rehired by the Firm after you have begun to receive monthly retirement payments, all retirement payments will stop beginning with the next monthly payment following the month in which you are paid for at least 40 Hours of Service. When you again retire, your benefit will be based on all Years of Service up to your subsequent retirement date, but will be reduced by the value of payments you had received.

If monthly benefit payments have ceased due to your rehire, they will be resumed no later than the first day of the calendar month following three (3) consecutive calendar months in which you had fewer than 40 Hours of Service.

## NAMING A BENEFICIARY

A beneficiary is the person who will receive the value of your account in the event of your death before your account has been distributed to you. If you are not married, you can name anyone as your beneficiary.

The law requires that, if you are married, your spouse must be named as your beneficiary unless you and your spouse agree to the designation of a different beneficiary, in which case the law requires your spouse's written, notarized consent. The Internal Revenue Code requires a notice and election period for a beneficiary designation of someone other than your spouse (if you are married). You will receive a written notice with your annual benefit statement each year that explains the effect of naming a beneficiary other than your spouse and the conditions that may make such designation invalid. Such election is valid only if it is made after you turn age 35 or after you terminate employment. If you are married, the beneficiary you name may not be changed without further spousal consent. If you are not married, you may change your beneficiary designation from time to time, without notice to such beneficiary. If you are not married now but later become married, a new form will have to be completed at that time.

If your spouse's consent is not received, the law requires that the Plan pay benefits to your surviving spouse in the event of your death regardless of whom you named as beneficiary. If your marital status changes, you should notify the Employee Benefits Department and review your beneficiary designation.

You may change your beneficiary at any time by submitting a new Beneficiary Designation Form. These forms may be obtained from the Employee Benefits Department.

17

## DEATH BENEFITS

In the event of your death prior to your retirement, the Plan will pay your beneficiary your account balance. You become 100% vested in your account balance if you die while actively employed regardless of your Years of Service prior to your death. If you are not married upon your date of death or if you are married and named a beneficiary other than your spouse, your benefit will be paid in the form of a lump sum as soon after your death. If you are married upon your date of death and your spouse is your beneficiary, your benefit normally will be paid in the form of a level annuity for your spouse's lifetime. Your spouse may elect to receive the benefit in a lump sum payment instead of a lifetime monthly annuity. Remember, if you are married when you die, your spouse must be your beneficiary unless you previously obtained written notarized spousal consent to name a different beneficiary.

### In the Event of Your Death After Retirement

The Plan does not provide for a death benefit in the event of your death after you have retired and your pension has commenced, unless the method of payment you selected provides for continuing payments to be made. Benefit payments continue to be paid to a designated beneficiary under the qualified joint and survivor option and/or the period certain option depending upon your benefit payment election (see pages 13-14).

18

# LEGAL AND ADMINISTRATIVE OVERVIEW

This Summary Plan Description summarizes the highlights of the Skadden, Arps, Slate, Meagher & Flom Pension Plan. It does not attempt to cover every detail. Complete details can be found only in the formal Plan document, which governs the operation of the Plan. Being a participant in the Plan does not give an employee the right to remain employed by the Firm.

This section includes information about the administration of the Plan and your rights under the Employee Retirement Income Security Act of 1974 (ERISA).

### Plan Administrator

The administration of the Pension Plan is the responsibility of the Pension Plan Committee. The Skadden, Arps, Slate, Meagher & Flom Pension Plan Committee is the Plan Administrator. You can contact the Plan Administrator as follows:

Skadden, Arps, Slate, Meagher & Flom LLP
Pension Plan Committee
919 Third Avenue
New York, NY 10022

(212) 735-3000

### Cost of Administering the Plan

The Firm intends to pay certain administrative expenses of administering the Plan. To the extent that the administrative costs of the Plan are not paid by the Firm, they will be paid out of the Trust Fund.

### Funding

An enrolled actuary determines the funding requirements of the Plan. Skadden, Arps, Slate, Meagher & Flom LLP provides all of the required funding for the Plan. Benefits under this Plan are provided through a Trust Fund. The current Trustees for this Plan are Stuart N. Alperin, Charles M. Fox, James A. Levitan, Robert C. Vincent, Jr. and Earle Yaffa.

### Investment of Funds

The Trustees of the Pension Plan are authorized to invest the Firm contributions in a variety of investment vehicles including, but not limited to, equity funds, insured money market funds, insured certificates of deposit and U.S. government and corporate obligations. The Trustees also are authorized to hire money managers to invest all or any portion of the funds.

19

### Non-assignment of Benefits

Under this Plan you or your beneficiary may not assign, sell, transfer ownership of, or use your benefits as collateral for a loan. Furthermore, to the maximum extent permitted by law, creditors may not attach your benefits under this Plan as a means of collecting debts. However, benefits will be paid according to a valid Qualified Domestic Relations Order (QDRO) if properly served on the Plan. A QDRO is an order or judgment from a state court directing the Plan Administrator to pay all or a portion of a participant's Plan benefits to a former spouse or dependent.

### Plan Continuance

The Firm expects to continue the Plan, but reserves the right to amend or terminate it at any time. If the Plan is amended, benefits you have earned prior to the amendment will be protected. If the Plan is terminated, you immediately will become fully vested in any unvested portion of your account balance.

### Federal Pension Insurance

Benefits under this Plan are insured by the Pension Benefit Guaranty Corporation (PBGC) if the Plan terminates. Generally, the PBGC guarantees most vested normal retirement benefits, early retirement benefits, and certain disability and survivor's benefits. However, the PBGC does not guarantee all types of benefits, and the amount of benefit protection is subject to certain limitations.

The PBGC generally guarantees vested benefits at the level in effect on the date the Plan terminates. However, if the Plan terminates before the benefit formula or any other aspect of the guaranteed benefit has been in effect for five (5) years, the whole amount of the benefit increase may not be guaranteed. In addition, there is a ceiling on the amount of monthly benefit that the PBGC guarantees, which is adjusted periodically.

For more information about the PBGC insurance protection and its limitations, you should contact the Firm's Director of Employee Benefits or write to the PBGC. Inquiries to the PBGC should be addressed to: Administrative Review and Technical Assistance Branch, Insurance Operations Division, PBGC, 1200 K. Street, N.W., Washington, D.C. 20005. The PBGC Administrative Review and Technical Assistance Branch, Insurance Operations Division may also be reached by calling (202) 326-4000.

20

SASMF 00690

**Employer Identification Number**

The Internal Revenue Service has assigned the Employer Identification Number 13-1777230 to Skadden, Arps, Slate, Meagher & Flom LLP. If you need to correspond with a government agency about the Plan, use this number along with the Plan name and the Firm's name.

**Agent For Service of Legal Process**

Any legal process against the Plan in the event of an unresolved dispute over Plan provisions should be served on:

Mr. Anthony Arbisi
Skadden, Arps, Slate, Meagher & Flom LLP
919 Third Avenue
New York, NY 10022

**Appealing a Claim**

If you feel an error has occurred in your records or in processing your application, you should be aware that an appeals procedure is available to every employee.

If your application for benefits is denied in whole or in part, the Plan Administrator will notify you or your authorized representative within 90 days of receiving your application. If special circumstances require an extension of time for processing your claim, you will receive written notice of the extension and the reasons for it before the end of the initial 90 days. The extension will not exceed a period of 90 days from the end of the initial 90 day period. If you do not receive a response to your application within this time limit, you should assume that the application has been denied, and you can begin your appeal.

If you are denied a claim for benefits, you will receive in writing:

    (i)    an explanation of the specific reason(s) for the denial which the denial is based

    (ii)   specific references to pertinent Plan provisions on

    (iii)  a description of any additional material or information necessary for you to establish properly the claim and an explanation of why such material or information is necessary

    (iv)   an explanation of the steps you or your beneficiary can take to submit the claim for review.

To appeal a denied claim, you or your authorized representative must, within 60 days of receiving the notice of denial, submit a written request to the Plan Administrator asking that your application be reconsidered. At this time, you or your authorized representative will have the right to review all pertinent Plan documents and submit issues and comments in writing. Also, whenever possible, you should send copies of any document or records that support your appeal.

21

A decision regarding your appeal will be made within 60 days (or, in unusual circumstances, 120 days) after receiving your appeal. The final decision will be furnished in writing and will include the reasons for the decision with reference to those Plan provisions upon which the final decision was based.

22

## YOUR RIGHTS UNDER ERISA

As a participant in the Skadden, Arps, Slate, Meagher Flom Pension Plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all Plan participants be entitled to:

- Examine, without charge, at the Plan Administrator's office and at other specified locations, such as work sites, all Plan documents, including copies of all documents filed by the Plan with the U.S. Department of Labor, such as detailed annual reports and Plan descriptions.

- Obtain copies of all Plan documents and other Plan information upon written request to the Plan Administrator. The Plan Administrator may make a reasonable charge for the copies.

- Receive a summary of the Plan's annual financial report. The Plan Administrator is required by law to furnish each member with a copy of this summary annual report.

- Obtain a statement telling you whether you have a right to receive a pension at normal retirement age and if so, what your benefits would be at normal retirement age if you stop working under the Plan now. If you do not have a right to a pension, the statement will tell you how many more years you have to work to get a right to a pension. This statement must be requested in writing and is not required to be given more than once a year. The Plan Administrator must provide the statement free of charge.

In addition to creating rights for Plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit Plan. The people who operate the Plan, called "fiduciaries" of the Plan, have a duty to do so prudently and in the interest of you and other Plan participants and beneficiaries. No one, including the Firm, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a pension benefit or exercising your rights under ERISA. If your claim for a pension benefit is denied in whole or in part you must receive a written explanation of the reasons for the denial. You have the right to have the Plan review and reconsider your claim. Under ERISA there are steps you can take to enforce the above rights. (For instance, if you request materials from the Plan and do not get them within 30 days, you may file suit in federal court. In such a case, the court may require the Firm to provide the materials and to pay you up to $100 a day until you receive the materials, unless the materials were not sent for reasons beyond the control of the Firm.) If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court. If it should happen that Plan fiduciaries misuse the Plan's money or if you are discriminated against for asserting your rights, you may seek

23

assistance from the United States Department of Labor, or you may file suit in federal court. The court will decide who should pay the court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous. If you have any questions about your Plan, you should contact the nearest area office of the United States Labor-Management Services Administration, Department of Labor.

24

## REQUIRED LEGAL INFORMATION

Under the Employee Retirement Income Security Act of 1974 (ERISA), each employee is to be provided with certain details about benefit plans. This information follows. If you need additional information, please contact the Plan Administrator or your local U.S. Department of Labor.

**Name of Plan**: Skadden, Arps, Slate, Meagher & Flom Pension Plan

**Plan Type**: Defined Benefit Plan

**Plan Year**: January 1 through December 31

**Type of Plan Administration**: Trusteed

**Plan Trustees and Title**:
Stuart N. Alperin, Partner
Charles M. Fox, Partner
James A. Levitan, Partner
Robert C. Vincent, Jr., Partner
Earle Yaffa, Managing Director

**Trustees' Business Address**:
Skadden, Arps, Slate, Meagher & Flom LLP
919 Third Avenue
New York, NY 10022

**Employer Identification Number**: 13-1777230

**Plan Identification Number**: 002

25

SASMF 00693