

**Gottesdiener Law Firm, PLLC**

Eli Gottesdiener
eli@gottesdienerlaw.com

# MEMO ENDORSED

New York | Washington, D.C.
www.gottesdienerlaw.com

498 7th Street
Brooklyn, NY 11215
Tel: 718.788.1500
Fax: 718.788.1650

January 14, 2008

**Via facsimile**

Hon. P. Kevin Castel
Judge, United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street - Room 2260
New York, New York 10007-1312

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/14/08
```

Re: *Flagg, et al. v. Skadden, Arps, Slate, Meagher & Flom LLP Pension Plan*,
07-cv-7392 (PKC) (HBP)

Dear Judge Castel:

In accordance with the Court's Individual Practices, I am writing to request a pre-motion conference in this putative ERISA class action involving the proper calculation of lump sum distributions under the Plan to obtain leave to file a motion to modify the Scheduling Order entered October 19, 2007. Under the current Order (Doc. 11), all fact discovery is to be completed no later than February 19, 2008. Plaintiffs have been diligently pursuing discovery but submit that the deadline for completion of fact discovery should be extended. Additional time is needed for the orderly and efficient resolution of the parties' numerous disputes over the propriety of Defendant's objections and responses to the discovery Plaintiffs have propounded, and for Plaintiffs to complete fact discovery in light of rulings on these questions.

On November 30, 2007, the parties agreed to table their disputes (which the parties attempted to resolve but cannot resolve informally) over the proper scope of discovery to which Plaintiffs are entitled in this case pending two events:

*First*, a ruling by the Court as to Defendant's motion for partial dismissal on limitations grounds (Docs. 16-18) (the temporal scope of discovery being one of the matters in dispute);

*Second*, a meeting with Judge Pitman to whom the Court referred this matter for possible settlement (Doc. 12).[1]

---

[1] Plaintiffs believed it appropriate to table the dispute given Defendant's explicit agreement that Plaintiffs' request to file a motion to compel is timely if made within one week of the later of the Court's ruling on the limitations issue (fully briefed as of January 4, 2008), or the parties' January 10, 2008 meeting with Judge Pitman.

Hon. P. Kevin Castel  Gottesdiener Law Firm, PLLC
January 14, 2008
Page 2

Notwithstanding the parties' agreement, the Scheduling Order can only be modified by the Court. Plaintiffs are therefore writing the Court now because the deadline for the completion of fact discovery will soon be upon us.

The discovery that still needs to be completed is important even though the issues in this case are ultimately questions of law for summary judgment. Although Defendant has not contested liability nor indicated that it intends to dispute that some class should eventually be certified, the parties nevertheless differ sharply and in several distinct ways in their analysis of the appropriate measure of damages and the composition of proposed class.

Accordingly, Plaintiffs have diligently pursued discovery. As required by the Scheduling Order, Plaintiffs served initial requests for production by November 19, 2008; served interrogatories by January 10, 2008; and served requests to admit by January 10, 2008.[2]

While Defendant has produced some materials, Defendant has not complied with or fully responded to most of Plaintiffs' requests for documents. Without more complete responses and grounds rules for what is and is not relevant, taking Defendant's deposition or the deposition of Defendant's actuary is not yet possible. (The deadline for taking depositions is February 15, 2008.)[3] Even if Defendant were to fully comply with the most recent round of requests (mainly comprised of interrogatories and requests for admission, to which Defendant has not yet had the opportunity to respond), Plaintiffs would be required to move to compel before moving forward with depositions.

Plaintiffs believe the parties' November 30 agreement provides a framework for the modification of the Scheduling Order Plaintiffs now propose. More specifically:

*[Handwritten annotation: "OK Approved"]*

- Plaintiffs *may* file their motion to compel (~~if and when leave to do so is obtained~~) within ~~30~~ *10* days of a ruling on the pending motion for partial dismissal.
- Plaintiffs ~~further propose that~~ fact discovery *will* close no later than ~~120~~ *90* days following a ruling on Plaintiffs' motion to compel. (~~This would provide Plaintiffs with time both to take depositions and propound additional discovery, if appropriate, based on the outcome of the motion to compel.~~)

---

[2] Defendant elected not to serve any discovery on Plaintiffs.

[3] Defendant has not complied with requests to produce documents that are in its possession, custody or control that may in part be in the actual possession of its actuary. Depending on how the parties' current disputes and any new disputes arising out of Plaintiffs' most recent requests are resolved, Plaintiffs may or may not need to serve Defendant's actuary with a subpoena *duces tecum*.

Hon. P. Kevin Castel
January 14, 2008
Page 3

Gottesdiener Law Firm, PLLC

*[handwritten: to June 6, 2008 at 11 am]*

*[handwritten: OK Approved]*

- ~~Plaintiffs propose that~~ Expert discovery (now set to close March 4, 2008) would ~~be~~ complete *[handwritten: in the]* 0 days following the close of fact discovery.

- ~~Plaintiffs further suggest that~~ The currently scheduled February 29, 2008 2 p.m. ~~next~~ Case Management ~~date be rescheduled for a later time.~~ *[handwritten: conference is rescheduled to]*

Sincerely,

/s

Eli Gottesdiener

Attorney for Plaintiffs and the proposed Classes

cc:   Henry P. Wasserstein, Esq.
      Samuel Kadet, Esq.
      James W. Brown, Esq.
      Jennifer Cabrera, Esq.

*[handwritten: The above schedule is approved with the noted modifications
SO ORDERED
[signature]
USDJ
1-14-08]*