Eli Gottesdiener (EG 0111)
GOTTESDIENER LAW FIRM, PLLC
498 7th Street
Brooklyn, NY 11215
Telephone: (718) 788-1500
Facsimile:  (718) 788-1650

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JONATHAN X. FLAGG and                          :
                                               :
JACQUELINE ALVAREZ,                            :
                                               :
On behalf of themselves and on                 :
behalf of all others similarly situated,       :
                                               : 07 Civ. 7392 (PKC) (HBP)
                        Plaintiffs,            :
                                               :
            - against -                        :
                                               :
SKADDEN, ARPS, SLATE, MEAGHER                  :
& FLOM PENSION PLAN,                           :
                                               :
                        Defendant.             :
--------------------------------------------------------x

# PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
## IN SUPPORT OF THEIR OPPOSITION
## TO DEFENDANT'S PARTIAL MOTION TO DISMISS

In support of Plaintiffs' argument on pages 17-18 of their opposition (Doc. 19) that Defendant failed to sufficiently alert Ms. Alvarez to the fact that the payment it made to her was not all she was due, Plaintiffs cited former-Chief Judge Mukasey's class certification decision in *Novella v. West. Cnty, N.Y. Carpenters' Pens. Fund*, 443 F.Supp.2d 540 (S.D.N.Y. 2006) (Mukasey, C.J.) ("*Novella III*").  *Novella*, like here, involved a situation where the court held that the limitations period had not begun to run because the plan, in **paying** benefits, never clearly and openly repudiated the participants' claim for the portion of what was due but, unbeknownst to the participants, un-paid.  In

their opening brief, Defendant effectively ignores the case. *Compare* Def. Reply at 6 & n.6 *with* Pl. Opp. at 18 n.16. In reply, Defendant misrepresents it.[1]

Attached is a copy of an unpublished decision (Doc. 76) issued on January 14, 2008 in the same case, Civ No. 02-cv-02192-BSJ-JCF, this time by Judge Barbara Jones to whom the case was transferred upon Judge Mukasey's retirement from the bench. In her Order denying defendants' motion for summary judgment and granting the plaintiff class's summary judgment motion, Judge Jones overruled the defense's objections to Magistrate Judge Francis's Report and Recommendation which rejected the defense's attempt to resuscitate its limitations defense at the merits stage. Judge Jones aligned herself squarely with Judge Mukasey, finding *de novo* that none of the defense's various legal or factual arguments addressed "the core deficiency identified by Judge Mukasey in *Novella III* [on class certification]*,* to wit, that Defendants have not provided the evidence that would start the running of the statute of limitations." Order at 8-9. Defendant's submissions here suffer from a similar "core deficiency."

---

[1] Defendant suggests that *Novella III* has nothing to do with this situation because Judge Mukasey's accrual ruling in that case only involved the straightforward application of the clear repudiation standard in a case where the participants exhausted the plan's internal claims process and were explicitly denied any further benefits. Def. Reply at 6 & n.6. This could not be more wrong. Judge Mukasey wrote on the accrual issue solely to address whether, as the defense claimed there much as it claims here, an ERISA claim for underpayment accrues at the point at which the underpayment is made (*i.e.,* upon injury rather than upon discovery) in the case of participants who had *not,* like Novella, questioned the accuracy of their payments. The opinion at pages 544-45 carefully explains that only Carlo Novella himself exhausted and was then told point-blank the benefits he sought would not be granted, at which point *his* individual claim accrued. The limitations question for purposes of class certification Judge Mukasey had to decide was solely whether there were a sufficient number of *class member*s with viable (non-time-barred) claims such as would make certification appropriate. Judge Mukasey answered yes, after rejecting arguments indistinguishable from those the Plan makes here. *Novella III*'s holding is that it is incumbent upon a fiduciary who might later wish to claim the clock started ticking at the point of the alleged underpayment to make clear at that time (or such later time as the fiduciary wishes to argue is the point of claim accrual) that it has considered the notion that it may have miscalculated the benefit, that it rejects the notion, and would reject any subsequently made claim for benefits premised on that basis. *Novella III,* 443 F.Supp.2d at 544-46. Obviously, the Plan said nothing like that to Ms. Alvarez.

2

Dated:  January 15, 2008    Respectfully submitted:

    /*Eli Gottesdiener*
Eli Gottesdiener [EG0111]
Gottesdiener Law Firm, PLLC
498 7th Street
Brooklyn, N.Y. 11215
(718) 788-1500
(718) 788-1650 (facsimile)
*Attorney for Plaintiffs and the proposed Classes*

3