UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
CARLO NOVELLA, on his own behalf     :
and on behalf of all similarly       :
situated,                            :
                                     :      02 CV 2192 (BSJ)(JCF)
                        Plaintiff,   :
                                     :      **ORDER**
         -v-                         :
                                     :
WESTCHESTER COUNTY, NEW YORK         :
CARPENTERS' PENSION FUND, and        :
BOARD OF TRUSTEES OF WESTCHESTER     :
COUNTY, NEW YORK CARPENTERS'         :
PENSION FUND,                        :
                                     :
                        Defendants.  :
------------------------------------ X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/14/08

COPY MAILED / FAXED TO:
COUNSEL FOR PLTFF(S): faxed
COUNSEL FOR DFT(S): faxed
PLTFF PRO SE:
DFT. PRO SE:
DATE: 1/14/08
BY:

Plaintiff Carlo Novella ("Novella") sued the Westchester County, New York Carpenters' Pension Fund (the "Fund") and its Board of Trustees for refusing to award him the disability pension to which he alleged he was entitled under the Fund's pension plan (the "Plan"). In an earlier opinion, then-Chief Judge Michael B. Mukasey granted summary judgment in favor of Novella on his claim that the pension calculations employed by Defendants violated the terms of the Plan. See Novella v. Westchester County, New York Carpenters' Pension Fund, No. 02 Civ. 2192, 2004 WL 1752820 (S.D.N.Y. Aug. 4, 2004) ("Novella I"). Subsequent opinions issued by Judge Mukasey addressed the

certification of a class of similarly situated pension beneficiaries. See Novella v. Westchester County, New York Carpenters' Pension Fund, No. 02 Civ. 2192, 2004 WL 3035405 (S.D.N.Y. Dec. 29, 2004) ("Novella II") (finding that most of the prerequisites for class certification were satisfied but reserving decision on the question of numerosity pending further discovery on the issue); Novella v. Westchester County, New York Carpenters' Pension Fund, 443 F. Supp. 2d 540 (S.D.N.Y. 2006) ("Novella III") (finding that the numerosity requirement was satisfied and certifying the class).

Following the certification of the class, both parties moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. On September 10, 2007, Magistrate Judge James C. Francis IV issued a Report and Recommendation ("R&R"), recommending that Defendants' motion be denied and that the Plaintiff's motion be granted. Both parties filed timely objections to portions of the R&R. For the reasons that follow, the Court rejects the parties' objections, adopting the R&R in whole; thus, the Defendants' motion for summary judgment is DENIED, and the Plaintiff's motion is GRANTED.

## DISCUSSION[1]

---

[1] The background has been laid out in Novella I, Novella II, Novella III, and in the R&R.

2

In their objection to Judge Francis's R&R, Defendants challenge the denial of their summary judgment motion, arguing that the claims of fifteen of the class members should have been dismissed because of the statute of limitations, and argue that prejudgment interest was erroneously granted to all members of the class. Plaintiff's sole objection is to the accrual date of his and the class's entitlement to prejudgment interest.

A. Standard of Review

Under Fed. R. Civ. P. 72(b), a District Court "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." The Court "may accept, reject, or modify the recommended decision." Id.

B. The Class Certification Decision

1. Certification Standards

"Federal Rule of Civil Procedure 23(a) ensures that a plaintiff who seeks to be a class representative is part of the class and possess[es] the same interest and suffer[s] the same injury as the class members." Heerwagen v. Clear Channel Communications, 435 F.3d 219, 225 (2d Cir. 2006) (internal quotations omitted). As a threshold matter under Rule 23, a district court certifying a class must find that

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or

3

> defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Generally, "[i]n assessing whether a given action meets the Rule 23(a) requirements, a district court should not evaluate the merits of the underlying claims." Heerwagen, 435 F.3d at 225. However, "[t]he more troublesome issue arises when the Rule 23 requirement overlaps with an issue on the merits." In re Initial Public Offering Securities Litigation, 471 F.3d 24, 41 (2d Cir. 2006) ("In re IPO Litigation"). Thus, the Second Circuit has recently held that

> (1) a district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met; (2) such determinations can be made <u>only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met</u>; (3) the obligation to make such determinations is not lessened by overlap between a Rule 23 requirement and a merits issue, even a merits issue that is identical with a Rule 23 requirement; (4) in making such determinations, a district judge should not assess any aspect of the merits unrelated to a Rule 23 requirement; and (5) a district judge has ample discretion to circumscribe both the extent of discovery concerning Rule 23 requirements and the extent of a hearing to determine whether such requirements are met in order to assure that a class certification motion does not become a pretext for a partial trial of the merits.

Id. (emphasis added).

4

2. The *Novella* Class

Following discovery on the issue of the number of class members affected by the "freezing" policy resulting in improperly reduced pension credits, Judge Mukasey held a conference in which he ordered the Defendants to review their files and determine the number of beneficiaries who were affected by this policy; the Defendants advised Judge Mukasey that 24 pensions were calculated in that fashion. Novella III, 443 F. Supp. 2d at 544. Facing Judge Mukasey's pending determination regarding the numerosity requirement for certification, the Defendants argued that "[b]ecause only eight of the 24 pensions were calculated during the six years preceding the filing of Novella's complaint on March 19, 2002, . . . that the statute of limitations has run on the claims of the other 16 disability pensioners." Id. Judge Mukasey disagreed and held that the claims accrued "when a plaintiff was put on notice that the defendants believed the method used to calculate his disability was correct. Thus, the claim does not begin to run until a prospective class member inquires about the calculation of his benefits and the Plan rejects his claim that the benefits were miscalculated," Novella III, 443 F. Supp. 2d at 545.[2] Based on this accrual date, Judge Mukasey noted that

---

[2] The resolution of this disputed issue was necessary in light of the proposition that "[g]enerally, 'courts will find that the 'numerosity' requirement has been satisfied when the class comprises 40 or more members

5

"Defendants have provided no evidence as to when or if they informed any of the 24 potential class members that their disability pension benefits were correctly calculated, and until such a repudiation of benefits was made the statute of limitations could not begin to run on their claims." Id.

This statute of limitations determination was central to the finding that the numerosity requirement was satisfied; Judge Mukasey found that Defendants failed to show that they had "confirmed the correctness of the dual-rate benefits calculation more than six years before the filing of this lawsuit" as to any of the 16 putative members they sought to exclude, and that he therefore "[could not] find the statute of limitations has run on the claims of any of the 24 proposed class members." Id. at 546.

3. The R&R/Defendants' Objection

In the R&R, Judge Francis found that Defendants' motion for summary judgment was simply a renewal of their argument, made during Novella III, that fifteen[3] of the pension beneficiaries were time barred because of the statute of limitations. (R&R at 4.) He thus characterized it as an untimely motion for reconsideration, and because Defendants failed to present

---

and will find that it has not been satisfied when the class comprises 21 or fewer,'" Novella III, 443 F. Supp. 2d at 544 (quoting Ansari v. New York University, 179 F.R.D. 112, 114 (S.D.N.Y. 1998).

[3] In Novella III, sixteen of the beneficiaries were challenged; before Judge Francis and this Court, only fifteen are. It is unclear from the submissions why this number has changed.

6

"adequate justification" for filing such a motion outside of the ten day period for motions for reconsideration, he recommended denial of the motion on that basis. In addition, he recommended that even if this motion for reconsideration had been filed in a timely fashion, that it should not be granted based on the "law of the case" doctrine, because Defendants failed to identify any cogent or compelling reason for doing so.

In their objection to the R&R, Defendants renew their argument based on the statute of limitations, arguing that there are "extreme, undisputed facts surrounding the fifteen class claims at issue in this motion," (Defendants' Objections to the R&R at 9), and that law of the case should not apply here because the full record was "not before the Court when it decided the nondispositive class certification motion," (id. at 11). Following its own de novo review of the background and history of this case, the prior rulings, and the relevant law, the Court finds that Defendants objections are unavailing.

First, this Court finds that Defendants' classification of the claims at issue here as being intertwined with "extreme, undisputed facts" to be wide of the mark, and merely a thinly-veiled attempt to preclude summary judgment. As noted above, in Novella III, Judge Mukasey clearly indicated what showing Defendants would have to make with respect to a repudiation of benefits to start the running of the statute of limitations.

7

They failed to do so before Judge Mukasey, and he properly determined this factual issue as a necessary part of the certification decision, as required by In re IPO Litigation. Instead of presenting such evidence before either Judge Francis or this Court, Defendants have simply restated the same arguments they have made before, without presenting new evidence, new controlling precedent, or anything else that would excuse the untimely filing of this motion for reconsideration.

With respect to Judge Francis's recommendation regarding the law of the case doctrine, Defendants argue that the doctrine should not apply here because the prior ruling was made at a preliminary stage prior to adequate discovery. However, as the Plaintiff notes, "Defendants did not need any discovery, because they had the complete files of all Class Members at all times, including at the class certification stage." (Plaintiff's Response to Defendants' Objections to the R&R at 7.) Although Defendants present a variety of reasons why they believe that the previous rulings should be revisited in light of the policy considerations underlying statutes of limitations (e.g., inter alia, that several of the class members are now deceased, that the fund has merged into another and that the actuarial soundness of the current fund would be threatened by the payout), none squarely address the core deficiency identified by Judge Mukasey in Novella III, to wit, that Defendants have not

8

provided the evidence that would start the running of the statute of limitations.

C.  The Prejudgment Interest Determination

1.  Standards Governing Prejudgment Interest Awards

"In a suit to enforce a right under ERISA, the question of whether or not to award prejudgment interest is ordinarily left to the discretion of the district court." Jones v. UNUM Life Insurance Co. of America, 223 F.3d 130, 139 (2d Cir. 2000). See also 29 U.S.C. § 1132(a)(3) (permitting beneficiaries to bring suit "to obtain . . . appropriate equitable relief . . . to redress . . . violations [of ERISA or a Plan governed by ERISA] or . . . to enforce any provisions [of ERISA] or the terms of the plan" (emphasis added)). "In exercising such discretion, the court is to take into consideration '(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court.'" Jones, 223 F.3d at 139 (quoting SEC v. First Jersey Securities, Inc., 101 F.3d 1450, 1476 (2d Cir. 1996)). "[P]rejudgment interest is an element of [the plaintiff's] complete compensation," Jones, 223 F.3d at 139, and thus the court's goal in determining the appropriate rate and period should be to make the plaintiff whole. "There is no federal

9

statute that purports to control the rate of prejudgment interest. . . . , and the court need not limit the award of prejudgment interest to the rate at which the injured party would have lent money to the government." Jones, 223 F.3d at 139. Courts have discretion to set a prejudgment interest rate that will ensure "that [the] plaintiffs are made whole and that [the] defendants do not profit by their failure to comply with their ERISA obligations." Algie v. RCA Global Communications, Inc., 891 F. Supp. 875, 899 (S.D.N.Y. 1994).

2.  The Prejudgment Interest Award

After laying out the appropriate standard for determining whether to award prejudgment interest, and determining that an award was appropriate, Judge Francis identified three potential accrual dates for the assessment of the interest: "the date of each underpayment, the date that a plaintiff asserted a claim, [and] the date that the Fund denied the claim." (R&R at 15.) Judge Francis ultimately recommended the date that a plaintiff asserted a claim as the most equitable date, based on an analogy to latent injury. As in the case of latent injuries, where statutes of limitations can run from the date of discovery (rather than the initial triggering) of the injury, the statute of limitations for the class members here did not run until Defendants repudiated the benefits determination; Judge Francis thus noted that allowing prejudgment interest to accrue from the

date of the first underpayment while simultaneously allowing the statute of limitations to be tolled until discovery of the miscalculation would be "'contrary to basic fairness,'" (R&R at 15, quoting Caruolo v. AC & S, No. 93 Civ. 3752, 2002 WL 125678, at *2 (S.D.N.Y. Feb. 13, 2001)). Accordingly, Judge Francis recommended that the accrual date be set as the date the complaint was filed as to the class members, and the date of the denial of his claim for Novella.

a. Defendants' Objections

Here, Defendants challenge the prejudgment interest award as a whole, arguing that it would be "an unwarranted windfall" because there were not additional payments used to finance what they classify as an additional benefit and that it would be unduly burdensome upon the successor fund. (Defendants' Objections to the R&R at 18.) Additionally, they argue that if prejudgment interest is to be awarded at all, that only Novella should receive such an award. They contend that the claims for the other class members have not accrued for prejudgment interest purposes because they had not accrued for the purposes of the statute of limitations. (Id. at 18-19.) Finally, they take issue with the rate employed by Judge Francis, urging that the federal post-judgment interest rate in 28 U.S.C. § 1961(a) be used instead. Following its de novo review of these

11

objections in light of the record, this Court finds that all of Defendants' contentions are unavailing.

Defendants' first argument is merely a slight variation of the same argument made during their motion for summary judgment. And as Judge Francis noted in the R&R, "this argument mischaracterizes the holding in Novella I, which found that the pensioners are <u>entitled to the benefits in question under the plain terms of the Plan</u>." (R&R at 14 (emphasis added).) In light of the beneficiaries' entitlement to properly calculated pension benefits, the Court finds that it would not be an unwarranted windfall for prejudgment interest to accrue on these funds.

Defendants' argument that prejudgment interest should apply only to Novella is also unavailing. Although the statute of limitations had in effect been tolled for many of the class members for several years, it does not follow that prejudgment interest could not accrue once the claim had been asserted on behalf of the class, as Judge Francis recommends. This Court accepts his recommendations based on his well-reasoned assessment of the equities.

Finally, this Court also rejects Defendants' argument regarding the appropriate interest rate. The Court agrees that a rate commensurate with the assumed rate of return would come closest to making the beneficiaries whole without giving them a

windfall, and thus accepts Judge Francis's recommendation with respect to the applicable interest rate.

b. Plaintiff's Objection

Plaintiff objects to the use of the claim assertion date, arguing instead that the date of the first underpayment should be employed. He bases this objection on a variety of factors, but argues principally that equitable considerations should not apply because prejudgment interest is an implied contractual obligation under Second Circuit law, recoverable under 29 U.S.C. § 1132(a)(1)(B). This Court has considered Plaintiff's objections de novo in light of the record, and finds them to be without merit.

Plaintiff's principal argument relies on Dobson v. Hartford Life & Accident Insurance Company, 389 F.3d 386 (2d Cir. 2004), in which the Plaintiff sought the recovery of prejudgment interest based on an unreasonable delay in paying benefits. There, the Second Circuit held that a Plaintiff could be eligible for prejudgment interest as an implied contractual matter as relief under 29 U.S.C. § 1132(a)(1)(B),[4] and remanded to the district court for it to determine whether that plan supported such a reading. Dobson is inapposite. Plaintiff here never pursued any cause of action under 29 U.S.C. §

---

[4] 29 U.S.C. § 1132(a)(1)(B) provides in pertinent part that "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan."

13

1132(a)(1)(B), instead relying entirely on 29 U.S.C. § 1132(a)(3). See, e.g., Amended Compl. ¶¶ 2(b), 13, 19, 21, 28, 30, 34. This Court will not allow in an entirely new basis for relief by way of objections to the R&R.

Under 29 U.S.C. § 1132(a)(3), a plaintiff may "obtain . . . appropriate equitable relief" to redress violations of ERISA, and this Court finds that Judge Francis's determinations constitute such relief. Contrary to Plaintiff's other assertions in favor of marking the date of the first underpayment as the most equitable accrual date, this Court agrees that an analogy to latent injury is persuasive, and thus adopts Judge Francis's recommendation that the claim assertion date is the most equitable date of accrual.

**CONCLUSION**

Having reviewed the objected-to portions of the R&R de novo in light of the parties' arguments, this Court adopts Judge Francis's well-reasoned R&R in whole. Accordingly, Defendants' motion for summary judgment is DENIED, and Plaintiff's motion is GRANTED. Defendants are ordered to calculate the prospective and retroactive damages, and prejudgment interest is awarded to class members as of the date this complaint was filed, at a rate

14

of 7.5%.  The Clerk of Court is directed to enter judgment on Plaintiff's behalf and to close this case.

**SO ORDERED:**

BARBARA S. JONES<br>
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          January 14, 2008