UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN X. FLAGG and<br>JACQUELINE ALVAREZ,<br><br>       Plaintiffs,<br><br>    - *against* -<br><br>SKADDEN, ARPS, SLATE,<br> MEAGHER & FLOM LLP, et al.,<br><br>       Defendants. | 07 Civ. 7392 (PKC) (HBP)<br><br>DEFENDANT'S RESPONSES<br>TO PLAINTIFFS' FIRST SET<br>OF DISCOVERY REQUESTS |

    Defendant Skadden, Arps, Slate, Meagher & Flom LLP Pension Plan ("Defendant" or the "Plan"), pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26 (the "Federal Rules"), hereby responds to Plaintiffs' First Set of Discovery Requests dated October 29, 2007 (the "Request").

## GENERAL RESPONSES

    1.  Defendant objects to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine available under federal, statutory, constitutional, or common law.

    2.  Defendant objects to the Request to the extent that it is overly broad or seeks information that is not relevant to the subject matter of the suit, is not reasonably calculated to lead to the discovery of admissible evidence, or is otherwise not subject to discovery under the Federal Rules.

    3.  Defendant objects to the Request to the extent the burden or expense of the requested discovery outweighs its likely benefit and/or to the extent the requested discovery is propounded for the purpose of harassment or annoyance.

    4.  Defendant objects to the Request to the extent that it seeks information that is a matter of public record and that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. Defendant objects to the Request to the extent it seeks the production of documents already in Plaintiffs' possession, custody, or control.

6. Defendant objects to the Request to the extent it seeks the production of documents in the possession, custody, or control of third parties, including attorneys, accountants or others.

7. Defendant expressly reserve all objections as to the relevance, authenticity, or admissibility of any document sought by the Request.

8. To the extent that any documents are produced in response to the Request, Defendant does not concede that such documents are relevant to the subject matter of this action or that such documents are reasonably calculated to lead to discovery of admissible evidence.

9. To the extent that any documents are produced in response to the Request, they will be made available for inspection and copying at a mutually convenient time and place, in accordance with the Federal Rules and subject to the Stipulation and Protective Order.

10. Defendant reserves the right to supplement or amend these responses if further information becomes available to it.

11. Defendant objects to the Request to the extent that its Definitions and Instructions are overly broad, unduly burdensome, vague, ambiguous, or purport to demand more than is required by the Federal Rules.

12. Defendant objects to the Request to the extent it is contrary to the prior Orders of this Court.

13. Defendant objects to the Request to the extent it seeks production in electronic form of data already made available to Plaintiffs in paper form.

14. Defendant objects to the "Relevant Period" of the Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In responding to the Request, Defendant will produce documents created between August 1, 2001 and the present.

15. Defendant objects to the Request's definition of "Firm" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

16. Defendant states that it has already voluntarily produced to Plaintiffs – well before formal discovery in this action even began – all relevant documents concerning the claims of all purported "whipsaw" claimants, only to be thereafter met by Plaintiffs' overly broad request seeking documents bearing no relationship to such claims, and on that basis objects to the production of further documents. Therefore, where it is herein stated that Defendant will produce documents, this: (i) shall be deemed to include those documents previously produced to Plaintiffs bearing a bates number stamp; but (ii) shall not include any documents provided to Plaintiffs for the purposes of advancing settlement discussions and designated as protected by Federal Rule of Evidence 408.

17. Each of the following Specific Responses is expressly subject to, and without waiver of, these General Objections.

## SPECIFIC RESPONSES

REQUEST NO. 1:

Please produce the complete 1992 and 1993 IRS Form 5500s (including Schedule Bs).

RESPONSE TO REQUEST NO. 1:

Defendant objects to Request No. 1 on the grounds that it is overly broad, seeks information irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, pursuant to Plaintiffs' Instruction 31, it is believed that the 1992 and 1993 IRS Form 5500s were discarded in 2000 when the New York City offices of Skadden, Arps, Slate, Meagher & Flom LLP (the "Firm") were relocated from 919 Third Avenue to Four Times Square.

REQUEST NO. 2:

Please produce all documents including workpapers generated in connection with the calculation and distribution of the two named Plaintiffs' distributions.

RESPONSE TO REQUEST NO. 2:

Subject to the General Objections, Defendant will produce non-privileged documents within its possession, custody or control, if any, responsive to this Request.

REQUEST NO. 3:

Please produce documents reflecting all distributions made to participants from the Plan from January 1, 1992 to the present. Without waiving this request, Plaintiffs will agree to accept the following as a complete response until such time as Plaintiffs determine further response is necessary or appropriate, with 15 days notice to Defendant:

A spreadsheet in Excel format which includes the information you previously provided on October 10, 2007 but which also shows, for each participant receiving a distribution from the Plan since 12/31/91 (meaning, all participants not just those reflected on the October 10 PDF):

- Date of birth
- Benefit Commencement Date (only for Benefit Commencement Dates since 12/31/91)
- Amount paid
- Cash Balance Account value as of Benefit Commencement Date
- Monthly frozen accrued benefit as of 12/31/91 where applicable, and
- Monthly Dynamic Grandfathered benefit where applicable.

RESPONSE TO REQUEST NO. 3:

Defendant objects to Request No. 3 on the grounds that it is overly broad, seeks information irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Defendant states that it has already voluntarily produced to Plaintiffs – well before formal discovery in this action even began – all relevant documents concerning the claims of all purported "whipsaw" claimants, only to be thereafter met by Plaintiffs' overly broad request seeking documents bearing no relationship to such claims, and on that basis objects.

REQUEST NO. 4:

Please produce all documents not previously produced and generated prior to the initiation of this action that constitute or concern communications to participants ("participant communications") regarding the Plan's interest crediting rate, actuarial equivalence or benefit conversion factors, including but not limited to drafts of all such participant communications, and documents generated in connection with the development and dissemination of such participant communications. Responsive documents will include but not be limited to all drafts of any summary plan descriptions or any summary of material modifications (whether or not such summary plan

4

descriptions or summary of material modifications were ever finalized and issued to participants) that reference the Plan's interest crediting rate, actuarial equivalence or benefit conversion factors.

Without waiving this request, Plaintiffs will agree to accept the following as a complete response until such time as Plaintiffs determine further response is necessary or appropriate, with 15 days notice to Defendant: only those pages of any documents responsive to this request that are drafts that contain one or more references to the Plan's interest crediting rate, actuarial equivalence or benefit conversion factors or the issue of communicating those rates to participants, together with the first page of such document or such other document as Defendants wishes to prepare to cover the disclosed pages that accurately and sufficiently describes the document from which the responsive pages are derived.

RESPONSE TO REQUEST NO. 4:

Defendant objects to Request No. 4 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 5:

Please produce all documents concerning the Plan's actuarial assumptions for funding purposes as to the value of future interest credits under the Plan, including but not limited to documents concerning how those assumptions were selected.

RESPONSE TO REQUEST NO. 5:

Defendant objects to Request No. 5 on the grounds that it is overly broad, seeks information irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 6:

Please produce all IRS Forms 5300 (with all attachments) submitted with respect to a request for a determination letter with respect to the Plan, all other communications to or from any government agency or person with respect to same, and all communications with participants with respect to same.

RESPONSE TO REQUEST NO. 6:

Defendant objects to Request No. 6 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and the General Objections, Defendant will produce non-privileged IRS Forms 5300 within its possession, custody or control, if any, responsive to this Request relating exclusively to: (i) the whipsaw rule; and (ii) the payment of lump sum distributions.

REQUEST NO. 7:

Please produce all documents concerning the use of the Plan's interest crediting rate in demonstrating compliance with the Internal Revenue Code's § 401(a)(4) nondiscrimination requirements and all documents constituting or reflecting nondiscrimination testing performed with respect to the Plan whether or not referenced in any IRS Form 5300 filings or produced to the IRS.

RESPONSE TO REQUEST NO. 7:

Defendant objects to Request No. 7 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 8:

Please produce a copy of each document or set of documents which the administrator ever distributed to participants in order to comply with ERISA § 204(h), 29 U.S.C. § 1054(h), regarding any amendment effective January 1, 1992 or subsequent to that date.

RESPONSE TO REQUEST NO. 8:

Defendant objects to Request No. 8 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 9:

Please produce all documents generated prior to the initiation of this action that concern the Plan's compliance or possible noncompliance with ERISA and the Internal Revenue Code's actuarial equivalence requirements with respect to lump sum distributions made to participants of their accrued benefit prior to their having attained normal retirement age

under the Plan. Included in this request are any documents constituting or concerning any analysis, discussion, consideration or mention of the Plan's compliance or noncompliance with these requirements (hereinafter sometimes referred to as the "whipsaw rule" but this request seeks documents irrespective of whether they contain the word "whipsaw") and all documents concerning the Plan's, the Firm's or any other person's potential liability in the event that noncompliance with the whipsaw rule were determined or found by a court or the Internal Revenue Service.

Also included in this Request are all documents concerning legislative or possible legislative relief, prospective, retroactive or otherwise, from the requirements of the whipsaw rule, including documents concerning the impact on such legislation or proposed legislation on the Plan or the Firm.

Also included in this Request are all documents concerning any type of communications to or from any governmental agency or person working for any governmental agency or to or from the Plan's actuaries, auditors, service providers, or participants regarding the Plan's compliance or noncompliance with the whipsaw rule.

Also included in this Request are all documents generated prior to the initiation of this litigation that specifically reference: IRS Notice 96-8, the calculation required by IRS Notice 96-8 in the case of frontloaded interest credit plans within the meaning of IRS Notice 96-8, or "whipsaw."

Excluded from this Request are otherwise responsive documents generated solely in connection with legal work performed for a third-party Firm client and that makes no mention direct or indirect to the Plan.

RESPONSE TO REQUEST NO. 9:

Defendant objects to Request No. 9 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and the General Objections, Defendant will produce non-privileged documents within its possession, custody or control, if any, responsive to this Request exclusively relating to the whipsaw rule, whether or not the word "whipsaw" is used.

REQUEST NO. 10:

Produce all documents concerning the benefits anticipated and/or actually realized from converting the Plan to a cash balance design.

RESPONSE TO REQUEST NO. 10:

Defendant objects to Request No. 10 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation and is not

reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 11:

    Please produce all documents that concern the Plan's interest crediting rate not previously produced, not responsive to and produced pursuant to any other Request, and generated prior to the initiation of this action generated prior to the initiation of this action.

    Included in this Request is a request for a copy of all valuations of the Plan performed since January 1, 1992.

RESPONSE TO REQUEST NO. 11:

    Defendant objects to Request No. 11 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 12:

    Produce all documents concerning Plaintiffs' participation in the Plan not previously produced and not responsive to and produced pursuant to any other Request.

RESPONSE TO REQUEST NO. 12:

    Subject to the General Objections, Defendant will produce non-privileged documents within its possession, custody or control, if any, responsive to this Request.

REQUEST NO. 13:

    Produce all administrative manuals, guidelines, or similar administrative documents, and all changes or draft changes to same, that were at any point in time during the relevant period used by or available to be used by or referred to by the Plan or the Plan's third-party administrator or recordkeeper or other persons to calculate benefits under the Plan. Excluded from this request are such pages of said manuals that exclusively concern benefit distributions continuing during the relevant period but begun prior to it.

RESPONSE TO REQUEST NO. 13:

    Defendant objects to Request No. 13 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and the General Objections, Defendant will produce non-privileged documents within its

possession, custody or control, if any, responsive to this Request exclusively relating to the payment of lump sum distributions.

Dated: New York, New York
November 29, 2007

*[signature]*
Henry P. Wasserstein
Samuel Kadet
James W. Brown
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000

*Attorneys for Defendant Skadden, Arps,
  Slate, Meagher & Flom LLP Pension Plan*