UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JONATHAN X. FLAGG and JACQUELINE ALVAREZ, | : : : | 07 Civ. 7392 (PKC) (HBP) |
| Plaintiffs, | : : | |
| - against - | : : | DEFENDANT'S RESPONSES TO PLAINTIFFS' SECOND SET |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP PENSION PLAN, | : : : | OF DISCOVERY REQUESTS |
| Defendant. | : : | |

Defendant Skadden, Arps, Slate, Meagher & Flom LLP Pension Plan ("Defendant" or the "Plan"), pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 36 and Local Civil Rules 26 and 33.3 (the "Federal Rules"), hereby responds to Plaintiffs' Second Set of Discovery Requests dated January 10, 2008 (the "Request").

## GENERAL RESPONSES

1.     Defendant objects to the Request to the extent that it seeks documents or information that is protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine available under federal, statutory, constitutional, or common law.

2.     Defendant objects to the Request to the extent that it is overly broad or seeks documents or information that is not relevant to the subject matter of the suit, is not reasonably calculated to lead to the discovery of admissible evidence, or is otherwise not subject to discovery under the Federal Rules.

3.      Defendant objects to the Request to the extent the burden or expense of the requested discovery outweighs its likely benefit and/or to the extent the requested discovery is propounded for the purpose of harassment or annoyance.

4.      Defendant objects to the Request to the extent that it seeks documents or information that is a matter of public record and that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.      Defendant objects to the Request to the extent it seeks the production of documents or information already in Plaintiffs' possession, custody, or control.

6.      Defendant objects to the Request to the extent it seeks the production of documents or information in the possession, custody, or control of third parties, including attorneys, accountants or others.

7.      Defendant expressly reserve all objections as to the relevance, authenticity, or admissibility of any document or information sought by the Request.

8.      To the extent that any document or information is produced in response to the Request, Defendant does not concede that such document or information is relevant to the subject matter of this action or that such document or information is reasonably calculated to lead to discovery of admissible evidence.

9.      To the extent that any documents are produced in response to the Request, they will be made available for inspection and copying at a mutually convenient time and place, in accordance with the Federal Rules and subject to the Stipulation and Protective Order.

10.     Defendant reserves the right to supplement or amend these responses if further information becomes available to it.

2

11.    Defendant objects to the Request to the extent that its Definitions and Instructions are overly broad, unduly burdensome, vague, ambiguous, or purport to demand more than is required by the Federal Rules.

12.    Defendant objects to the Request to the extent it is contrary to the prior Orders of this Court.

13.    Defendant objects to the Request to the extent it seeks production in electronic form of data already made available to Plaintiffs in paper form.

14.    Especially in light of Defendant's pending Motion to Dismiss the time barred claims, Defendant objects to the "Relevant Period" of the Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In responding to the Request, Defendant will produce information and documents concerning the period between August 21, 2001 and the present.

15.    Defendant objects to the Request's definition of "Firm" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

16.    Defendant once again states that it has already voluntarily produced to Plaintiffs – including well before formal discovery in this action even began – all relevant documents concerning the claims of all purported "whipsaw" claimants, once again to be thereafter met by Plaintiffs' overly broad request seeking documents and information bearing no relationship to such claims, and on that basis objects to the Request. Therefore, where it is herein stated that Defendant will produce documents, this: (i) shall be deemed to include those documents previously produced to Plaintiffs bearing a bates number stamp; but (ii) shall not include any documents provided to Plaintiffs for the purposes of advancing settlement discussions and designated as protected by Federal Rule of Evidence 408.

3

17.     Defendant objects to the Request to the extent that it goes beyond that which is

permitted by Local Civil Rule 33.3.

18.     Each of the following Specific Responses is expressly subject to, and without

waiver of, these General Responses.

## SPECIFIC RESPONSES

Request for Admission No. 1

Admit that the Plan is and has been at least since January 1, 1992 an "employee pension
benefit plan," and a "defined benefit plan," within the meaning of ERISA §§ 3(2)(A) and
3(35), 29 U.S.C. §§ 1002(2)(A) and 1002(35).

Response to Request for Admission No. 1

Admitted.

Request for Admission No. 2

Admit that the Plan was initially established on April 1, 1975 and that effective January 1,
1992, the Plan was converted into a cash balance plan.

Response to Request for Admission No. 2

Admitted.

Request for Admission No. 3

Admit that Plaintiff Jonathan X. Flagg was employed by the Firm from 1998 until 2003
and was an active participant in the Plan during some of that time.

Response to Request for Admission No. 3

    Admitted.

Request for Admission No. 4

    Admit that Plaintiff Jacqueline Alvarez was employed by the Firm from 1988 to 1997 and was an active participant in the Plan during some of that time.

Response to Request for Admission No. 4

    Admitted.

Request for Admission No. 5

    Admit that a participant's Normal Retirement Date under the Plan is the first day of the month coincident with or next following the date upon which the participant attains the age of 65.

Response to Request for Admission No. 5

    Admitted.

Request for Admission No. 6

    Admit that for purposes of ERISA § 3(24), 29 U.S.C. § 1002(34), and IRC § 411(a)(8), a participant's normal retirement age under the Plan is age 65.

Response to Request for Admission No. 6

    Admitted.

Request for Admission No. 7

Admit that under the Plan's Basic Benefit (or "cash balance formula"), a participant's accrued benefit is calculated on the basis of the balance of the participant's Account to which credits have been made in accordance with the provisions of Article 4.

Response to Request for Admission No. 7

Denied, and Defendant respectfully refers to the Plan documentation for the full and

accurate description of benefits under the Plan; Defendant also objects to Request for Admission

No. 7 on the grounds that it is vague and ambiguous.

Request for Admission No. 8

Admit that a participant's benefit under the Plan is the greater of a benefit calculated on the basis of the balance of the participant's Account (the "Basic Benefit" or the "cash balance formula"), the benefit as of December 31, 1991 (the "Frozen Grandfather Benefit"), or, for some participants as of December 31, 1991, the "Dynamic Grandfather Benefit."

Response to Request for Admission No. 8

Denied, and Defendant respectfully refers to the Plan documentation for the full and

accurate description of benefits under the Plan; Defendant also objects to Request for Admission

No.8 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to

the subject matter of this litigation and is not reasonably calculated to lead to the discovery of

admissible evidence.

Request for Admission No. 9

Admit that under Plan various benefit forms based upon various conversion factors are available under the Plan, including a qualified joint and survivor annuity benefit, a nonincreasing (*sic*) single life annuity benefit, a lump sum distribution and an increasing single life annuity.

Response to Request for Admission No. 9

Admitted.

Request for Admission No. 10

Admit that all retirement benefit forms, other than the Frozen Grandfather Benefit or the Dynamic Grandfather Benefit are based directly or indirectly upon the Account.

Response to Request for Admission No. 10

Denied, and Defendant respectfully refers to the Plan documentation for the full and

accurate description of benefits under the Plan; Defendant also objects to Request for Admission

No. 10 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant

to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of

admissible evidence.

Request for Admission No. 11

Admit that in each plan year the Account is increased with Basic Credits for Service based upon various factors and that the nominal balance of the Account is increased with a Periodic Adjustment Percentage that can be as high as 12%, but, absent a change in regulations issued under IRC § 401(a)(4), can never be lower than 8%.

Response to Request for Admission No. 11

Denied, and Defendant respectfully refers to the Plan documentation for the full and

accurate description of credits under the Plan; Defendant also objects to Request for Admission

No. 11 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant

to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of

admissible evidence.

Request for Admission No. 12

Admit that the Periodic Adjustment Percentage has always been 8%.

Response to Request for Admission No. 12

Denied, except admit that the Periodic Adjustment Percentage utilized by the Plan in each year between 2001 and 2006 has been 8% and Defendant respectfully refers to the Plan documentation for the full and accurate description of the Periodic Adjustment Percentage under the Plan; Defendant also objects to Request for Admission No. 12 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation, is not reasonably calculated to lead to the discovery of admissible evidence.

Request for Admission No. 13

Admit that participants accrue the right to receive Periodic Adjustment Percentage increases to their Accounts through their Normal Retirement Date at the same time they accrue Basic Credits for Service upon which their Account balances are based.

Response to Request for Admission No. 13

Denied, except admit that under the Plan participants accrue the right to receive Periodic Adjustment Percentage increases to their Accounts through their Normal Retirement Date, or such other date when the benefit is actually paid.

Request for Admission No. 14

Admit that had Plaintiffs not requested a distribution of their benefit when they terminated employment with the Firm they would have continued to receive Periodic Adjustment Percentage increases to their Account balance through their Normal Retirement Date or such other date when the benefit was actually paid.

8

Response to Request for Admission No. 14

    Admitted.


Request for Admission No. 15

    Admit that the Plan is a "frontloaded" interest crediting plan within the meaning of IRS
Notice 96-8, 1996-1 C.B. 359-61.


Response to Request for Admission No. 15

    Admitted.


Request for Admission No. 16

    Admit that the Plan specifies a "variable outside index" for use in determining the
amount of interest credits participant accrues within the meaning of IRS Notice 96-8.


Response to Request for Admission No. 16

    Denied, except Defendant admits that the Plan specifies a "variable outside index," as

that term is used in IRS Notice 96-8, for use in determining the amount of the Periodic

Adjustment Percentage, and refers to the Plan documentation for the complete and accurate terms

thereof.


Request for Admission No. 17

    Admit that the Plan does not prescribe any method for reflecting future interest credits in
the calculation of an employee's accrued benefit.

Response to Request for Admission No. 17

Denied, and Defendant respectfully refers to the Plan documentation for the full and accurate description of credits under the Plan; Defendant also objects to Request for Admission No. 17 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Request for Admission No. 18

Admit that after terminating employment, Plaintiffs elected to receive their fully-vested Plan benefits in the form of a single sum (or "lump sum") distribution.

Response to Request for Admission No. 18

Denied, except admit that after terminating employment Plaintiffs elected to receive a lump sum distribution equal to their respective account balances.

Request for Admission No. 19

Admit that Plaintiff Flagg's [sic] received a lump sum distribution from the Plan on January 1, 2004, that this was his Benefit Commencement Date, and that his date of birth is 11/27/1969.

Response to Request for Admission No. 19

Denied, except: (i) admit that Plaintiff Flagg received a lump sum distribution from the Plan (ii) admit that January 1, 2004, was his Benefit Commencement Date; and (iii) admit that his date of birth is 11/27/1969.

Request for Admission No. 20

    Admit that Plaintiff Flagg's [sic] received a lump sum distribution from the Plan on May 1, 1998, that this was her Benefit Commencement Date, and that her date of birth is 10/29/1963.

Response to Request for Admission No. 20

    Denied.

Request for Admission No. 21

    Admit that the nominal balance of Plaintiff Flagg's Account on his Benefit Commencement Date was $19,691.62 and that he received a distribution from the Plan equal to that amount, and that the nominal balance of Plaintiff Alvarez's Account on her Benefit Commencement Date was $9,952.40 and that she received a distribution from the Plan equal to that amount.

Response to Request for Admission No. 21

    Denied, except Defendant admits that such sums were the balance of Plaintiffs'

respective accounts on their Benefit Commencement Dates, and that the distribution from the

Plan equaled such amount.

Request for Admission No. 22

    Admit that all participants whose [sic] received a lump sum distribution from the Plan based on the determination that their Basic Benefit in the form of a lump sum was greater than their Frozen Grandfather Benefit or Dynamic Grandfather Benefit (if any) calculated in the same form were paid an amount equal to the nominal balance of the participant's hypothetical account balance under the Plan as of their Benefit Commencement Date.

Response to Request for Admission No. 22

Denied, except Defendant admits that all participants who received a lump sum distribution from the Plan, between January 1, 1992, and August 17, 2006, based on the determination that their Basic Benefit in the form of a lump sum was greater than their Frozen Grandfather Benefit or Dynamic Grandfather Benefit (if any) calculated in the same form were paid an amount equal to the balance of the participant's account as of their Benefit Commencement Date.

Request for Admission No. 23

Admit that the Plan did not project the balance of Plaintiffs' Accounts using the Plan's interest crediting rate forward to their Normal Retirement Dates in calculating the lump sum form of their accrued benefit under the Plan.

Response to Request for Admission No. 23

Admitted.

Request for Admission No. 24

Admit that the Plan did not project the balance of other participants' Accounts using the Plan's interest crediting rate forward to their Normal Retirement Dates in calculating the lump sum form of their accrued benefit under the Plan.

Response to Request for Admission No. 24

Admitted.

Request for Admission No. 25

> Admit that had Plaintiffs left their benefits in the Plan, projected from their respective Benefit Commencement Dates to their Normal Retirement Dates at 8%, the balance of Plaintiff Flagg's Account would have been $212,452.17 and that the balance of Plaintiff Alvarez's Account would have been $104,031.94.[1]

Response to Request for Admission No. 25

> Admitted.

Request for Admission No. 26

> Admit that had the Plan projected the Accounts of the participants who comprise part (1) of the proposed Class to their Normal Retirement Date at 8%, converted their Accounts to a Single Life Increasing Annuity under the Plan and then discounted the resultant annuity to present value, the benefits of approximately 200 of those participants expressed in the form of a lump sum would have exceeded the lump sum amount that they received.

Response to Request for Admission No. 26

Denied, and Defendant respectfully refers to the Plan documentation for the full and

accurate description of benefits under the Plan; Defendant also objects to Request for Admission

No. 26 on the grounds that it is speculative, vague and ambiguous, overly broad, seeks

information irrelevant to the subject matter of this litigation, and is not reasonably calculated to

lead to the discovery of admissible evidence.

Request for Admission No. 27

> Admit that had the Plan projected the Accounts of the participants who comprise part (1) of the proposed Class to their Normal Retirement Date at 8%, converted their Accounts to a Single Life Annuity under the Plan and then discounted the resultant annuity to present value, all or virtually all of those participants' benefits expressed in the form of a lump sum would have exceeded the lump sum amount that they received.

---

[1]    Read all dollar amounts as within plus or minus .2% or $200.

Response to Request for Admission No. 27

Denied, and Defendant respectfully refers to the Plan documentation for the full and

accurate description of benefits under the Plan; Defendant also objects to Request for Admission

No. 27 on the grounds that it is speculative, vague and ambiguous, overly broad, seeks

information irrelevant to the subject matter of this litigation, and is not reasonably calculated to

lead to the discovery of admissible evidence.

Request for Admission No. 28

Admit that had the Plan projected Plaintiffs' Accounts to their Normal Retirement Date at
8%, converted their Accounts to a Single Life Increasing Annuity under the Plan and then
discounted the resultant annuity to present value, Plaintiffs' benefits expressed in the
form of a lump sum, assuming a mortality discount, would have been $33,398.29 for
Plaintiff Flagg and $19,440.64 for Plaintiff Alvarez, under which calculations the Plan
underpaid Plaintiff Flagg by $13,706.67 and underpaid Plaintiff Alvarez by $9,488.24.

Response to Request for Admission No. 28

Denied, and Defendant respectfully refers to the Plan documentation for the full and

accurate description of benefits under the Plan; Defendant also objects to Request for Admission

No. 28 on the grounds that it is speculative, vague and ambiguous, overly broad, seeks

information irrelevant to the subject matter of this litigation, and is not reasonably calculated to

lead to the discovery of admissible evidence.

Request for Admission No. 29

Admit that had the Plan projected Plaintiffs' Accounts to their Normal Retirement Date at
8%, converted their Accounts to a Single Life Increasing Annuity under the Plan and then
discounted the resultant annuity to present value, Plaintiffs' benefits expressed in the
form of a lump sum, assuming no mortality discount, would have been $36,520.95 for
Plaintiff Flagg and $24,203.10 for Plaintiff Alvarez.

Response to Request for Admission No. 29

Denied, and Defendant respectfully refers to the Plan documentation for the full and

accurate description of benefits under the Plan; Defendant also objects to Request for Admission

No. 29 on the grounds that it is speculative, vague and ambiguous, overly broad, seeks

information irrelevant to the subject matter of this litigation, and is not reasonably calculated to

lead to the discovery of admissible evidence.

Request for Admission No. 30

Admit that had the Plan projected Plaintiffs' Accounts to their Normal Retirement Date at
8%, converted their Accounts to a non-increasing Single Life Annuity under the Plan and
then discounted the resultant annuity to present value, Plaintiffs' benefits expressed in the
form of a lump sum, assuming no mortality discount, would have been $50,972.25 for
Plaintiff Flagg and $26,468.00 for Plaintiff Alvarez.

Response to Request for Admission No. 30

Denied, and Defendant respectfully refers to the Plan documentation for the full and

accurate description of benefits under the Plan; Defendant also objects to Request for Admission

No. 30 on the grounds that it is speculative, vague and ambiguous, overly broad, seeks

information irrelevant to the subject matter of this litigation, and is not reasonably calculated to

lead to the discovery of admissible evidence.

Request for Admission No. 31

Admit that the Plan paid Plaintiffs a benefit according to the terms of the Plan that was
not the actuarial equivalent of the amount they would have received had they left their
benefit in the Plan until age 65.

Response to Request for Admission No. 31

Denied, and Defendant respectfully refers to the Plan documentation for the full and

accurate description of benefits under the Plan; Defendant also objects to Request for Admission

No. 31 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant

to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of

admissible evidence.

Request for Admission No. 32

Admit that since January 1, 1992 until at least August 17, 2006, ERISA §§ 203(e) and 205(g), 29 U.S.C. §§ 1053(e) and 1055(g), and Internal Revenue Code § 417(e), as implemented by Treasury Regulation § 1.417(e)-l(d), required that a lump sum distribution paid from a defined benefit plan be no less than the present value of the participant's accrued benefit under the plan expressed as an annuity commencing at normal retirement age.

Response to Request for Admission No. 32

Defendant objects to Request for Admission No. 32 on the grounds that it impermissibly

seeks a naked conclusion of law, and on that basis denies same; Defendant also objects as this

Request is vague and ambiguous and is not reasonably calculated to lead to the discovery of

admissible evidence.

Request for Admission No. 33

Admit that the Plan paid Plaintiffs lump sums that were less than the present value of their accrued benefit.

Response to Request for Admission No. 33

Denied, and Defendant respectfully refers to the Plan documentation for the full and accurate description of benefits under the Plan.


Request for Admission No. 34

Admit that the Plan's payment to participants of lump sum [*sic*] that were less than the present value of their accrued benefit violated ERISA §§ 203(e) and 205(g), and IRC § 417(e), as implemented by Treasury Regulation § 1.417(e)-l(d).


Response to Request for Admission No. 34

Denied, and Defendant respectfully refers to the Plan documentation for the full and accurate description of benefits under the Plan.


Request for Admission No. 35

Admit that the Plan's failure to project Accounts to normal retirement age at 8% effectively conditioned the right to receive future interest credits on Plaintiffs not taking a distribution prior to normal retirement age.


Response to Request for Admission No. 35

Denied, and Defendant respectfully refers to the Plan documentation for the full and accurate description of credits under the Plan; Defendant also objects to Request for Admission No. 35 on the grounds that it is vague and ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.

Request for Admission No. 36

>Admit that conditioning the right to receive future interest credits on Plaintiffs not taking a distribution prior to normal retirement age resulted in an impermissible forfeiture of benefits prohibited by ERISA § 203(a) and Internal Revenue Code § 411(a), as implemented by Treasury Regulation § 1.411(a)-4 and 4T.

Response to Request for Admission No. 36

Denied, and Defendant respectfully refers to the Plan documentation for the full and accurate description of credits under the Plan; Defendant also objects to Request for Admission No. 36 on the grounds that it is vague and ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.

Request for Admission No. 37

>Admit that between January 1, 1992 and August 17, 2006, the Plan determined that certain participants who were participants as of December 31, 1991, who requested a lump sum distribution from the Plan and who were entitled to the greater of: (1) the lump sum form of their previously accrued benefit (called the "Frozen Grandfather" benefit); (2) the lump sum form of their benefit calculated under the pre-January 1, 1992 Plan formula (the "Dynamic Grandfather" benefit assuming they meet certain eligibility requirements; or (3) the lump sum form of their benefit calculated under the new cash balance formula, had the right to a greater benefit calculated under the prior Plan by virtue of either their Frozen or Dynamic Grandfather Benefit.

Response to Request for Admission No. 37

Denied, and Defendant respectfully refers to the Plan documentation for the full and accurate description of benefits under the Plan; Defendant also objects to Request for Admission No. 37 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Request for Admission No. 38

Admit that in making the determinations described in the previous Request for Admission, the Plan calculated the lump sum form of participants' benefits as equal to the nominal balance of the participant's Account under the Plan as of the Benefit Commencement Date.

Response to Request for Admission No. 38

Denied, and Defendant respectfully refers to the Plan documentation for the full and

accurate description of benefits under the Plan; Defendant also objects to Request for Admission

No. 38 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant

to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of

admissible evidence.

Request for Admission No. 39

Admit that in the event of a participant's death before normal retirement age, the Plan provides a death benefit to the surviving spouse or beneficiar(ies) that is equal to the nominal balance of the participant's Account or the Account converted to a level life annuity.

Response to Request for Admission No. 39

Admitted.

Request for Admission No. 40

Admit that IRC § 417(e)(2) defines the minimum lump sum in terms of the qualified joint and survivor annuity and not whichever form is selected by the plan sponsor.

Response to Request for Admission No. 40

Defendant objects to Request for Admission No. 40 on the grounds that it impermissibly seeks a naked conclusion of law, and on that basis denies same; Defendant also objects as this Request is vague and ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.

Request for Admission No. 41

Admit that the combination of 26 C.F.R ("Treas. Reg.") § 1.417(e)-1(d)(1) with 1.411(a)-7(a)(1)(ii) require that the accrued benefit under the Plan includes all potential benefit forms available at normal retirement age with the exception of any subsidized value in the plan's qualified joint and survivor benefit.

Response to Request for Admission No. 41

Denied; Defendant also objects to Request for Admission No. 41 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Request for Admission No. 42

Admit that the lump sum under the Plan's cash balance formula cannot be less than benefit form [*sic*] with the highest value (other than the lump sum calculated according to the qualified joint and survivor benefit to the extent it is subsidized).

Response to Request for Admission No. 42

Denied, and Defendant refers to the Plan documentation for the complete and accurate terms thereof; Defendant also objects to Request for Admission No. 42 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

20

Request for Admission No. 43

Admit that the Single Life Increasing Annuity provides the least favorable set of annuity conversion factors at normal retirement age available under the Plan for most if not all participants.

Response to Request for Admission No. 43

Denied, and Defendant refers to the Plan documentation for the complete and accurate

terms thereof; Defendant also objects to Request for Admission No. 43 on the grounds that it is

vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this

litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Request for Admission No. 44

Between January 1, 1992 and August 17, 2006, the Plan never used the Plan document's definition of "Accrued Benefit" as equal to the Single Life Increasing Annuity based on the Account in calculating lump sum actuarial equivalent distributions under the Plan.

Response to Request for Admission No. 44

Denied; Defendant also objects to Request for Admission No. 44 on the grounds that it is

vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this

litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Request for Admission No. 45

No provision of the Plan document provides for the Plan to pay lump sums to participants in an amount equal to the Account or balance of the Account.

Response to Request for Admission No. 45

Denied, except Defendant admits that, between January 1, 1992, and August 17, 2006, the

Plan paid lump sum distributions equal to the participants' account balance (or, if applicable and

if greater, the present value of the participants' Frozen Grandfather Benefit or Dynamic

Grandfather Benefit) consistent with the terms of the Plan SPDs.

Request for Admission No. 46

No provision of the Plan document authorize [sic] participants the actuarial equivalent of
their accrued benefit or the balance of their Account, whichever is greater.

Response to Request for Admission No. 46

Denied, and Defendant respectfully refers to the Plan documentation for the full and

accurate terms thereof; Defendant also objects to Request for Admission No. 46 on the grounds

that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of

this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Request for Admission No. 47

Admit that between January 1, 1992 and August 17, 2006, the Plan determined that 1,152
participants who were determined by the Plan not to be entitled to a greater benefit
calculated under the prior Plan by virtue of their Frozen or Dynamic Grandfather Benefit,
were allowed to receive a single sum benefit equal to the Account and elected to receive
and did receive distributions of their Account totaling $32,053,530.92 in payments.

Response to Request for Admission No. 47

Denied; Defendant also objects to Request for Admission No. 47 on the grounds that it is

vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this

litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Request for Admission No. 48

> Admit that there are too many Class members disbursed [*sic*] among several states for joinder of all of them to be practicable.

Response to Request for Admission No. 48

Denied; Defendant also objects to Request for Admission No. 48 on the grounds that it lacks knowledge or information sufficient to ascertain the current locations of all putative class members, and on that basis denies same.

Request for Admission No. 49

> Admit that there are too many Subclass members disbursed [*sic*] among several states for joinder of all of them to be practicable.

Response to Request for Admission No. 49

Denied; Defendant also objects to Request for Admission No. 49 on the grounds that it lacks knowledge or information sufficient to ascertain the current locations of all putative Subclass members, and on that basis denies same.

Request for Admission No. 50

> Admit that there are approximately 1,000 members of part (1) of the proposed Class and that they are dispersed among several states in different parts of the country.

Response to Request for Admission No. 50

Denied; Defendant also objects to Request for Admission No. 50 on the grounds that it is vague and ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence; Defendant also objects to Request for Admission No. 50 on the grounds that it lacks

knowledge or information sufficient to ascertain the current locations of all putative members of

part (1) of the proposed Class, and on that basis denies same.

## Request for Admission No. 51

Admit that there are approximately 500 members of the proposed Subclass and that they are dispersed among several states in different parts of the country.

## Response to Request for Admission No. 51

Denied; Defendant also objects to Request for Admission No. 51 on the grounds that it

lacks knowledge or information sufficient to ascertain the current locations of all putative

Subclass members, and on that basis denies same.

## Request for Admission No. 52

Admit that the claims of the Class and Subclass raise common questions of fact.

## Response to Request for Admission No. 52

Defendant objects to Request for Admission No. 52 on the grounds that, prior to the

completion of discovery of such claims and appropriate motion practice, Defendant lacks

knowledge or information sufficient to respond, and on that basis denies same.

## Request for Admission No. 53

Admit that the claims of the Class and Subclass raise common questions of law.

24

Response to Request for Admission No. 53

Defendant objects to Request for Admission No. 53 on the grounds that, prior to the completion of discovery of such claims and appropriate motion practice, Defendant lacks knowledge or information sufficient to respond, and on that basis denies same.

Request for Admission No. 54

Admit that Plaintiffs' claims are typical of the claims of part (1) of the proposed Class.

Response to Request for Admission No. 54

Defendant objects to Request for Admission No. 54 on the grounds that it is vague and ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence; Defendant also objects to Request for Admission No. 54 on the grounds that, prior to the completion of discovery of such claims and appropriate motion practice, Defendant lacks knowledge or information sufficient to respond; and on the foregoing bases denies same.

Request for Admission No. 55

Admit that Plaintiffs' claims are typical of the claims of part (2) of the proposed Class.

Response to Request for Admission No. 55

Defendant objects to Request for Admission No. 55 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence; Defendant also objects to Request for Admission No. 55 on the grounds that, prior to the completion of discovery of such claims and appropriate motion practice, Defendant lacks knowledge or information sufficient to respond; and on the foregoing bases denies same.

Request for Admission No. 56

      Admit that Plaintiff Alvarez's claims are typical of the claims of the proposed Subclass.

Response to Request for Admission No. 56

      Defendant objects to Request for Admission No. 56 on the grounds that, prior to the completion of discovery of such claims and appropriate motion practice, Defendant lacks knowledge or information sufficient to respond, and on that basis denies same.

Request for Admission No. 57

      Admit that Plaintiffs are adequate representatives of the proposed Class and Plaintiff Alvarez is an adequate representative of the proposed Subclass.

Response to Request for Admission No. 57

      Defendant objects to Request for Admission No. 57 on the grounds that, prior to the completion of appropriate discovery and motion practice, Defendant lacks knowledge or information sufficient to respond, and on that basis denies same.

Request for Admission No. 58

      Admit that the Plan has no unique defenses against Plaintiff Flagg that would interfere with his representation of the proposed Class.

Response to Request for Admission No. 58

      Defendant objects to Request for Admission No. 58 on the grounds that, prior to the completion of appropriate discovery and motion practice, Defendant lacks knowledge or information sufficient to respond, and on that basis denies same.

Request for Admission No. 59

> Admit that the Plan has no unique defenses against Plaintiff Alvarez that would interfere with her representation of the proposed Subclass.

Response to Request for Admission No. 59

Defendant objects to Request for Admission No. 59 on the grounds that, prior to the completion of appropriate discovery and motion practice, Defendant lacks knowledge or information sufficient to respond, and on that basis denies same.

Request for Admission No. 60

> Admit that Plaintiffs have engaged competent counsel with ERISA and class action litigation experience.

Response to Request for Admission No. 60

Defendant objects to Request for Admission No. 60 on the grounds that, despite reasonable inquiry, Defendant lacks knowledge or information sufficient to respond, and on that basis denies same.

Request for Admission No. 61

> Admit that the prosecution of separate actions identical or substantially identical to this one by individual members of the class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for the Plan and individual adjudications present a risk of adjudications which, as a practical matter, would be dispositive of the interests of other members who are not parties.

Response to Request for Admission No. 61

Defendant objects to Request for Admission No. 61 on the grounds that, prior to the

completion of appropriate discovery and motion practice, Defendant lacks knowledge or

information sufficient to respond, and on that basis denies same.

Request for Admission No. 62

Admit that the Plan's actions with respect to the calculation of lump sum distributions
affected all members of the proposed Class, part (1) in the same manner they affected
Plaintiff Flagg and/or Alvarez.

Response to Request for Admission No. 62

Defendant objects to Request for Admission No. 62 on the grounds that it is vague and

ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence;

Defendant also objects to Request for Admission No. 62 on the grounds that, prior to the

completion of discovery of such claims and appropriate motion practice, Defendant lacks

knowledge or information sufficient to respond; and on the foregoing bases denies same.

Request for Admission No. 63

Admit that the Plan's actions with respect to the calculation of the cash balance portion of
their calculation of their "greater of" benefit affected all members of the proposed Class,
part (2) in the same manner they affected Plaintiff Flagg and/or Alvarez.

Response to Request for Admission No. 63

Defendant objects to Request for Admission No. 63 on the grounds that it is vague and

ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation, and

is not reasonably calculated to lead to the discovery of admissible evidence; Defendant also

objects to Request for Admission No. 63 on the grounds that, prior to the completion of

discovery of such claims and appropriate motion practice, Defendant lacks knowledge or

information sufficient to respond; and on the foregoing bases denies same.

Request for Admission No. 64

> Admit that the Plan was required to compare and did compare Plaintiff Alvarez's benefit
> calculated under the cash balance formula versus her benefit calculated under the Frozen
> Grandfather Benefit before determining the amount of the lump sum to which she was
> entitled.

Response to Request for Admission No. 64

Denied, except Defendant admits that the Plan, in determining the amount of Plaintiff

Alvarez's lump sum distribution, compared her account balance with the present value of her

benefit calculated under the Frozen Grandfather Benefit.

Request for Admission No. 65

> Admit that to the extent Plaintiffs' claims have merit that final declaratory or injunctive
> relief with respect to the Class as a whole is appropriate.

Response to Request for Admission No. 65

Denied.

Interrogatory No. 1

> Identify the Plan's rate of return on the Plan's assets for every year from 1992 to 2007.

Response to Interrogatory No. 1

Defendant objects to Interrogatory No. 1 on the grounds that it is vague and ambiguous,

overly broad, seeks information irrelevant to the subject matter of this litigation and is not

reasonably calculated to lead to the discovery of admissible evidence; Defendant further states

that the answer to this Interrogatory may be determined by examining documents produced in

discovery in this action, and the burden of ascertaining such answer will be substantially the

same for Plaintiffs as for Defendant.

Interrogatory No. 2

Identify what specific operational role Plan § 1.2's definition of the "Accrued Benefit" in terms of the Single Life Increasing Annuity served between January 1, 1992 and August 20, 2007 in calculating lump sum distributions under Plan § 7.5 Option D.

Response to Interrogatory No. 2

Defendant objects to Interrogatory No. 2 on the grounds that it is vague and ambiguous,

overly broad, seeks information irrelevant to the subject matter of this litigation and is not

reasonably calculated to lead to the discovery of admissible evidence.  Defendant also states that,

between January 1, 1992, and August 17, 2006, the Plan paid lump sum distributions equal to the

participants' account balance (or, if applicable and if greater, the present value of the participants'

Frozen Grandfather Benefit or Dynamic Grandfather Benefit) consistent with the terms of the

Plan SPDs, and refers to the Plan documentation for the full and accurate terms thereof.

Interrogatory No. 3

Identify what specific operational role Plan § 1.2's definition of the "Accrued Benefit" in terms of the Single Life Increasing Annuity serves as of the date of your response to this Interrogatory in calculating lump sum distributions under Plan § 7.5 Option D.

Response to Interrogatory No. 3

Defendant objects to Interrogatory No. 3 on the grounds that it is vague and ambiguous,

overly broad, seeks information irrelevant to the subject matter of this litigation and is not

reasonably calculated to lead to the discovery of admissible evidence.  Defendant also states that,

30

between January 1, 1992, and August 17, 2006, the Plan paid lump sum distributions equal to the participants' account balance (or, if applicable and if greater, the present value of the participants' Frozen Grandfather Benefit or Dynamic Grandfather Benefit) consistent with the terms of the Plan SPDs, and refers to the Plan documentation for the full and accurate terms thereof.

Interrogatory No. 4

> Identify all grounds, legal authorities and agency interpretations the Plan asserts supports its contention that it has the right to define the accrued benefit by reference to whichever annuity form it choses (*sic*).

Response to Interrogatory No. 4

Defendant objects to Interrogatory No. 4 on the grounds that it is vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence; Defendant further states that this Interrogatory is premature as determinations of what will be relied upon in any trial of this matter have not yet been made; Defendant further states that determinations of what arguments, authorities and proofs will be relied upon is protected attorney work product.

Interrogatory No. 5

> Identify all communications the Plan has had with the Internal Revenue Service regarding the Plan, including communications regarding the Plan's most recent determination letter application and any proposed amendments to the Plan the IRS is requesting the Plan to make.

Response to Interrogatory No. 5

Defendant objects to Interrogatory No. 5 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence; Defendant further states that this Interrogatory is not the most practical method of obtaining such information.

31

Request for Production No. 14

Produce all documents reflecting communications with the IRS since August 17, 2006.

Response to Request for Production No. 14

Defendant objects to Request for Production of Documents No. 14 on the grounds that it

is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this

litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 6

If you contend that the Plan has taken steps that enable it or to enable it to avoid making
whipsaw payments subsequent to August 17, 2006 identify all such steps and explain why
you contend, if you do, that the Plan's liability to make whipsaw payments ceased as of
August 17, 2006.

Response to Interrogatory No. 6

Defendant objects to Interrogatory No. 6 on the grounds that it is vague and ambiguous,

overly broad, seeks information irrelevant to the subject matter of this litigation, is not reasonably

calculated to lead to the discovery of admissible evidence; Defendant further states that this

Interrogatory is premature as determinations of what will be relied upon in any trial of this matter

have not yet been made; Defendant further states that determinations of what arguments,

authorities and proofs will be relied upon is protected attorney work product.

Request for Production No. 15

Produce all documents reflecting the steps taken to avoid liability for making whipsaw
payments subsequent to August 17, 2006.

Response to Request for Production No. 15

Defendant objects to Request for Production of Documents No. 15 on the grounds that it is speculative, vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation, is not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 7

Identify all communications the Plan had with the Plan's actuary or actuaries prior to August 20, 2007 regarding the Plan's potential liability to make whipsaw payments to participants.

Response to Interrogatory No. 7

Defendant objects to Interrogatory No. 7 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation, is not reasonably calculated to lead to the discovery of admissible evidence; Defendant further states that it is unable to identify at this time any such communications.

Interrogatory No. 8

Identify all communications the Plan has had with the Plan's actuary or actuaries since August 16, 2006 regarding the Plan's potential liability to make whipsaw payments to participants before or after August 16, 2006, this litigation or the legal or factual issues raised in this litigation. (Without waiving any portion of this Interrogatory, Plaintiffs will accept a response limited to the period of time prior to the parties' December 4, 2007 telephone call with Magistrate Judge Pitman where it was agreed that the parties would produce and exchange expert reports regarding the annuity conversion issue).

Response to Interrogatory No. 8

Defendant objects to Interrogatory No. 8 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation, is not reasonably calculated to lead to the discovery of admissible evidence; Defendant further states that it is unable to identify at this time any such communications between August 16, 2006, and August 20, 2007; Defendant further states that its actuary has acted as a non-testifying expert in this litigation, rendering certain communications subject to work product and/or attorney client privilege(s).

Request for Production No. 16

Produce all documents reflecting all communications described in Interrogatory No. 8. (Without waiving any portion of this Request for Production, Plaintiffs will accept a response limited to the period of time prior to the parties' December 4, 2007 telephone call with Magistrate Judge Pitman where it was agreed that the parties would produce and exchange expert reports regarding the annuity conversion issue).

Response to Request for Production No. 16

Defendant objects to Request for Production of Documents No. 16 on the grounds that it is vague and ambiguous, overly broad, seeks information irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence; Defendant further states that it is unable to identify at this time any such communications between August 16, 2006, and August 20, 2007; Defendant further states that its actuary has acted as a non-testifying expert in this litigation, rendering certain communications subject to work product and/or attorney client privilege(s).

Interrogatory No. 9

> Identify all services rendered by the by the [*sic*] Plan's actuary or actuaries on behalf of or with respect to the Plan since August 20, 2007 including but not limited to preparation of the FASB report, preparation of the schedule B, preparation of the annual valuation report, assistance in benefit payments, assistance in employee communications, cost calculations, ongoing and special consulting services, and the performance of duties under ERISA.

Response to Interrogatory No. 9

Defendant objects to Interrogatory No. 9 on the grounds that it is overly broad, seeks information irrelevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also states that since August 20, 2007, services by Buck Consultants have included preparation of Schedule B, preparation of the annual actuarial valuation report, assistance with benefit payments and related issues, special funding projections and calculations, other special consulting services, and litigation consulting as a non-testifying expert.

Request for Production of Documents No. 17

> Produce all documents created in connection with the services referenced in Interrogatory No.9, including studies, reports, recommendations, contractual agreements or modifications, bills, invoices, executive summaries, memoranda, emails, Powerpoint presentations, and estimates for the cost of services or expenses relating to such services.

Response to Request for Production No. 17

Defendant objects to Request for Production of Documents No. 17 on the grounds that it is overly broad, seeks information irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 10

To the extend [*sic*] you have not already done so, identify all lump sum distributions
made to participants from the Plan since 12/31/91 to the present including for each
distribution:

- Date of birth

- Benefit Commencement Date (only for Benefit Commencement Dates since
  12/31/91)

- Amount paid

- Cash Balance Account value as of Benefit Commencement Date

- Monthly frozen accrued benefit as of 12/31/91 where applicable, and

- Monthly Dynamic Grandfathered benefit where applicable.

Response to Interrogatory No. 10

Defendant believes that it has already produced to Plaintiffs all information responsive to

this Interrogatory.

Interrogatory No. 11

Identify how the Plan determines the normal accrual rate for purposes of Treasury Reg.
§ 1.401(a)(4)-3(d)(1)(i), for 2006 for the three participants as to whom the Plan has
already provided Plaintiffs data and for their last year of active participation for the
Plaintiffs.

Response to Interrogatory No. 11

Defendant objects to Interrogatory 11 on the grounds that it is vague and ambiguous,

overly broad, seeks information irrelevant to the subject matter of this litigation and not

reasonably calculated to lead to the discovery of admissible evidence. Defendant further states

that information concerning such three Plan participants was previously provided to Plaintiffs

solely for the purposes of advancing settlement discussions and designated as protected by

Federal Rule of Evidence 408. Accordingly, Defendants will not supplement such Rule 408 communications by way of responses to the Request.

Dated: New York, New York
February 11, 2008

VERIFICATION

Stuart N. Alperin, pursuant to 28 U.S.C. § 1746, declares:

I have read the foregoing Response and Objections to Plaintiffs' Second Set of Discovery Requests, and the same is true to my own knowledge, except where otherwise indicated, and as to those matters I believe them to be true. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Stuart N. Alperin

As to objections:

Samuel Kadet
Henry P. Wasserstein
James W. Brown
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000

*Attorneys for Defendant Skadden, Arps,*
*Slate, Meagher & Flom LLP Pension Plan*