UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN X. FLAGG and<br>JACQUELINE ALVAREZ,<br><br>                 Plaintiffs,<br><br>          - *against* -<br><br>SKADDEN, ARPS, SLATE, MEAGHER<br> & FLOM LLP PENSION PLAN,<br><br>                 Defendant. | 07 Civ. 7392 (PKC) (HBP) |

### SUPPLEMENTAL MEMORANDUM IN RESPONSE TO PLAINTIFFS' MAY 28 DECLARATION AND IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS, IN PART, THE FIRST AMENDED COMPLAINT

Samuel Kadet
Henry P. Wasserstein
James W. Brown
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000

*Attorneys for Defendant Skadden, Arps,*
 *Slate, Meagher & Flom LLP Pension Plan*

TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.     THE FEBRUARY 18, 1998, LETTER FURTHER DEMONSTRATES
THAT ALVAREZ'S CLAIMS ARE TIME-BARRED BECAUSE THEY
ACCRUED IN 1998 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     A.     The February 18, 1998 Letter, Exactly Like the May 1, 1998 Letter,
Clearly Repudiated Any Obligation to Pay Alvarez More Than Her
Current Account Balance, Satisfying the Accrual Test as a Matter of Law . . . . . . 1

     B.     Plaintiffs' Effort to Manufacture Misstatements From the May 1 and
February 18, 1998 Letters Fails to Avoid the Statute of Limitations . . . . . . . . . . . 3

          1.     Plaintiffs Have Already Conceded the Accuracy of the Plan's
Disclosures of How a Lump Sum Distribution Would be Made . . . . . . . . 3

          2.     Plaintiffs' Argument That the Plan's Manner of Calculating
Lump Sum Distributions Was "Unlawful" Does Not Create
a "Misstatement." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.    PLAINTIFF ALVAREZ'S DECLARATION FURTHER DEMONSTRATES THAT
HER CLAIMS ARE TIME BARRED BECAUSE THEY ACCRUED IN 1998 . . . . . . . 6

III.   PLAINTIFFS' VAGUE AND UNSUPPORTED ASSERTION THAT DISCOVERY
IS NEEDED CANNOT AVOID DISMISSAL OF THE TIME-BARRED CLAIMS . . . . 7

     A.     Plaintiffs Fail to Satisfy Rule 56(f) With Respect
to "Claim Accrual." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     B.     Plaintiffs Fail to Satisfy Rule 56(f) With Respect
to "Equitable Estoppel" or "Equitable Tolling." . . . . . . . . . . . . . . . . . . . . . . . . . . 9

     C.     Defendant's Objections to Plaintiffs' Overbroad Discovery Requests
Do Not Shield Alvarez's Time-Barred Claims From Dismissal . . . . . . . . . . . . . 10

TABLE OF AUTHORITIES[1]

CASES                                                                                                                PAGE(S)

Barnett v. International Business Machines Corp., 885 F. Supp. 581 (S.D.N.Y. 1995) . . . . . . 2-3

Carey v. International Brotherhood of Electric Workers, 201 F.3d 44 (2d Cir. 1999) . . . . . . . . . 2

Concourse Rehab. & Nursing Center Inc. v. Whalen, 249 F.3d 136 (2d Cir. 2001) . . . . . . . . . . 7

Crane v. Poetic Products, 2008 U.S. Dist. LEXIS 34070 (S.D.N.Y. Apr. 23, 2008) . . . . . . . . 8-9

Davenport v. Harry N. Abrams, Inc., 249 F.3d 130 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . 2

DeZaio v. Port Authority of N.Y. and N.J., 205 F.3d 62 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . 5

Hirt v. Equitable Ret. Plan for Employees, Managers and Agents,
     450 F. Supp.2d 331 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Kronisch v. United States, 150 F.3d 112 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Laurenzano v. Blue Cross and Blue Shield of Mass., 134 F. Supp.2d 189 (D. Mass. 2001) . . . . 2

Lerwick v. Kelsey, 150 Fed. Appx. 62 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

Miles v. N.Y.S. Teamsters Conf. Pension & Retirement Fund, 698 F.2d 593 (2d Cir. 1983) . . . 2

National Union Fire Insurance Co. v. Stroh Cos., 265 F.3d 97 (2d Cir. 2001) . . . . . . . . . . . . . . 8

Ormiston v. Nelson, 117 F.3d 69 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Paddington Partners v. Bouchard, 34 F.3d 1132 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . 8-9

Pinsky v. JP Morgan Chase & Co., 2008 U.S. Dist. LEXIS 15293 (S.D.N.Y. Feb. 11, 2008) . . . 9

Silva v. Peninsula Hotel, 509 F. Supp.2d 364 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . 8-9

Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506 (2d Cir. 1989) . . . . . . . . . . . . 7

Union Pacific R.R. v. Beckham, 138 F.3d 325 (8th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Wright v. Heyne, 349 F.3d 321 (6th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

---

[1] Capitalized terms used but not defined herein are intended to have the meanings ascribed in Defendant's Reply Memorandum dated January 4, 2008.

SUPPLEMENTAL MEMORANDUM IN RESPONSE TO PLAINTIFFS'
MAY 28 DECLARATION AND IN FURTHER SUPPORT OF DEFENDANT'S
<u>MOTION TO DISMISS, IN PART, THE FIRST AMENDED COMPLAINT</u>

By Order dated May 15, 2008, the Court invited the parties to submit "<u>evidence</u>" relevant to the present motion (the "May 15 Order"). Plaintiffs instead have filed a rambling declaration of their attorney, filled with ad hominem attacks, baseless innuendo, and efforts to once again argue the law governing the underlying claims and the intricacies of the "whipsaw rule" ("Gottesdiener May 28 Declaration"). Plaintiffs simply do not focus in any meaningful way on the evidence and the facts relevant to the accrual of the statute of limitations, the very crux of this motion. In so doing, Plaintiffs fail to meet Rule 56's mandate to come forward with credible, admissible evidence revealing "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). In fact, the only two legitimately evidentiary elements of Plaintiffs' latest submission – the February 18, 1998, letter from Defendant to Alvarez and the recent declaration of Plaintiff Alvarez herself – each reinforces Defendant's assertion that Alvarez's claims are time-barred and Defendant's motion should therefore be granted in all respects.

I.  THE FEBRUARY 18, 1998, LETTER FURTHER DEMONSTRATES
    THAT ALVAREZ'S CLAIMS ARE TIME-BARRED BECAUSE THEY
    <u>ACCRUED IN 1998.</u>

   A.  The February 18, 1998 Letter, Exactly Like the May 1, 1998 Letter,
       Clearly Repudiated Any Obligation to Pay Alvarez More Than Her
       <u>Current Account Balance, Satisfying the Accrual Test as a Matter of Law.</u>

Exhibit 1 to the Gottesdiener May 28 Declaration is a letter the Plan sent to Alvarez <u>before</u> she elected which form of benefit to receive (the "February 18, 1998 Letter"). The letter disclosed that, if Alvarez chose a one-time, lump sum distribution equal to her account balance, the Plan clearly repudiated any obligation to pay her anything further:

> <u>Option 1</u>. Lump Sum Payment: $9,887.45. A one-time distribution. After this distribution, no additional distributions will be made.

1

(Feb. 18, 1998 Letter, at 2).

The February 18, 1998 Letter therefore completely accords with the May 1, 1998 letter which accompanied that lump sum distribution, in which the Plan again clearly repudiated any obligation to pay anything further when it told Alvarez that "the enclosed check [i]s full settlement of your rights under the Pension Plan." (Pl. Dec. 10, 2007 Mem. at 11).[2]

These two letters are therefore dispositive of the present motion because, as shown in greater detail in earlier briefing, an ERISA claim accrues upon that clear repudiation.  E.g., Carey v. Int'l Bhd. of Elec. Workers, 201 F.3d 44, 48 n.4 (2d Cir. 1999) ("accrual is triggered by either actual knowledge or constructive knowledge of a clear repudiation"); Miles v. N.Y.S. Teamsters Conf. Pension & Retirement Fund, 698 F.2d 593, 598 (2d Cir. 1983); Hirt v. Equitable Ret. Plan for Employees, Managers and Agents, 450 F. Supp. 2d 331, 333 (S.D.N.Y. 2006) (ERISA claim accrues upon "a clear repudiation by the plan that is known, or should be known, to the plaintiff."); Laurenzano v. Blue Cross and Blue Shield of Mass., 134 F. Supp. 2d 189, 208 (D. Mass. 2001) ("[E]ach class member knew as much as he ever reasonably would know about his injury at the time he received his lump sum distribution, so the latest possible date of accrual for each class member came when he actually was injured.").

Thus, far from saving any claims from dismissal, the February 18, 1998 Letter reinforces that all of Alvarez's claims are time-barred.[3]

---

[2]   The May 1, 1998 Letter was previously submitted by Plaintiffs as Exhibit 3 to the December 10, 2007 Declaration of Eli Gottesdiener, and was the catalyst for the May 15 Order.

[3]   As the Court will recall, Plaintiffs acknowledged this very result when they alleged that resort to administrative remedies was futile because the Plan would have remained steadfast in repudiating any obligation to pay more.  E.g., Davenport v. Harry N. Abrams, Inc., 249 F.3d 130, 133 (2d Cir. 2001) (to plead futility, a plaintiff must have received an unequivocal denial of benefits such that "it is clear that seeking further administrative review of the decision would be futile"); Barnett v. Int'l Bus. Machs. Corp., 885 F. Supp. 581, 591 (S.D.N.Y. 1995) (ERISA

(continued...)

### B. Plaintiffs' Effort to Manufacture Misstatements From the May 1 and February 18, 1998 Letters Fails to Avoid the Statute of Limitations.

Plaintiffs argue that the February 18 and May 1, 1998 Letters "misstate" that Alvarez's lump sum "benefit" was equal to her then-current "account balance," and therefore the statute of limitations should somehow be tolled indefinitely. (Gottesdiener May 28 Decl. ¶¶ 8-9). But Plaintiffs desperate effort to manufacture a misstatement in order to save the time-barred claims from dismissal cannot survive scrutiny.

#### 1. Plaintiffs Have Already Conceded the Accuracy of the Plan's Disclosures of How a Lump Sum Distribution Would be Made.

There is no misstatement, because the Plan's disclosures accurately described the Plan's actual procedures, i.e., the Plan disclosed that a lump sum distribution would equal the then-current account balance and, in fact, upon payment the lump sum distribution equaled the then-current account balance. Indeed, in prior submissions Plaintiffs have already conceded the accuracy of those very disclosures:

> [T]he Plan paid Ms. Alvarez exactly what the Plan had always told her . . . , it was the most she could ever expect to receive, i.e., the then-current value of her notional account balance.
>      . . . .
> [The Plan] explained the benefit [participants] should expect to receive if they elected the lump sum optional form of benefit:
>
>> A lump sum payment is a one-time distribution equal to the value of your account balance on your benefit commencement date.  Once this distribution is made, no further distributions are payable.
>>      . . . .
>
> When Ms. Alvarez applied for her benefit, she received a lump sum distribution of her Plan benefit in an amount equal to the stated amount of her notional account balance as of her benefit commencement date.

---

³ (...continued) claim "accrued at the time at which it became futile to apply for benefits, because ... at that time there was a de facto denial of [the] claim."); accord Union Pac. R.R. v. Beckham, 138 F.3d 325, 332 (8th Cir. 1998) (claim accrues at the point at which exhaustion of remedies is claimed to have been futile).

3

(Pl. Dec. 10 Mem. at 5, 10, 11 (emphasis by Plaintiffs)).

The Plan's transparent disclosures therefore did nothing to prevent a participant from learning exactly how the Plan would calculate lump sum distributions, or from easily verifying that those disclosed procedures were strictly followed in making actual lump sum distributions.

Plaintiffs have also conceded that to be the case even with specific reference to Alvarez, when they explicitly assert that Alvarez "diligently confirmed her award," finding that "the check she received equaled her last account statement" (Pl. Dec. 10 Mem. at 24, 19) – exactly as the Plan disclosed it would in the February 18 and May 1, 1998 Letters (and the SPDs and Plan Documents) that Alvarez admittedly received and carefully read.[4]

Accordingly, there is no misstatement in the February 18 and May 1, 1998 Letters, let alone any misstatement which prevented Alvarez from learning how the Plan had calculated and paid her lump sum distribution – the very facts underlying her claim.

2. Plaintiffs' Argument That the Plan's Manner of Calculating Lump Sum Distributions Was "Unlawful" Does Not Create a "Misstatement."

Of course, Plaintiffs argue that those fully-disclosed procedures were "unlawful" because the lump sum distribution purportedly should have been enhanced over the account balance through application of a "whipsaw" methodology – and that certainly will be one of the central issues when it is time to reach the merits of the remaining claims which are not time barred. But there is nothing that the Plan said or did to prevent participants from learning all of the facts of what the Plan was doing – whether those procedures were lawful or not. Thus, while Plaintiffs now couch their arguments in the word "misstatement" in an effort to avoid the natural conse-

---

[4] If the Court harbored any doubt about whether Alvarez actually received and read the May 1, 1998 Letter, Plaintiffs' counsel has now testified that the letter was received by Alvarez on May 1, 1998 (Gottesdiener May 28 Decl. ¶¶ 3, 7), and Alvarez has testified that she is "smart," "well-educated," and carefully "paid attention" to that and all other disclosures she received from the Plan (Alvarez May 28 Decl. ¶¶ 4, 6).

4

quences of Alvarez waiting almost a decade to file her claim, Plaintiffs' arguments really boil down to the assertion that the Plan accurately and transparently described procedures which Plaintiffs now assert were unlawful:

> [B]y its terms and as a matter of consistent practice, the Plan invariably paid lump sums equal to participants' account balance.
>     . . . .
> Thus, the Plan did not violate the terms of the Plan document in calculating participants' benefit; rather, the terms of the Plan violate ERISA.

(Pl. Dec. 10 Mem. at 2 & n.2). But accurately describing procedures, even arguably unlawful procedures, simply does not create a misstatement which might toll the running of the statute.

And it does not matter for purposes of this motion whether Alvarez subjectively knew, or should have known, in 1998 whether the Plan's procedures were or were not lawful. All that was required was for Alvarez to have sufficient facts of how the lump sum distribution was being calculated, because, as shown in prior briefing, ignorance of the law is no excuse and cannot save a time-barred claim. E.g., Ormiston v. Nelson, 117 F.3d 69, 72 n.5 (2d Cir. 1997) ("Mere ignorance of the law is, of course, insufficient to delay the accrual of the statute of limitations."); DeZaio v. Port Auth. of N.Y. and N.J., 205 F.3d 62, 64 (2d Cir. 2000) ("[I]gnorance of the law excuses no one; not because courts assume everyone knows the law, but because this excuse is one all will plead and no one can refute."); Kronisch v. United States, 150 F.3d 112, 121 (2d Cir. 1998) ("[A] plaintiff need not know each and every relevant fact of his injury or even that the injury implicates a cognizable legal claim. Rather, a claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice.").

II.  **PLAINTIFF ALVAREZ'S DECLARATION FURTHER DEMONSTRATES THAT HER CLAIMS ARE TIME BARRED BECAUSE THEY ACCRUED IN 1998.**

In her recent declaration, Alvarez does not even try to identify any communication from the Plan which might obfuscate to her the facts of how the Plan was calculating her lump sum distribution. (Alvarez May 28 Decl. passim). To the contrary, Alvarez asserts that she is "smart and fairly well-educated" with a career and education in accounting (id. ¶¶ 3-4), and received and paid attention to the Plan disclosures – specifically including those she received with her lump sum distribution on May 1, 1998 (id. ¶¶ 5-6). This fully comports with Plaintiffs' prior concession that Alvarez "diligently confirmed her award," finding that "the check she received equaled her last account statement" (Pl. Dec. 10 Mem. at 24, 19) – exactly as the Plan disclosed it would (supra Section I.B.).

But what is most notable is Alvarez's failure to identify a single fact or a single event between when she received her lump sum distribution in 1998 and when she filed her lawsuit in 2007. The only thing that changed during that time period is that she had a conversation with an attorney who convinced her that she had a claim. (Alvarez May 28 Decl., passim, esp. ¶ 7). That is insufficient to toll the running of the statute:

> If the statute were tolled until an attorney informs the plaintiff that he or she has an ERISA claim, a plaintiff could delay accrual of a claim simply by waiting before consulting an attorney. This would nullify the . . . limitation period.

Wright v. Heyne, 349 F.3d 321, 330-31 (6th Cir. 2003), citing Board of Regents of The Univ. of the State of N.Y. v. Tomanio, 446 U.S. 478, 487-88 (1980).[5]

As Plaintiffs themselves starkly admit:

---

[5] In fact, Plaintiffs' attorney's latest declaration further confirms that all Alvarez supposedly lacked in 1998 was the purported knowledge that the Plan's transparent procedures were "unlawful" under controlling law. (Gottesdiener May 28 Decl. ¶ 8).

6

> No matter how sympathetic the plaintiff, or how subjectively unaware to his injury he may have been, the discovery rule says "too bad": . . . a participant . . . has to exercise reasonable diligence. . . .

(Pl. Dec. 10 Mem. at 6).

III.   PLAINTIFFS' VAGUE AND UNSUPPORTED ASSERTION THAT DISCOVERY IS NEEDED CANNOT AVOID DISMISSAL OF THE TIME-BARRED CLAIMS.

Apparently cognizant that they have failed to raise any genuine issue of material fact for trial, Plaintiffs muse that additional discovery might yield something helpful to them, and ask the Court to defer this motion under Rule 56(f). (Gottesdiener May 28 Decl. ¶¶ 19-25). At the outset, Plaintiffs seem to overlook that the only two cases they cite in support of their argument go against them, finding summary judgment appropriate because the non-movant failed to sufficiently specify what discovery was needed. See Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 512 (2d Cir. 1989) (affirming summary judgment where appellants "proffered no persuasive basis" that further discovery was necessary); Concourse Rehab. & Nursing Center Inc. v. Whalen, 249 F.3d 136, 146 n.3 (2d Cir. 2001) (affirming summary judgment and rejecting Rule 56(f) argument where non-movant failed to prove that additional discovery was required) (each cited in Gottesdiener May 28 Decl. ¶ 18).

To be sure, Rule 56(f) is not a magic incantation that will, merely by recitation, cause an otherwise appropriate motion for summary judgment to disappear. To invoke Rule 56(f), Plaintiffs must set forth specific facts of what discovery is required, and how such discovery will supply genuine issues of fact material to the current motion – speculation and supposition will simply not suffice. See Lerwick v. Kelsey, 150 Fed. Appx. 62, 65 (2d Cir. 2005) (affirming summary judgment where opponent "did not explain with any specificity, inter alia, how he was prevented from obtaining discovery; indeed, his remaining discovery requests appear to be more

7

of a 'fishing expedition' than a good-faith effort to fill in evidentiary gaps"); Nat'l Union Fire Ins. Co. v. Stroh Cos., 265 F.3d 97, 117 n.7 (2d Cir. 2001) (affirming summary judgment where Rule 56(f) proponent failed to "explain with any specificity how such discovery may justify its opposition to summary judgment."); Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994) (district court may refuse Rule 56(f) request "if it deems the request to be based on speculation as to what potentially could be discovered."); Silva v. Peninsula Hotel, 509 F. Supp.2d 364, 379 (S.D.N.Y. 2007) (denying Rule 56(f) relief where party offered "nothing more than his own speculation and conjecture in support of his claim" since "evidence in opposition to a summary judgment motion must be based on 'concrete particulars,' not 'conclusory allegations.'").

But artifice, speculation and supposition are all that Plaintiffs provide.

A.  Plaintiffs Fail to Satisfy Rule 56(f)
    With Respect to "Claim Accrual."

Plaintiffs speculate that discovery of "other [unspecified] statements" made by the Plan to Alvarez, or by the Plan to other Plan participants, "could create . . . a genuine issue of material fact that [Alvarez] was blamelessly ignorant of her injury." (Gottesdiener May 28 Decl. ¶ 21). As to statements made to Alvarez, the record is clear that Defendant has long ago produced all statements the Plan made to Alvarez – most of which were produced prior to formal discovery even taking place. (Gottesdiener May 28 Decl. Exh. 3 at 3, 8 (Responses to Plaintiffs' First Discovery Requests)). This therefore provides no basis for Rule 56(f) relief. And Plaintiffs nowhere explain how statements the Plan may have made to other participants could possibly bear on Alvarez's state of mind, i.e., her purported "ignoran[ce] of her injury." This too therefore fails to provide any basis for Rule 56(f) to shield Alvarez from dismissal of her time-barred claims. E.g., Crane v. Poetic Prods., 2008 U.S. Dist. LEXIS 34070, at *5-6 (S.D.N.Y.

8

Apr. 23, 2008) ("When the discovery sought is irrelevant to the issues before the Court, relief under Rule 56(f) will be denied."); <u>Pinsky v. JP Morgan Chase & Co.</u>, 2008 U.S. Dist. LEXIS 15293 *12 (S.D.N.Y. Feb. 11, 2008) ("Rule 56(f) cannot be used to delay the adjudication of a motion for summary judgment where discovery is not necessary, either because the argument in opposition to the motion raises only an issue of law, or because the purported issue of fact on which discovery is needed is immaterial.").

      B.      Plaintiffs Fail to Satisfy Rule 56(f) With Respect to "Equitable Estoppel" or "Equitable Tolling."

Plaintiffs assert that wholly unidentified discovery may show that the Plan knowingly made unspecified false representations or omissions which somehow caused Alvarez to not act sooner in bringing her claims. (Gottesdiener May 28 Decl. ¶¶ 23, 25). Of course, this patently speculative argument, without any specificity whatsoever, is insufficient to invoke Rule 56(f). <u>E.g.</u>, <u>Paddington Partners</u>, 34 F.3d at 1138 ("speculation as to what potentially could be discovered" insufficient); <u>Silva</u>, 509 F. Supp.2d at 379 (Rule 56(f) requires "concrete particulars, not conclusory allegations.").

Moreover, each time that Plaintiffs have tried to allege an omission or misstatement, Defendant has shown the allegation to be baseless. As the Court will recall, in their Answering Brief Plaintiffs asserted that Defendant failed to accurately disclose the minimum interest credit rate. (Pl. Dec. 10 Mem. at 12). Defendant's Reply proved that allegation to be utterly foreclosed by the controlling documents and Plaintiffs' own admissions (Def. Jan. 4, 2008 Mem. at 9-10), and the argument now seems to have been abandoned in Plaintiffs' latest papers (Gottesdiener May 28 Decl., <u>passim</u>). Of course, it was replaced by allegations of a supposedly new misstatement, that Defendant failed to accurately disclose how a lump sum distribution would be calculated. (Gottesdiener May 28 Decl. ¶¶ 8-9). But that allegation too is baseless, as it is clear

9

from the record that the Plan always disclosed exactly how it would calculate lump sum settlements. (Supra Section I.B.). There is therefore no misstatement nor omission that would provide a basis for equitable estoppel or equitable tolling.

And finally, even if some knowing misstatement or omission had arguably occurred and some unspecified evidence of it arguably existed somewhere, that would still not be material to the current motion, because Defendant has demonstrated in previous briefing that Alvarez has failed to satisfy the other elements to meet her extraordinarily heavy burdens to invoke equitable estoppel or equitable tolling. (Def. Jan. 4 Mem., at 9-10).

    C.    Defendant's Objections to Plaintiffs' Overbroad Discovery Requests Do Not Shield Alvarez's Time-Barred Claims From Dismissal.

Tellingly, Plaintiffs refer to Defendant's objections to Plaintiffs' discovery requests only in generalized, sweeping terms, without once pointing to a specific request or response – let alone ever dealing with the substance of any of Defendant's objections. That is because perusal of Exhibit 4 to the Gottesdiener May 28 Declaration reveals that the overwhelming majority of Defendant's objections relate to premature contention interrogatories relating to class certification issues of commonality and typicality, and to requests for information concerning participants in the Plan long before even Alvarez was enrolled. As such, those objections and that putative discovery have nothing to do with the present motion.

Indeed, Plaintiffs acknowledged this very fact when they explicitly agreed to set aside all disputes over Defendant's discovery objections until after the statute of limitations defense was adjudicated. (Document 21 at 1-2 (January 14, 2008 Letter from Gottesdiener to the Court, specifically incorporated into the Gottesdiener May 28 Decl. ¶ 26)). Rule 56(f) therefore provides no basis for denying or deferring determination of this motion.

## CONCLUSION

For all the foregoing reasons, Defendant's motion should be granted in all respects.

Dated: New York, New York
June 6, 2008

    /s/ Samuel Kadet
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000

*Attorneys for Defendant Skadden, Arps,
 Slate, Meagher & Flom LLP Pension Plan*

11