Eli Gottesdiener (EG 0111)
GOTTESDIENER LAW FIRM, PLLC
498 7th Street
Brooklyn, NY 11215
Telephone: (718) 788-1500
Facsimile:  (718) 788-1650

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | |
|---|---|
| JONATHAN X. FLAGG and | : |
| | : |
| JACQUELINE ALVAREZ, | : |
| | : |
| On behalf of themselves and on | : |
| behalf of all others similarly situated, | : |
| | : 07 Civ. 7392 (PKC) (HBP) |
| Plaintiffs, | : |
| | : |
| - against - | : |
| | : |
| SKADDEN, ARPS, SLATE, MEAGHER | : |
| & FLOM PENSION PLAN, | : |
| | : |
| Defendant. | : |

-------------------------------------------------------x

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER CONVERTING ITS PARTIAL MOTION TO DISMISS INTO A PARTIAL MOTION FOR SUMMARY JUDGMENT**

The Skadden Plan has the burden of proof on its affirmative defense of limitations. The only proof Skadden put before the Court were Summary Plan Descriptions that **concealed** from participants the very 8% guaranteed (or virtually guaranteed) interest crediting rate that is the reason the Plan owed Ms. Alvarez a whipsaw payment in the first place.

The key to this case is that an actuary, literally, could not have figured out he or she was owed more than his or her account balance without that essential piece of information.

The point gets back to something the Court asked about many months ago: Isn't it appropriate to require people, even plan participants who should be able to rely on their fiduciaries for straight talk, to do a little and check their payment and discover within the limitations period given to them whether or not there's been a mistake? Yes. **That's not this case.**

This case involves a highly technical calculation, and plan fiduciaries who assured participants that the "account balance" was all there was, that the plan worked like a savings account or a 401(k) plan. Well, it didn't. The account balance wasn't all there was. There was an omitted projection to normal retirement age at a very high interest rate *that was not disclosed to participants.*

The facts are in the record. The standard is clear. Defendant seeks to obscure it. The Court should not be misled.

The test is the date of **discovery**, not the date of **injury.** *Discovery of the injury*, based on reasonable diligence, not a degree in actuarial science.

The fiduciary is responsible for bringing that discovery home to the participant in all but the most obvious cases. Clear repudiation. Not implicit repudiation.

Defendant's motion should be denied. Ms. Alvarez's claim is timely.

Dated: June 6, 2008               Respectfully submitted:

                                                          */Eli Gottesdiener*
Eli Gottesdiener [EG0111]
Gottesdiener Law Firm, PLLC
498 7th Street
Brooklyn, N.Y. 11215
(718) 788-1500
(718) 788-1650 (facsimile)
*Attorney for Plaintiffs and the proposed Classes*