UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JONATHAN X. FLAGG and
JACQUELINE ALVAREZ, on behalf of themselves
and on behalf of all others similarly situated,        07 Civ. 7392 (PKC)

                                Plaintiffs,        MEMORANDUM
                                                       AND
        -against-        ORDER

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM PENSION PLAN,

                                Defendant.
-----------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        The plaintiffs are two former employees of the law firm, Skadden, Arps, Slate, Meagher, & Flom LLP (the "Firm"). They have brought this action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461 and allege that they are participants in the defendant Skadden, Arps, Slate, Meagher & Flom LLP Pension Plan (the "Plan"), a defined benefit plan.[1] Specifically, plaintiffs claim that lump-sum payments to them were improperly calculated because the Plan administrator failed to make a required "whipsaw" calculation (explained herein) which would have increased their pay-outs. See Esden v. Bank of Boston, 229 F.3d 154 (2d Cir. 2000).

        The defendant Plan moves to dismiss the claim of plaintiff Jacqueline Alvarez as time-barred under a six-year statute of limitations. The First Amended Complaint ("FAC") acknowledges that Ms. Alvarez received a lump sum payment from the Plan nine years prior to the commencement of this action. (FAC ¶ 12.) Plaintiff Alvarez urges that her claim is timely because it did not accrue until she discovered the existence of the claim, which was

---

[1] The Firm is the Plan sponsor and a fiduciary with respect to the Plan. ERISA §§ 3(16)(B), 402(a), 29 U.S.C. §§ 1002(16)(B), 1102(a).

within the six-year period.  Alternatively, she argues that she is entitled to equitable tolling of the statute of limitations or that the defendant should be equitably estopped from invoking the statute of limitations.

For the reasons outline below, this Court concludes that a six-year statute of limitations applies to the claim of Ms. Alvarez and her claim accrued upon her receipt of a May 1, 1998 letter, which amounted to a repudiation by the Plan of any further obligation to pay her.  Although the claim accrued more than six years prior to the commencement of this action, the doctrines of equitable tolling and equitable estoppel may have application to her claim.  A determination of the applicability of these doctrines will be made after affording Ms. Alvarez the opportunity to conduct discovery.  Accordingly, defendant's motion is denied.

<u>Materials Properly Considered on the Motion.</u>

Conceptually, defendant's motion seeks to raise a waivable, affirmative defense– the bar of the statute of limitations on a pre-answer motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P.  In this Circuit, a defendant may do so.  <u>Ghartey v. St. John's Queens Hosp.</u>, 869 F.2d 160, 162 (2d Cir. 1989) (permitting assertions of statute of limitations defense on a pre-answer motion under Rule 12(b)(6)).

On a Rule 12(b)(6) motion, the Court is limited to consideration of the facts as stated in the complaint, any documents which are attached to the complaint, and any documents which are incorporated by reference into the complaint.  <u>See</u> <u>Newman & Schwartz v. Asplundh Tree Expert Co.</u>, 102 F.3d 660, 662 (2d Cir. 1996).  The Court may consider documents annexed to the complaint or incorporated by reference into the complaint without converting the motion into a motion for summary judgment.  <u>Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.</u>, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) (quoting <u>Cortec Indus., Inc. v. Sum Holding L.P.</u>, 949 F.2d 42, 47 (2d Cir.1991)).  "Even where a document is not

incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir.2002) (internal quotation marks and citations omitted); see also Levy v. Southbrook Int'l Investments, Ltd., 263 F.3d 10, 13 n.3 (2d. Cir. 2001).

The defendant Plan relies on extracts from the Plan's Form 5500 filings with the Internal Revenue Service ('IRS') for years 1994 through 2005 and Summary Plan Descriptions ('SPD') for years 2003 through 2006. The FAC expressly refers to the SPDs. It also refers to IRS Notice 96-8, 1996-1 C.B. 359-61, the text of which has been supplied by defendant.

Invoking the procedure set forth in Rule 12(d), Fed. R. Civ. P., this Court issued an Order, dated May 15, 2008, advising the parties that the Court intended to consider matters outside the pleadings, specifically, a letter to plaintiff Alvarez dated May 1, 1998 which plaintiff had submitted in opposition to the motion. (Order of May 15, Doc. # 23.) The parties were given a date by which they could submit "any evidence which Rule 56 permits . . . ." as well as a date to respond to any such evidence. (Id.) Plaintiff Alvarez has availed herself of the opportunity to submit additional evidence. The motion is converted to one under Rule 56, Fed. R. Civ. P. and the standards applicable to a summary judgment motion are controlling.

The Complaint

For the purpose of this motion, I will deem the allegations and evidence of plaintiff Alvarez as true and draw all reasonable inferences in her favor.

The Plan, according to the FAC, was a defined benefit plan of the "cash balance" variety, in which a hypothetical account was established for the participants. (FAC ¶ 10.)

Plaintiffs accrued "service credits" based on a percentage of the compensation eligible for pension credit. These "service credits" notionally "earned" annual "interest credits" under a stated formula. (Id.)

When an employee leaves the Firm, she need not withdraw from the Plan and can leave the balance on deposit "earning" "interest credits." However, the employee-participant may elect to receive a lump-sum payment from the Plan. Plaintiffs allege that the Plan merely paid the employee the value of the account balance as of the date the benefit is to be paid with any accrued-to-date interest credits. This, according to plaintiffs, was not in accordance with controlling principles of law. Plaintiffs assert that defendant failed to engage in a required "whipsaw" calculation, pursuant to which the Plan administrator would project the accretion to the account balance until normal retirement age of 65 using the Plan's generous interest rate formula and then discount that amount to present value using a statutory discount rate required by ERISA. Plaintiffs' claim is based upon the difference between the higher rate used by the Plan to calculate interest going forward and the lower discount rate used for bringing the calculation back to present value. The theory of liability was recognized in Esden, 229 F.3d at 157-58.

> The Plan document describes the Plan's interest rate formula as follows:
>
> 4.4 Periodic Adjustment Credits. (a) . . . [E]ach Participant's [account] . . . shall be automatically increased during the Plan Year . . . by a 'Periodic Adjustment Percentage' equal to the average interest rate of one-year Treasury Constant Maturities as published in the Federal Reserve Statistical release H.15 (519) of the Board of Governors of the Federal Reserve System, measured on the October 1, November 1 and December 1 of the year immediately preceding the Plan Year, plus one percentage point. (For example, if such average interest rate is seven percent (7%), the Periodic Adjustment Percentage shall be eight percent (8%).) The average interest rate shall be calculated and rounded to the nearest one-hundredth of a percentage point.
>
> (b) Notwithstanding Section 4.4(a) hereof, the Periodic Adjustment Percentage in any Plan Year shall not exceed twelve percent (12%) and

>shall not be less than the lower of eight percent (8%) or the midpoint of
>the range established for the "standard interest rate" by regulations issued
>under Section 401(a)(4) of the Code, as such range may be adjusted
>from time to time by the Commissioner pursuant to such regulations.

(Brown Decl., Exh. B §4.4, at 19-20 (Plan Document).)

Plaintiffs read the foregoing as a guaranteed minimum of 8% per annum. The defendant concedes that the formula has yielded a historical figure of 8% but contends that it is not a guaranteed minimum. This distinction, in defendant's view, is significant because the calculation is done prospectively at the time a lump sum payment is made. The issue is identified as part of the background and is not presented for resolution on this motion.

Statute of Limitations

Because ERISA does not contain its own statute of limitations, courts look to the most nearly analogous state statute of limitations. See Bd. of Regents v. Tomanio, 446 U.S. 478, 483-84 (1980). The six-year period set forth in N.Y. C.P.L.R. §213 controls in an action brought under section 502(a) of ERISA. 29 U.S.C. §1132(a). Davenport v. Harry N. Abrams, Inc., 249 F.3d 130, 134-135 (2d Cir. 2001) (citing Miles v. New York State Teamsters Conference Pension and Ret. Fund Employee Pension Ben. Plan, 698 F.2d 593, 598-599 (2d Cir. 1983)).[2] Plaintiff Alvarez does not dispute the applicability of the six-year statute of limitations to her claim.

Plaintiff Alvarez argues that a discovery rule ought to apply, i.e., that the claim did not accrue until she discovered facts which would place a reasonable person on notice that she had a claim. Specifically, she asserts that the Plan represented to her in literature that her benefits equaled her account balance (implicitly, that no whipsaw calculation was required)

---

[2] C.P.L.R. § 213(1) sets forth a six-year limitations period for "an action for which no limitation is specifically prescribed by law. . . ." In re Meyer, 303 A.D.2d 682, 683 (1st Dept. 2003), cites subdivision 1 in considering a claim against a fiduciary to compel an accounting. The particular subdivision of CPLR § 213 has some significance. Subdivision 8, governing fraud actions, expressly incorporates a discovery rule; no other subdivision of the section contains a discovery provision.

Case 1:07-cv-07392-PKC   Document 27   Filed 06/18/2008   Page 6 of 9

-6-

and "she can hardly be faulted for not becoming suspicious when the check she received equaled her last account statement." (P. Mem. at 19.)

Defendant does not argue that Ms. Alvarez knew or appreciated that she might have a claim against the Plan at the time she received the lump sum payment nine years ago. Edsen was decided on September 12, 2000, more than six years prior to the institution of this action, and resolved "an issue of first impression in the Courts of Appeals" which resulted in a reversal of the district court's dismissal of the claim.  229 F.3d at 157.  But defendant does argue that the claim accrued at the time of the lump-sum distribution, whether or not Ms. Alvarez subjectively realized it.

On an ERISA claim brought by a plan participant against the plan, a federal court sitting in New York will apply New York's accrual rule for claims against a fiduciary. Larsen v. NMU Pension Trust of NMU Pension & Welfare Plan, 902 F.2d 1069, 1073 (2d Cir. 1990) (citing In re Barabash, 31 N.Y.2d 76, 80 (1972)); Miles, 698 F.2d at 598 (citing Barabash at 80). "The law requires proof of a repudiation by the fiduciary which is [c]lear and made known to the beneficiaries viewed in the light of the circumstances of the particular case." Barabash, 31 N.Y. 2d at 80 (citation omitted).  An "equivocal course of conduct" by the fiduciary such as hinting at a counter offer or requesting further documentation does not satisfy the "clear act of open repudiation" requirement.  Id. at 81.  A letter to the widow of a plan participant that "she was entitled to 26 payments of pension benefits with the final payment due September 1, 1982" has been held not to be a sufficient repudiation.  Larsen, 902 F.2d at 1073.  However, a later letter advising that "[a]ll monies have been paid that are payable and there are no further monies due the widow . . . ." would have been a clear repudiation.  Id. at 1074.

Here, on May 1, 1998, the Firm's Supervisor of Pension Benefits wrote to Ms. Alvarez in a letter transmitted via certified mail return receipt requested enclosing a check in the amount of $7,961.92 ($9,952.40 less income tax withholdings) "representing the full value of your vested interest (100%) in the Plan." Ms. Alvarez was asked to sign and return a copy of the letter to evidence "your receipt and, acceptance, without objection, of the enclosed check in full settlement of your rights under the Pension Plan."

Ms. Alvarez submitted the May 1 letter to this Court as part of her opposition to the Rule 12(b)(6) motion and, indeed, it was the submission of the letter which prompted this Court to issue an Order notifying the parties of the Court's intention to convert the motion to one for summary judgment. Ms. Alvarez does not dispute its receipt or her acceptance of the proceeds of the check.

The issue presented on the motion is not whether the May 1 letter disclosed to Ms. Alvarez the existence of a claim against the Plan. Nor is the issue whether the letter accurately stated the amount to which she was entitled; indeed, the premise of the action is that it did not. But the letter, accompanying the transmittal of the check "as full settlement of your rights under the Pension Plan," was not equivocal. It was not an invitation to negotiate. The May 1 letter was a clear repudiation by the Firm's administrators, acting for the Plan, which was made known to Ms. Alvarez, the beneficiary. Under New York's accrual rule, which federal courts apply to ERISA claims against a plan, the claim accrued upon receipt of the letter by Ms. Alvarez.

Because the claim of Ms. Alvarez accrued more than six-years prior to the commencement of this lawsuit, it is barred by the statute of limitations unless the doctrines of equitable tolling or equitable estoppel have application to her claim. See Simcuski v. Saeli, 44 N.Y.2d 442, 448-49 (1978) (equitable estoppel), Cerbone v. Int'l Ladies Garment Workers'

Union, 768 F.2d 45, 48 (2d Cir. 1985) (equitable tolling).  These doctrines may allow Ms. Alvarez to maintain her claim under certain circumstances, including where, in addition to other required elements, she can demonstrate that the defendant concealed material facts which it had a duty to reveal, or defendant affirmatively acted to prevent her from discovering its wrongful conduct.  The defenses are fact-intensive and, may turn, in part, on the actions of the plaintiff, i.e. what she knew, when she knew it, what she relied upon, her level of sophistication and whether she acted with due diligence.  Plaintiff has asserted under Rule 56(f) that there are specific areas of pretrial discovery that she desires to pursue in order to frame an opposition to the motion, e.g. whether defendant actively concealed the existence of a claim.

I will permit the parties to conduct discovery on these equitable doctrines and will examine the issues on a properly framed summary judgment motion at the conclusion of fact discovery.

Conclusion

The claim of plaintiff Alvarez accrued in early May 1998, more than six years prior to the commencement of this action, when the Plan unequivocally repudiated her entitlement to any further payment.  This fact is deemed established within the meaning of Rule 56 (d)(1), Fed. R. Civ. P.  However, the doctrines of equitable tolling and equitable estoppel may have application to this case, a matter which I do not now decide.  The parties will be permitted to conduct full discovery of the facts that underlie these doctrines and may proceed, by way of a motion for summary judgment, after the completion of discovery.  The motion to dismiss, converted into a motion for summary judgment, is denied, except to the extent of the fact established pursuant to Rule 56(d)(1).

proceed, by way of a motion for summary judgment, after the completion of discovery. The motion to dismiss, converted into a motion for summary judgment, is denied, except to the extent of the fact established pursuant to Rule 56(d)(1).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 17, 2008