UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN X. FLAGG and JACQUELINE ALVAREZ,<br><br>Plaintiffs,<br><br>- against -<br><br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP PENSION PLAN,<br><br>Defendant. | 07 Civ. 7392 (PKC) (HBP)<br><br>(ECF CASE)<br><br>Electronically Filed |

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP PENSION PLAN'S
ANSWER TO THE FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Skadden, Arps, Slate, Meagher & Flom LLP Pension Plan ("the Plan" or "Defendant"), as and for its Answer to the First Amended Complaint dated October 18, 2007 (the "First Amended Complaint"), states as follows:[1]

RESPONSE TO ALLEGATIONS
CONCERNING THE NATURE OF THE ACTION

1. The allegations contained in Paragraph 1 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies the allegations of Paragraph 1, except Defendant admits that the Complaint purports to be brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").

---

[1] Unless specifically responded to herein, Defendant denies each and every averment in the Amended Complaint.

RESPONSE TO ALLEGATIONS
CONCERNING JURISDICTION AND VENUE

2. The allegations contained in Paragraph 2 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies the allegations of Paragraph 2, except Defendant admits that the Complaint purports to be brought pursuant to 18 U.S.C. §§ 1331, 1332(e)(1) and (f).

3. The allegations contained in Paragraph 3 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 3 of the First Amended Complaint, except admits that the Plan is administered within the Southern District of New York.

4. The allegations contained in Paragraph 4 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 4 of the First Amended Complaint, except admits that the Plan is administered within the Southern District of New York.

RESPONSE TO ALLEGATIONS
CONCERNING THE PARTIES

5. The allegations contained in Paragraph 5 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 5 of the First Amended Complaint, except admits that Plaintiff Jonathan X. Flagg is a former employee of Skadden, Arps, Slate, Meagher & Flom LLP (the "Firm") and participated in the Plan for a time during such employment.

6.  The allegations contained in Paragraph 6 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 6 of the First Amended Complaint, except admits that Plaintiff Jacqueline Alvarez is a former employee of the Firm and participated in the Plan for a time during such employment.

7.  The allegations contained in Paragraph 7 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 7 of the First Amended Complaint, except: (i) admits that the Plan is a defined benefit employee pension benefit plan; (ii) admits that the Firm is the Plan's sponsor; (iii) admits that the Plan's administrator is a committee appointed by the Firm and includes Firm partners and employees; (iv) respectfully refers the Court to (a) the 1992 Plan Document; (b) ERISA §§ 3(16)(A), 3(16)(B), 402(a); and (c) 29 U.S.C. §§ 1002(16)(A), 1002(16)(B) and 1102(a), for the complete and accurate texts thereof.

### RESPONSE TO ALLEGATIONS CONCERNING THE "FACTS"

8.  Defendant denies the allegations contained in Paragraph 8 of the First Amended Complaint, except admits that Flagg was employed by the Firm from a date in 1998 until a date in 2003, and admits that Alvarez was employed by the Firm from a date in 1988 to a date in 1997.

9.  Defendant denies the allegations contained in Paragraph 9 of the First Amended Complaint, except: (i) admits that the Plan is a cash balance plan in which a hypothetical account was established for each of Alvarez and Flagg; (ii) admits that Flagg and Alvarez accrued pension benefits under the Plan.

10. Defendant denies the allegations contained in Paragraph 10 of the First Amended Complaint, except: (i) admits that Flagg and Alvarez accrued service credits and interest credits under the Plan, and (ii) respectfully refers the Court to the Plan documents for the complete and accurate terms thereof.

11. The allegations contained in Paragraph 11 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 11 of the First Amended Complaint, except: (i) admits that the Plan is a frontloaded interest crediting plan; and (ii) respectfully refers the Court to the Plan documents and IRS Notice 96-8, 1996-1 C.B. 359-61 for the complete and accurate terms thereof.

12. Defendant admits the allegations contained in Paragraph 12 of the First Amended Complaint.

13. The allegations contained in Paragraph 13 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 13 of the First Amended Complaint, except (i) the Plan calculated and paid Flagg and Alvarez a benefit according to the terms of the Plan; and (ii) respectfully refer the Court to the Plan documents and IRS Notice 96-8 for the complete and accurate text thereof.

14. The allegations contained in Paragraph 14 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 14 of the First Amended Complaint and respectfully refers the Court to *Esden v. Bank of Boston*, 229 F.3d 154 (2d Cir. 2000), for the complete and accurate text thereof.

15. The allegations contained in Paragraph 15 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 15 of the First Amended Complaint and respectfully refers the Court to *Novella v. Westchester County*, 443 F. Supp. 2d 540 (S.D.N.Y. 2006) for the complete and accurate text thereof.

16. Defendant denies each and every allegation contained in Paragraph 16 of the First Amended Complaint.

17. The allegations contained in Paragraph 17 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 17 of the First Amended Complaint and respectfully refers the Court to: (i) the 1992 Summary Plan Description ("SPD"); (ii) ERISA § 102(a)(1); and (iii) 29 U.S.C. § 1022(a)(1); 29 C.F.R. § 2520.102-2, for the complete and accurate texts thereof.

18. The allegations contained in Paragraph 18 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 18 of the First Amended Complaint, except: (i) denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' states of mind; and (ii) respectfully refers the Court to IRS Notice 96-8 and the Plan documents and other communications to Plaintiffs for the complete and accurate text thereof.

## RESPONSE TO ALLEGATIONS CONCERNING
## EXHAUSTION OF THE PLAN'S CLAIMS PROCESS

19. The allegations contained in Paragraph 19 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 19 of the First Amended Complaint, except admits that Flagg and Alvarez failed to exhaust the Plan's internal administrative claims process prior to bringing suit.

20. The allegations contained in Paragraph 20 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 20 of the First Amended Complaint.

21. The allegations contained in Paragraph 21 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 21 of the First Amended Complaint.

22. The allegations contained in Paragraph 22 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 22 of the First Amended Complaint and respectfully refers the Court to 56 Fed. Reg. 47524, 47528 (1991), and the listed judicial opinions for the complete and accurate text thereof.

23. - 26.    The First Amended Complaint fails to include Paragraphs 23 - 26.

27. The allegations contained in Paragraph 27 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be

required, Defendant denies each and every allegation contained in Paragraph 27 of the First Amended Complaint.

28. The allegations contained in Paragraph 28 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 28 of the First Amended Complaint.

## RESPONSE TO ALLEGATIONS CONCERNING CLAIM FOR RELIEF

29. Defendant incorporates by reference, as though fully set forth herein, its foregoing responses to Paragraphs 1 through 28 of the First Amended Complaint.

30. The allegations contained in Paragraph 30 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 30 of the First Amended Complaint and respectfully refers the Court to: (i) ERISA §§ 203(e) and 205(g); (ii) IRC § 417(e); (iii) Treasury Regulation § 1.417(e)-1(d); and (iv) the Plan documents; for the complete and accurate texts thereof.

31. The allegations contained in Paragraph 31 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 31 of the First Amended Complaint, except: (i) admits that the Plan paid Alvarez and Flagg lump sum distributions; and (ii) respectfully refers the Court to: (a) ERISA §§ 203(e) and 205(g); (b) IRC § 417(e); and (c) Treasury Regulation § 1.417(e)-1(d), for the complete and accurate texts thereof.

32. The allegations contained in Paragraph 32 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be

required, Defendant denies each and every allegation contained in Paragraph 32 of the First Amended Complaint and respectfully refers the Court to: (i) ERISA § 203(a); (ii) IRC § 411(a); (iii) Treasury Regulation § 1.411(a)-4 and 4T; and (iv) the Plan documents for the complete and accurate texts thereof.

RESPONSE TO PLAINTIFFS'
CLASS ACTION ALLEGATIONS

33. The allegations contained in Paragraph 33 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 33 of the First Amended Complaint, except admits that Flagg and Alvarez purport to bring claims on behalf of a class and, with respect to Alvarez, a subclass.

34. Defendant denies each and every allegation contained in Paragraph 34 of the First Amended Complaint, except admits that Flagg and Alvarez purport to define a putative class as described in Paragraph 34.

35. The allegations contained in Paragraph 35 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 35 of the First Amended Complaint, except denies information or knowledge sufficient to form a belief as to the present locations of the various members of the putative class.

36. The allegations contained in Paragraph 36 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 36 of the First Amended Complaint.

37. The allegations contained in Paragraph 37 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 37 of the First Amended Complaint, except: (i) admits that the Plan calculated lump sum distributions in accordance with the Plan documents; and (ii) respectfully refers the Court to the Plan documents for the complete and accurate text thereof.

38. The allegations contained in Paragraph 38 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 38 of the First Amended Complaint, except: (i) admits that the Plan calculated lump sum distributions in accordance with the Plan documents; and (ii) respectfully refers the Court to the Plan documents and applicable provisions of ERISA for the complete and accurate text thereof.

39. The allegations contained in Paragraph 39 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 39 of the First Amended Complaint.

40. The allegations contained in Paragraph 40 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 40 of the First Amended Complaint.

41. The allegations contained in Paragraph 41 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be

required, Defendant denies each and every allegation contained in Paragraph 41 of the First Amended Complaint.

42. Defendant denies each and every allegation contained in Paragraph 42 of the First Amended Complaint, except admits that Alvarez purports to define a putative subclass as described in Paragraph 42.

43. The allegations contained in Paragraph 43 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 43 of the First Amended Complaint, except denies information or knowledge sufficient to form a belief as to the present locations of the various members of the putative subclass.

44. The allegations contained in Paragraph 44 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 44 of the First Amended Complaint.

45. The allegations contained in Paragraph 45 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 45 of the First Amended Complaint.

46. The allegations contained in Paragraph 46 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 46 of the First Amended Complaint.

47. The allegations contained in Paragraph 47 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 47 of the First Amended Complaint.

48. The allegations contained in Paragraph 48 of the First Amended Complaint are conclusions of law as to which no response is required. To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 48 of the First Amended Complaint.

## SPECIFIC DEFENSES

### FIRST SPECIFIC DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND SPECIFIC DEFENSE

The Proposed Class and Subclass members raise inconsistent questions of fact and law and thus cannot warrant certification pursuant to Fed. R. Civ. P. 23(a)(2).

### THIRD SPECIFIC DEFENSE

The Proposed Class and Subclass members were all affected by the Plan's actions differently and thus cannot warrant certification pursuant to Fed. R. Civ. P. 23(b)(2).

### FOURTH SPECIFIC DEFENSE

The claims of Alvarez, and the putative Subclass she purports to represent, are barred by a six year statute of limitation.

WHEREFORE, having answered the First Amended Complaint, Defendant respectfully requests that the Court:

 (a) dismiss the First Amended Complaint with prejudice;

 (b) award Defendant its costs and expenses, including reasonable attorneys' fees; and

 (c) award Defendant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   July 2, 2008

Respectfully submitted,

/s/ Samuel Kadet
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Samuel Kadet
Henry P. Wasserstein
James W. Brown
Four Times Square
New York, New York  10036-6522
Telephone:  (212) 735-3000
Samuel.Kadet@skadden.com

*Attorneys for Defendant Skadden, Arps,*
 *Slate, Meagher & Flom LLP Pension Plan*