Eli Gottesdiener (EG 0111)
GOTTESDIENER LAW FIRM, PLLC
498 7th Street
Brooklyn, NY 11215
Telephone: (718) 788-1500
Facsimile:  (718) 788-1650

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JONATHAN X. FLAGG and                           :
JACQUELINE ALVAREZ, on behalf of          :
themselves and all others similarly situated,   :      07 Civ. 7392 (PKC)
                                                              :
                         Plaintiffs,                        :
                                                              :
            - against -                                     :
                                                              :
SKADDEN, ARPS, SLATE, MEAGHER       :
& FLOM PENSION PLAN,                          :
                                                              :
                         Defendant.                       :
--------------------------------------------------------x

**Reply Brief In Support of Plaintiffs' Motion
That the Court Reconsider its Holding
That New York's Accrual Rule
<u>Applies to Ms. Alvarez's Federal ERISA Claim</u>**

TABLE OF CONTENTS

Introduction ...........................................................................................................................................1

Summary of Argument .........................................................................................................................1

Argument ..............................................................................................................................................5

I.      The Motion for Reconsideration Should Be Granted
and the Federal Discovery-of-the-Injury Rule Applied. ........................................................5

          A.      Federal Law, Not State Law, Governs the Accrual of
a Federal Cause of Action, Including under ERISA ..................................................5

          B.      The Second Circuit Reads the Discovery-of-the-Injury
Rule into Federal Statutes in Federal Question Cases,
Including ERISA cases ...............................................................................................8

          C.      Application of the Discovery Rule Compels a Different Outcome ........................15

Conclusion .........................................................................................................................................15

Certificate of Service .........................................................................................................................16

i

**Introduction**

Ms. Alvarez's motion presents two distinct questions. The first is, did the Court err in holding that state law governs the question whether the statute of limitations on Ms. Alvarez's ERISA claim began to run more than six years before suit was filed? The second is, assuming the Court erred and should have applied the federal standard, would that or could that have materially affected the outcome? The answer to both questions is yes, making reconsideration appropriate. *See, e.g., Manning v. Utilities Mut. Ins. Co., Inc.*, 254 F.3d 387, 398 (2d Cir. 2001) (noting district court granted reconsideration, reversing its ruling that one state law's limitations period applied rather than another's, changing the outcome).

**Summary of Argument**

Under the federal discovery-of-the-injury rule of claim accrual – the rule Plaintiffs respectfully submit the Court was required to apply in assessing whether Skadden carried its burden of proof to show Ms. Alvarez's claim is time-barred – an ERISA benefit claim accrues and the applicable limitations period begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury that is the basis of her action. That is black letter law in this Circuit, *Carey v. IBEW Local 363 Pension Plan,* 201 F.3d 44, 48 (2d Cir. 1999) (ERISA claim accrues when "[t]he plaintiff] discover[ed], or with reasonable diligence should [have] discover[ed], the injury that gives rise to his claim"), reaffirmed by the Circuit Court of Appeals only last year, *Guilbert v. Gardner,* 480 F.3d 140, 149 (2d Cir. 2007) (ERISA claim accrues when "[the plaintiff] discover[ed], or with due diligence should have discovered, the injury that is the basis of the litigation").

The injury that is the basis for Ms. Alvarez's action is that the Plan miscalculated and underpaid her the pension benefit it owed her – specifically, in May 1998 after she terminated employment with the Skadden firm, the Skadden Plan paid her an amount equal to her notional Plan "account" balance, less than the amount to which she was legally entitled, unbeknownst to her and contrary to what the Plan and Plan administrator had always led her and other participants to believe was their due.

Skadden's opposition to the instant motion is constructed around a refusal to acknowledge that the federal "clear repudiation" rule **is** the federal discovery-of-the-injury rule as applied in the ERISA context, as numerous courts have explained, *see* below, and the Second Circuit in *Carey* explicitly demonstrated by using the two formulations interchangeably. *Carey,* 201 F.3d at 47-49 (at least 3 times); *accord Guilbert,* 480 F.3d at 149; *Novella v. Westchester County*, 443 F. Supp. 2d 540, 545-46 (S.D.N.Y. 2006) (Mukasey, J.) (benefits paid but miscalculated case like this one; relying exclusively on "clear repudiation" formulation to find that the "relevant date for fixing the accrual of such a claim is when a plaintiff was put on notice that the defendants believed the method used to calculate his disability pension was correct. Thus, the claim does not begin to run until a prospective class member inquires about the calculation of his benefits and the Plan rejects his claim that the benefits were miscalculated").

Partially bowing to reality, Skadden effectively concedes, in Sections II.B and II.C. of its brief, that the Court was required to apply <u>some kind of</u> discovery rule. *See* Def. Opp. (Doc. 31) at 4-6. The problem is, as shown below, *see* Part III, Skadden's discovery rule is not a discovery-of-the <u>injury</u> rule. It is just the New York state accrual at the time of injury rule ("accrual-upon-injury" rule) with an empty gesture tacked-on:

2

the court is to ask if the plaintiff could have "discovered" a "repudiation" of a claim she had not made, and did not know nor could be charged with knowing she had, by reading a routine disclaimer covering its payment stating it considered the enclosed check payment in full. Opp. at 4-6. Here, because Ms. Alvarez through no fault of her own had no idea that she was <u>entitled</u> to anything more, all she could have "discovered" via Skadden's May 1, 1998 letter was what she and any reasonable participant already knew and would have been obvious without the disclaimer: *i.e.*, that the Plan pays what it thinks it owes and no more – that Skadden was not in the habit of giving away money. From the fact that Skadden told her she was not going to receive more than either Skadden or she believed Skadden owed her, it would have been logically impossible for Ms. Alvarez to perceive ***<u>injury</u>*** because Skadden had never given her any reason to believe that she might be entitled to more.

It is undisputed that Ms. Alvarez had no reason to know or even suspect that the payment Skadden made to her was in fact an underpayment. Order at 6.[1] The Court found that Ms. Alvarez's discovery of this alleged injury was not necessary, however, in order to start the applicable limitations period running because the New York rule of claim accrual applied. *Id.* at 1, 5-7.[2]

---

[1] *See also Flagg v. Skadden, Arps, Slate, Meagher & Flom Pension Plan*, No. 07 Civ. 7392 (PKC), 2008 WL 2471717, 2008 U.S. Dist. LEXIS 47613. (S.D.N.Y. June 18, 2008).

[2] Ms. Alvarez's argument is that the law requires an ERISA plaintiff be placed on notice not merely of her claim, but additionally that her claim has been clearly denied, which would then put her on notice of her <u>injury</u>. *Compare* Order at 1, 5-7 (articulating Ms. Alvarez's argument as a discovery-of-the-claim rather than a discovery-of-the-injury argument) *with* Doc. 19 (Pl. Opp. to Mtn. to Dismiss) at 4-5, 16-21 (law requires discovery of injury). In this case the distinction is not in and of itself important. It is, however, critical for keeping separate and distinct <u>*claims denied*</u> cases (where the participant knows of his claim and then asserts it but then is not sure whether it has been formally or finally denied, as in *Carey*) from <u>*benefits paid but miscalculated*</u> cases (like this and like *Esden, Larsen* and *Novella*) where at the point of injury the participant

3

On the threshold issue of what law applies, Plaintiffs' opening brief demonstrates that the Court erred in applying the state rule, which excludes discovery rule considerations, instead of the federal rule which embodies them. Plaintiff demonstrated that the Court overlooked settled Second Circuit law that "[i]n a federal question case, such as *Miles* [*v. New York State Teamsters,* 698 F.2d 593 (2d Cir.1983), an ERISA action], when a federal court determines the limitations period by applying an analogous state statute of limitations, the court nevertheless looks to federal common law to determine the time at which the plaintiff's federal claim accrues." *Guilbert,* 480 F.3d at 149.

Skadden responds by neither agreeing nor disagreeing, saying instead that Plaintiffs are "quibbling over the *title* of the rule of the decision," Opp. at 2, and asking the Court to concern itself with something only a "pedant[]" would consider. *Id.* at 1-2. By contrast, to some degree Skadden does address the second question Plaintiffs' motion presents (*i.e.,* whether the right rule could make a difference) but Skadden's analysis of this question is deeply flawed.[3]

As Plaintiffs' opening brief demonstrated, the New York state accrual rule the Court applied is an "accrual-upon-injury" rule, whereas the federal discovery-of-the-injury Plaintiffs respectfully submit the Court should have applied (sometimes also called the federal "clear repudiation" rule), was designed precisely to provide relief from the traditional, accrual-upon-injury rule by postponing the running of the limitations period

---

has no objective way of knowing she has a claim and, by extension, no way of knowing that she has been injured.

[3] As noted below, much of Skadden's brief is devoted to setting up and knocking down strawman arguments Plaintiffs do not make.

4

from the date the plaintiff was injured to the date she <u>discovers</u> or should have discovered she was been injured.[4]

In holding that the May 1, 1998 payment and settlement-in-full letter Ms. Alvarez received from the Plan was a sufficient trigger under New York rule of claim accrual, the Court all but found that it would <u>not</u> have satisfied the more stringent discovery rule standard Ms. Alvarez argued the Court was required to have applied.  Order at 1, 5-7.  That was correct, for the reasons previously demonstrated and discussed below.

Unable to defend the Court's application of the state accrual rule to Ms. Alvarez's federal ERISA claim, Skadden tries to make the Court believe that in the ERISA context the discovery rule either is a figment of Plaintiffs' imagination or exists in such watered down form as to be a discovery rule in name only, indistinguishable from the state rule the Court applied.  Skadden suggests that the Second Circuit has never applied or held that a discovery-of-the-injury rule applies in ERISA cases and that the "clear repudiation" rule is <u>not</u> a discovery-of-the-injury rule but instead a clone (applicable in Connecticut and Vermont, and not just New York) of New York's accrual-upon-injury rule, that can be satisfied by a plan's issuance of practically any statement about the plaintiff's injury, even if it cannot have led her to discover <u>the fact</u> of that injury.  These and Skadden's arguments lack merit.  The motion for reconsideration should be granted and the federal discovery rule applied to the determination of whether Skadden carried its burden of proof to establish that Ms. Alvarez's claim accrued for limitations purposes more than six year prior to the date suit was filed.

---

[4] *E.g., Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990) (Posner, J.) ("Accrual is the date on which the statute of limitations begins to run.  <u>It is not the date on which the wrong that injures the plaintiff occurs</u>**,** but the date - often the same*,* <u>but sometimes later</u> - on which the plaintiff discovers that he has been injured") (emphasis added).

5

**Argument**

I    **The Motion for Reconsideration Should Be Granted and the Federal Discovery-of-the-Injury Rule Applied.**

    A.    **Federal Law, Not State Law, Governs the Accrual of a Federal Cause of Action, Including Under ERISA.**

In their opening brief, Plaintiffs argued there is no authority for the proposition that a state law accrual rule can be used to determine when the statute of limitations begins to run on a federal claim, including a federal claim as to which the federal courts borrow a state limitations period. In response, Skadden does not dispute either that the Court applied the New York state rule or that it was the wrong rule. On the other hand, Skadden does not say its <u>agrees</u> the Court erred in applying the New York rule and then, for example, argues that the federal, Second Circuit rule (applicable in Connecticut and Vermont) is somehow identical to the *New York* accrual rule.

As a threshold matter, reconsideration should be granted because the Court <u>did</u> err in applying the New York rule of claim accrual. The rule that the running of the limitations period is governed by federal law is the rule not just in ERISA cases but for all federal claims. Moreover, it has been the rule at least as far back as *Kaiser v. Cahn,* 510 F.2d 282 (2d Cir. 1974), a civil rights case in which the Second Circuit, *citing Rawlings v. Ray*, 312 U.S. 96 (1941) and *Cope v. Anderson*, 331 U.S. 461 (1947), held although a state statute of limitations most analogous to a federal claim is borrowed, the question of when the claim for relief accrued remains a question of federal law. *Id.* at 285.

Since *Kaiser,* time and time again, the Second Circuit and district courts in this Circuit have applied the rule that federal law governs the question of when a federal

6

claim accrues notwithstanding that a state statute of limitations is to be used. *E.g., Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980) ("federal law . . . governs the date of accrual of federal claims"); *Cullen v. Margiotta*, 811 F.2d 698, 725 (2d Cir. 1987) (while state law supplies the statute of limitations for claims under 42 U.S.C. § 1983, federal law determines when a federal claim accrues); *Pauk v. Board of Trustees of the City University of New York,* 654 F.2d 856, 859 (2d Cir. 1981) (same); *Morse v. University of Vt.,* 973 F.2d 122, 125 (2d Cir.1992) (Rehabilitation Act case; "[f]ederal law governs the question of when a federal claim accrues notwithstanding that a state statute of limitations is to be used").

The importance of the rule is such that in *Leon v. Murphy,* 988 F.2d 303 (2d Cir. 1993), another civil rights case, the Second Circuit reversed a district court ruling that held that the plaintiff was collaterally estopped by the determination of a state court, rendered after the plaintiff had the opportunity and exercise it to litigate the issue regarding the time when his cause of action accrued for purposes of state law. The Court of Appeals explained:

> This ruling is not controlling here. "Federal law governs the question of when a federal claim accrues notwithstanding that a state statute of limitations is to be used." Further, under federal law, a cause of action accrues when the plaintiff "'knows or has reason to know'" of the injury that is the basis of the action. Whether Leon knew or had reason to know that his cause of action accrued by September 24, 1986 was not decided in the state court action. Accordingly, the district court incorrectly ruled that Leon was collaterally estopped from litigating the issue of accrual.

*Id.* at 309 (citations omitted).

As *Guilbert* and numerous other cases make clear, *see* Pl. Mem. at 2, the federal accrual standard also governs the determination of when the limitations period begins to

7

run on an ERISA claim. That is not just the rule in this Circuit but everywhere.[5] Indeed, consistent application of a federal rule for determining the running of the limitations period is considered so important that the courts uniformly hold that while a plan can alter the borrowed state law statute of limitations <u>period</u> via its governing plan document, a plan can never alter the statute of limitations <u>accrual date</u> set by federal law.[6]

The Court should grant reconsideration and apply the federal rule instead of the New York rule it applied in its June 18 Order.

### B.   The Second Circuit Reads the Discovery-of-the-Injury Rule Into Federal Statutes in Federal Question Cases, Including ERISA Cases.

As the Court's June 18 Order illustrates, New York law does not generally incorporate a discovery-of-the-injury rule, postponing the running of the limitations period from the date the plaintiff is wronged to the date she discovers or should have discovered she has been injured. *Accord Rosenblatt v. Christie, Manson & Woods Ltd.*, No. 04 Civ. 4205 (PKC), 2005 WL 2649027, *12 (S.D.N.Y. Oct. 14, 2005) (Castel, J.) (state breach of contract action; "[t]he statute begins to run at the time of the breach, <u>regardless of whether the plaintiff is aware of the breach at that time</u>") (emphasis added).

---

[5] *See, e.g.,Daill v. Sheet Metal Workers' Local 73 Pension Fund,* 100 F.3d 62, 65 (7th Cir.1996) (holding that in the absence of a statute of limitations under ERISA, the court applies the most analogous state statute of limitations but looks to federal common law to determine when the federal cause of action accrues); *Edes v. Verizon Communications, Inc.*, 417 F.3d 133 (1st Cir. 2005) (federal common law dictates when a plaintiff's claim accrues for the purposes of an ERISA action); *Rodriguez v. MEBA Pension Trust*, 872 F.2d 69, 72 (4th Cir. 1989) (same); *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program,* 222 F.3d 643, 650 (9th Cir.2000) (en banc) (federal law determines when an ERISA cause of action accrues, despite the fact that state law determines the relevant statute of limitations); *Connors v. Hallmark & Son Coal Co.,* 935 F.2d 336, 341, 343 (D.C. Cir.1991) (same).

[6] *Manginaro v. Welfare Fund of Local 771*, 21 F. Supp. 2d 284, 294 (S.D.N.Y. 1998); *Mitchell v. Shearson Lehman Bros., Inc.,* No. 97 Civ. 0526 (MBM), 1997 WL 277381, at *2 (S.D.N.Y. May 27, 1997); *Lowry v. Aetna Life Ins. Co.*, No. 96 Civ. 0856 (MBM), 1996 WL 529211, at *4 (S.D.N.Y. Sept. 18, 1996). *Accord White v. Sun Life Assurance Co. of Canada*, 488 F.3d 240 (4th Cir.2007).

8

Instead, New York follows "the traditional definition of accrual - a cause of action accrues at the time and in the place of the injury." *Cantor Fitzgerald Inc. v. Lutnick,* 313 F.3d 704, 710 (2d Cir. 2002) (citing *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 693 N.Y.S.2d 479, 715 N.E.2d 482, 485 (1999)).

By contrast, in the absence of a congressional directive to the contrary, federal courts, including the Second Circuit and the district courts in this Circuit, almost always read into federal statutes a discovery-of-the-injury accrual standard. *See Lyerly v. Phillips*, No. 04 Civ. 3904 (PKC), 2005 WL 1802972, *8 (S.D.N.Y. July 29, 2005) ("[a] cause of action under section 1983 accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of his action'") (citations to Second Circuit precedent omitted). The Second Circuit reads in a discovery rule of claim accrual not just in Section 1983 actions but in almost all federal cases.[7]

ERISA, enacted to "protect ... the interests of participants in employee benefit plans and their beneficiaries ... [and provide] for appropriate remedies, sanctions, and ready access to the Federal courts," ERISA § 2(b), 29 U.S.C. § 1001(b), is no exception.

---

[7] *See, e.g., McLaughlin v. American Tobacco Co.*, 522 F.3d 215, 233 (2d Cir. 2008) (civil RICO; "[t]he statute begins to run when the plaintiff discovers--or should reasonably have discovered-- the alleged injury"); *M.D. v. Southington Bd. of Educ.,* 334 F.3d 217, 221 (2d Cir. 2003) (IDEA; claim accrues "'when the plaintiff knows or has reason to know of the injury that is the basis of the action'") (citation omitted); *Mix v. Delaware and Hudson Ry. Co.,* 345 F.3d 82, 86 (2d Cir.2003) (in a FELA action, claim accrues when "the plaintiff in the exercise of reasonable diligence knows both the existence and the cause of his injury"); *Buttry v. Gen. Signal Corp.,* 68 F.3d 1488, 1492 (2d Cir.1995) (breach of the duty of fair representation; The limitations period begins to run when the plaintiff "knows or reasonably should have known that the union has breached its duty of fair representation"); *Morse v. University of Vermont,* 973 F.2d 122, 125 (2d Cir. 1992) (Rehabilitation Act; "claim accrues when the plaintiff 'knows or has reason to know' of the injury that is the basis of the action"); *Burke v. Quick Lift, Inc.* 464 F.Supp.2d 150 (E.D.N.Y. 2006) ("this Court finds that, for a claim governed by the Maritime Limitations Statute, the "discovery rule" directs that the claim accrues when the plaintiff knew or should have known of the injury that is the basis of the action").

9

*See Carey,* 201 F.3d at 48 (ERISA claim accrues when "[t]he plaintiff] discover[ed], or with reasonable diligence should [have] discover[ed], the injury that gives rise to his claim"); *Guilbert,* 480 F.3d at 149 (ERISA claim accrues when "[the plaintiff] discover[ed], or with due diligence should have discovered, the injury that is the basis of the litigation"). The discovery-of-the-injury rule (also known as the "clear repudiation" test) is not just the rule in this Circuit but everywhere.[8]

Skadden's suggestion that the Second Circuit has not adopted the discovery-of-the-injury rule in the ERISA context but instead a version of the clear repudiation standard identical to the New York accrual rule the Court applied in its June 18 Order is meritless. It rests almost entirely on the fact that the Second Circuit's early decisions in this area – specifically, *Valle v. Joint Plumbing Indus. Bd.,* 623 F.2d 196 (2d Cir.1980), *Miles v. New York State Teamsters,* 698 F.2d 593 (2d Cir.1983), and *Larsen v. NMU Pension Trust of NMU Pension & Welfare Plan,* 902 F.2d 1069 (2d Cir. 1990) – use the "clear repudiation" formulation of the rule without expressly stating that the relevant inquiry is designed to determine when the plaintiff had actual or constructive knowledge of her injury. Opp. at 4-5. Skadden concludes from this that the clear repudiation standard must not be a discovery-of-the-injury test. *Id.*

---

[8] *See, e.g., Northern Cal. Retail Clerks and Food Employers Joint Pension Trust Fund v. Jumbo Markets, Inc,* 906 F.2d 1371, 1372 (9th Cir. 1990) ("[u]nder federal law [an ERISA claim accrues] when the plaintiff knows or has reason to know of the injury"); *Connors*, 935 F.2d at 343 (reading discovery-of-injury rule into ERISA, consistent with Congress's purpose "to remove jurisdictional and procedural obstacles that stand in the way of benefits due to participants") (*quoting* S. Rep. No. 127, 93d Cong., 1st Sess. 35 (1973), U.S. Code Cong. & Admin. News 1974, pp. 4639, 4871) (internal quotation marks omitted); *Michigan United Food and Commercial Workers Unions,* 992 F.2d 594, 597 (6th Cir. 1993) ("[t]here is good reason for us now to adopt and apply the discovery rule in this ERISA case because we have frequently done so in other contexts").

Apart from the fact that this simply does not follow as a matter of logic, there are numerous reasons why the Court should reject Skadden's argument that the Court is free to not apply the discovery-of-the-injury here.

First, Skadden cites no case supporting its false dichotomy between the clear repudiation rule on the one hand and the discovery-of-the-injury rule on the other, that Skadden posits.

Second, Skadden has no response to Plaintiffs' point, Pl. Mem. at 3, that in *Carey,* the Second Circuit's most recent application of the clear repudiation standard, the Court of Appeals referred to the clear repudiation standard <u>*interchangeably*</u> with the federal discovery-of-the-injury rule. *See Carey,* 201 F.3d at 47-49 (at least 3 times).[9]

Third, Skadden cannot explain why, if the federal clear repudiation rule is essentially the same as the state accrual-upon-injury rule, Judge Mukasey – whose careful analysis of the complex ERISA disclosure issues involved in *Manginaro v. Welfare Fund of Local 771*, 21 F. Supp. 2d 284, 294 (S.D.N.Y. 1998), was effectively adopted by the Second Circuit in *Burke v. Kodak Ret. Income Plan,* 336 F.3d 103 (2d Cir. 2003), as its own – could have been so confused in *Novella, supra,* to hold in substance that the discovery-of-the-injury rule applies right after he cites *Miles* and the "clear repudiation" standard:

> The relevant date for fixing the accrual of such a claim [benefit paid but miscalculated] is when a plaintiff was put on notice that the defendants believed

---

[9] Indeed, rather than addressing Plaintiffs' real point, Skadden sets up and knocks down a false one: "Plaintiffs contend that the entire chain of decisions establishing the 'clear repudiation' standard' . . . <u>was somehow *reversed*</u> by the Second Circuit in *Carey* and *Guilbert.*" Opp. at 4 (emphasis added); *see also id.* at 5 (claiming that Plaintiffs argue that "*Carey* and *Guilbert* . . . *eradicate[d]* the clear repudiation rule") (emphasis added). But Plaintiffs' contention is not that *Carey* or *Guilbert* announced a new rule but rather that the federal clear repudiation and discovery-of-the-injury rules are one and the same. Pl. Mem. at 3-10; Pl. Opp. at 16-18.

11

> the method used to calculate his disability pension was correct. Thus, the claim does not begin to run until a prospective class member inquires about the calculation of his benefits <u>and the Plan rejects his claim that the benefits were miscalculated</u>.

443 F.Supp.2d at 545 (emphasis added); *see also id.* at 546.[10]

Fourth, a review of the facts of *Valle, Miles* and *Larsen* (Skadden never mentions the facts of *Valle* or *Miles*), shows that clear repudiation inquiry undertaken in each case was aimed at determining whether it could be said that plaintiffs had actually discovered their injury within six years of filing suit (in each case the answer was "no").[11] *Larsen* is especially instructive in this regard. Widow Larsen was injured in August 1980 more than six years before she filed suit by the plan's determination that in 1977 her husband had waived the 50% joint and survivor annuity option under the plan. *Larsen,* 902 F.2d at 1070-74. She received a letter at that time informing her that payments in the same $327.93 per month amount that her husband had been receiving between 1977 and his death in July 1980) would continue for 26 more months but then **cease** in 1982, "<u>with the final payment due September 1, 1982.</u>" *Id.* at 1073 (emphasis added). Despite this clear implication that no further payments would be made, the Second Circuit nevertheless held the plan's August 1980 letter did not clearly repudiate her subsequently asserted

---

[10] Skadden's sole response to *Novella* is that it should be ignored because it is "not controlling." Opp. at 5 n.5.

[11] *Valle,* 623 F.2d at 202 n.10 (injury caused by allegedly invalid amendment rendering Valle ineligible for a pension; initial clear denial letter became muddled by a subsequent letter which would have "'tend[ed] to lull the claimant and his attorney into a belief that it was not necessary to bring the suit'") (quoting trial court); *Miles,* 698 F.2d at 598-99 (injury caused by determination years earlier that plaintiffs would not be treated as a "new group" eligible for benefits; affirming trial court's holding limitations period only began to run when one of their number, Miles, was denied a pension after he actually claimed entitlement to one); *Union Pac. R. Co. v. Beckham,* 138 F.3d 325, 330 (8th Cir.1998) (citing *Miles* for the proposition that the clear repudiation standard is "<u>consistent with the discovery rule</u>") (emphasis added).

12

claim that she was entitled to benefits for life. *Id*. at 1070-74.[12] Skadden has no response to *Larsen* other to misrepresent Plaintiffs' discussion of it.[13]

Fifth and finally, Skadden cannot escape the preclusive effect that *Guilbert,* 480 F.3d at 149 (ERISA claim accrues when "[the plaintiff] discover[ed], or with due diligence should have discovered, the injury that is the basis of the litigation"), has on its argument that the federal rule is identical to the state accrual-upon-injury rule by characterizing *Guilbert*'s discussion of the law governing the accrual of ERISA claims as mere "*obiter dictum*" that this Court is free to ignore.  Opp. at 4-5 n.4.

A review of the decision in *Guilbert* shows that the very distinction between the federal discovery-of-the-injury and state accrual-upon-injury rules that Skadden seeks to blur was exactly what the Second Circuit saw itself as required to confirm in that case. The plaintiff in *Guilbert* explicitly argued he was entitled to the clear repudiation standard of *Miles,* an argument which the Second Circuit (not surprisingly from the

---

[12] Mrs. Larsen was entitled to the 26 payments pursuant to a provision of the Plan requiring the completion of sixty payments where a married participant who does not elect the survivor annuity dies before receiving 60 monthly payments. *Id.* at 1071. Her claim to be entitled to lifetime payments was based on her later discovery that her husband's alleged waiver of the survivor option was allegedly invalid because it was based on the plan's provision of admittedly faulty information. *Id.* at 1070-74.

[13] Skadden asks the Court to believe that Plaintiffs were trying on page 7 of their brief to mislead the Court into thinking the August 1980 letter contains the words "no more benefits after September 1982"by putting quotation marks around those words without disclosing the quotation marks were Plaintiffs'. Opp. at 10. This argument depends entirely on Skadden ignoring the fact that Plaintiffs begin their discussion of *Larsen* three pages earlier, detailing what the relevant letters in *Larsen* said. Any objective reader would understand by page 7 that "no more benefits after September 1982" is Plaintiffs' summary of the letter's content – *a summary which Skadden does not deny is accurate.* Skadden also claims that Plaintiffs' passing reference to the fact that Mrs. Larsen eventually hired a lawyer means that Plaintiffs argue that the limitations period will not run against a plaintiff until she receives a lawyer's advice that she has a cognizable legal claim. Opp. at 6. Plaintiffs argue no such thing. That, however, does not prevent Skadden from devoting an entire section of its brief (Section III) to the proposition that Plaintiffs do make such an argument and that it does not warrant reconsideration.

13

foregoing discussion) interpreted as an argument that the plaintiff was entitled to the application of the discovery-of-the-injury rule. 480 F.3d at 149. The Second Circuit, after analyzing the issue, held that a plaintiff with a claim cognizable under ERISA is indeed entitled to a discovery-of-the-injury rule but a plaintiff whose state breach of contract claim merely involves his employer's alleged promise to establish an ERISA plan has no such entitlement precisely the later claim is not cognizable under ERISA. *Id.*

It is true, as Skadden argues, Opp. at 4-5 n.4, that *Guilbert* held that because the plaintiff did not have an ERISA claim he could not claim the benefit of the more liberal, ERISA standard, and that he was time-barred under the state law rule. *Id.* But it was the distinction thus drawn that was the *ratio decidendi* of the Court's ruling. As the Second Circuit said in *United States v. Oshatz*, 912 F.2d 534 (2d Cir. 1990), "in some contexts expressions of views by an appellate court must be regarded as the law of the circuit, even though not an announcement of a holding or even a necessary step in the reasoning leading to a holding." *Id.* at 540 (emphasis added). *Guilbert*'s statement that the federal discovery-of-the-injury applies in the ERISA context was clearly "a necessary step in the reasoning leading to [the] holding" in *Guilbert* – indeed, the ERISA v. state contract distinction was the reason for the Court's holding. Therefore, the Court must treat *Guilbert*'s statement that the federal discovery-of-the-injury applies in the ERISA context as a holding.[14]

---

[14] Even if, however, it can be said that *Guilbert*'s exegesis of the ERISA standard was not necessary to its decision (and was not perceived as necessary by the Court to its decision, which it surely was), that still does not allow the Court to ignore what *Guilbert* says about the operative standard. As the Second Circuit has recognized, "there is *dicta* and then there is *dicta*." *Piscottano v. Murphy,* No. 3:04CV682 (MRK), 2005 WL 1424394 (D. Conn. June 9, 2005). Specifically, the Second Circuit has distinguished between "obiter *dictum*" and "judicial *dictum*" stating that "[w]hile ... [judicial] dictum is not binding ... it must be given considerable weight and can not be ignored in the resolution of the ... question [a court must] decide." *U.S. v. Bell*,

14

C.   **Application of the Discovery Rule Compels a Different Outcome.**[15]

Skadden's suggestion that the discovery-of-the-<u>injury</u> rule was satisfied by telling Ms. Alvarez via the May 1, 1998 payment letter that Skadden considered her paid in full, hence "repudiating" any obligation to pay more, fails because Ms. Alvarez was blamelessly ignorant of the fact that she had any <u>entitlement</u> to more. The disclaimer that Skadden considered her paid in full could not have put her on notice of ***injury***:   she could not logically have perceived injury by hearing she would not get something she thought she had no entitlement to receive, *i.e.,* <u>more</u>.[16]

The district court decision in *Esden* (which Skadden addresses only by saying it is not controlling, Opp. at 5 n.5) is on all fours with this case and correctly applies the lesson from *Larsen* that Skadden would have the Court ignore.

**Conclusion**

---

524 F. 2d 202, 206 (2d Cir. 1975).  Here, any suggestion that the Second Circuit's extended discussion the content of the two accrual standards at issue in the case were mere *obiter dictum* would be wrong.  At best for Skadden, it constitutes judicial *dictum* which this Court must give considerable weight.  *Accord Piscottano*, 2005 WL 1424394 at *3 ("unless and until the Second Circuit indicates otherwise, this Court considers itself bound by the . . .[judicial *dictum* in question]"); *Velazquez v. Legal Services Corp.,* 349 F.Supp.2d 566, 600 (E.D.N.Y. 2004) (also following judicial *dictum*).  Coupled with *Carey,* which equates the clear repudiation and discovery-of-the-injury tests, *Guilbert* leaves the Court with no option but give Ms. Alvarez the benefit of the discovery-of-the-injury test.

[15] Section IV of Skadden's brief "shows" that Plaintiffs' allegedly "differing interpretation of the facts does not warrant reconsideration."  However, Plaintiffs do not urge a differing interpretation of the facts as a basis for reconsideration.  They urge an entirely different controlling legal standard as the basis for reconsideration and discuss the facts (in particular, the May 1998 letter) only to show that Skadden cannot establish that it placed Ms. Alvarez on notice of her injury (or even just her claim) more than six years prior to the date suit was filed.

[16] *Accord Cotter v. E. Conf. of Teamsters Ret. Plan,* 898 F.2d 424, 429 (4th Cir.1990) (benefits paid but miscalculated case; accrual did not occur at point of plaintiff received insufficient payment but instead when <u>plaintiff learned of "his entitlement to the benefits he did not receive"</u>) (emphasis added).

15

Wherefore, for these and such other reasons as may appear to the Court, Plaintiffs respectfully request that the instant motion be granted.


Dated:  July 7, 2008			Respectfully submitted,


			     */Eli Gottesdiener*
			Eli Gottesdiener [EG0111]
			Gottesdiener Law Firm, PLLC
			498 7th Street
			Brooklyn, N.Y. 11215
			(718) 788-1500
			(718) 788-1650 (facsimile)

			*Attorney for Plaintiffs and the proposed Classes*


## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2008, I caused Defendant to be served via the ECF system with a copy of the foregoing Reply Brief as follows:

<u>Counsel for Defendant</u>
Henry P. Wasserstein
Samuel Cadet
James W. Brown
Jennifer Cabrera
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036


			      */s/Eli Gottesdiener*
			     Eli Gottesdiener

16