UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN X. FLAGG and<br>JACQUELINE ALVAREZ,<br><br>             Plaintiffs,<br><br>        - *against* -<br><br>SKADDEN, ARPS, SLATE, MEAGHER<br>& FLOM LLP PENSION PLAN,<br><br>             Defendant. | 07 Civ. 7392 (PKC) (HBP) |

DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION TO EXCUSE PLAINTIFFS'
PRIOR BREACH OF THE COURT'S PAGE LIMITATIONS

Plaintiffs' request, that the Court retroactively excuse their prior violation of the Court's page limitations and allow them to submit a reply brief more than 150% of the permissible length,[1] should be denied for at least two independent reasons.

First, it cannot be overlooked that Plaintiffs' 16-page reply brief is unnecessarily bloated by irrelevant discussions of at least:

- 11 decisions of foreign Circuit Courts;

- 9 District Court opinions; and

- 18 decisions concerning wholly irrelevant bodies of law, including RICO, the Rehabilitation Act, civil rights claims, IDEA claims, FELA claims, breach of contract claims, and even the Maritime Limitations Statute.

Of course, all of that adds nothing to satisfy Plaintiffs' burden on their motion for reconsideration to show controlling law – <u>of the Second Circuit or the Supreme Court concerning when an</u>

---

[1] Plaintiffs filed their oversized memorandum on July 7 (the "July 7 Reply"), but did not seek "leave" for that excess until July 8.

ERISA claim accrues – that this Court supposedly overlooked in entering the June 18 Order. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995); Taggart v. Moody's Investors Service, No. 06 Civ. 3388 (PKC), 2007 WL 2809846, *1 (S.D.N.Y. Sept. 26, 2007).

To the contrary, this scattershot manner of briefing squarely violates Local Civil Rule 6.3's mandate that Plaintiffs "concisely" demonstrate the "controlling decisions" that the Court purportedly overlooked. L.Civ.R. 6.3 (emphasis added). Indeed, in an apparent effort to cloud the extent to which they have swollen their July 7 Reply with a host of non-controlling decisions, Plaintiffs have tellingly failed to include a Table of Authorities – itself an independent violation of Section 2.C. of this Court's Individual Practices.

Second, when Plaintiffs finally turn to discussing the controlling, relevant holdings of the Second Circuit which consistently state that an ERISA claim accrues upon a "clear repudiation" – including Valle, Miles, Larsen, and Carey[2] – Plaintiffs merely regurgitate the same tired arguments that they have previously made. While it is abundantly clear that Plaintiffs contend that the May 1998 Letter was not a clear repudiation of any obligation to pay Alvarez more, it is equally clear that Plaintiffs' July 7 Reply is the sixth filed document in which they have made that exact same argument.[3] This is not the appropriate content of a motion for reconsideration of any length. Taggart, 2007 WL 2809846, at *1 ("Motions for reconsideration are not intended as a vehicle for a party dissatisfied with the court's ruling . . . to secure a rehearing on the

---

[2] Valle v. Joint Plumbing Indus. Bd., 623 F.2d 196, 202 n.10 (2d Cir.1980); Miles v. New York State Teamsters Conference Pension and Retirement Fund Employee Pension Ben. Plan, 698 F.2d 593, 598 (2d Cir. 1983); Larsen v. NMU Pension Trust of NMU Pension & Welfare Plan, 902 F.2d 1069, 1073 (2d Cir. 1990); Carey v. International Broth. of Elec. Workers, 201 F.3d 44, 47, 48 (2d Cir. 1999).

[3] These include: (1) Plaintiffs' December 10 answering memorandum; (2) Plaintiffs' May 28 Gottesdiener Declaration; (3) Plaintiffs' May 28 Alvarez Declaration; (4) Plaintiffs' improper June 6 "reply" memorandum; (5) Plaintiffs' June 20 memorandum seeking reconsideration; and (6) Plaintiffs' July 7 Reply.

merits. . . .") (citing Shrader, 70 F.3d at 257). Therefore, it certainly cannot provide any legitimate reason for exceeding the Court's page limitations on such a motion.[4]

## CONCLUSION

For all the foregoing reasons, Plaintiffs' motion to exceed the page limitations should be denied and pages 11 through 16 of Plaintiffs' July 7 Reply should be ignored.

Dated: New York, New York
       July 14, 2008

    /s/ Samuel Kadet
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000

*Attorneys for Defendant Skadden, Arps,*
 *Slate, Meagher & Flom LLP Pension Plan*

---

[4] Plaintiffs' gambit is patently improper on its face: on a motion for reconsideration in which the moving argument was only ten pages in length (Pl. June 20 Mem.), and the answering argument was only ten pages (Def. July 7 Mem.), there can be no legitimate reason for a reply memorandum to consume 16 pages.