Eli Gottesdiener (EG 0111)
GOTTESDIENER LAW FIRM, PLLC
498 7th Street
Brooklyn, NY 11215
Telephone: (718) 788-1500
Facsimile:  (718) 788-1650

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JONATHAN X. FLAGG and                           :
JACQUELINE ALVAREZ, on behalf of        :
themselves and all others similarly situated,    :      07 Civ. 7392 (PKC)
                                                                    :
                                 Plaintiffs,             :
                                                                    :
            - against -                                       :
                                                                    :
SKADDEN, ARPS, SLATE, MEAGHER  :
& FLOM PENSION PLAN,                            :
                                                                    :
                                 Defendant.          :
--------------------------------------------------------x

**Reply to Skadden's Opposition
to Plaintiffs' Request for Five Additional Pages
to Support Their Motion for Reconsideration**

The instant motion is a request for leave *nunc pro tunc* for five additional pages to adequately address Skadden's opposition to Plaintiffs' motion for reconsideration of the Court's June 18, 2008 Order holding that New York's accrual rule governs when Ms. Alvarez's federal ERISA claim accrued for purposes of the statute of limitations.

Skadden's opposition to the instant motion is in the nature of a second brief in opposition to the motion for reconsideration. It provides an additional reason for the Court to permit Plaintiffs the additional pages they request to adequately explain why Defendant's opposition to the motion for reconsideration is unavailing.

The essential point is this, however:  Plaintiffs very economically stated the basis for their request for reconsideration, taking only about 10 pages out of an allotted 25, and should not have been required to anticipate in their moving brief that Skadden would neither admit nor deny the accuracy of Plaintiffs' threshold assertion, *i.e.,* that the federal rather than the state rule of claim accrual should have been applied to Ms. Alvarez's claim, when the parties were in full agreement on this issue.  *See* Def. Mem. in Support of MTD (Doc. 17) at 16 ("Although the applicable limitations period is borrowed from state law, **federal law continues to govern the date of accrual**") (emphasis added). Plaintiffs' opening brief focused on what they reasonably anticipated would be Skadden's defense of the Court's ruling, *i.e.*: "yes, the federal rule should have been applied but no harm, no foul because the federal rule, like the state rule, does not incorporate a discovery-of-the-injury standard."  Plaintiffs' opening brief obviously would have, and well within page limits could have, contained their "bloated," Def. Opp. (Doc. 33) at 1, approximately four-page presentation conclusively establishing the point Skadden now surprisingly will not concede.  Plaintiffs should not be faulted for not knowing that Defendant would be so intent on keeping its (limited) win that it would implicitly urge the Court to let stand a ruling that Defendant **knows** contains a clear error at its core.[1]

If Defendant's opposition to the instant motion were based merely on a concern for the Court's time as Skadden suggests, Def. Opp. at 3, it is not clear why Skadden responded at all to the instant motion or responded with more than a word or two.

---

[1] Some additional space is also required to adequately show that, assuming the federal standard applies, Defendant is mistaken that the federal clear repudiation rule does not embody or embrace the federal discovery-of-the-injury rule but instead somehow precisely mirrors the New York accrual rule the Court applied.

Skadden does not and cannot argue Plaintiffs' reply is beyond the scope of their opening motion.

If the Court is nevertheless disinclined to grant the instant motion, it should not, as Skadden suggests, Def. Opp. at 3, simply stop reading at page 10.  It should instead let Plaintiffs decide whether to make the needed cuts and re-file.

### Conclusion

Wherefore, for these and such other reasons as may appear to the Court, Plaintiffs respectfully request that the instant motion be granted.

Dated:  July 15, 2008　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　 */Eli Gottesdiener*
　　　　　　　　　　　　　　　　　　　　　Eli Gottesdiener [EG0111]
　　　　　　　　　　　　　　　　　　　　　Gottesdiener Law Firm, PLLC
　　　　　　　　　　　　　　　　　　　　　498 7th Street
　　　　　　　　　　　　　　　　　　　　　Brooklyn, N.Y. 11215
　　　　　　　　　　　　　　　　　　　　　(718) 788-1500
　　　　　　　　　　　　　　　　　　　　　(718) 788-1650 (facsimile)

　　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiffs and the proposed Classes*