UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JONATHAN X. FLAGG
and JACQUELINE ALVAREZ,

                Plaintiffs,                07 Civ. 7392(PKC)

    -against-

                                       MEMORANDUM
                                       AND ORDER UPON
                                       RECONSIDERATION

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP, et al.,

                Defendants.
-----------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/08
```

P. KEVIN CASTEL, District Judge:

        Plaintiff Jacqueline Alvarez moves to reconsider this Court's Memorandum and Order, dated June 17, 2008 ("Mem. & Order"), to the extent that it deemed established, within the meaning of Rule 56(d)(1), Fed. R. Civ. P. that the claim of Alvarez accrued more that six years prior to the commencement of this action. The motion, pursuant to Local Rule 6.3, has been timely filed and this Court grant's reconsideration.

        In characterizing the rule governing the accrual of claims under ERISA, this Court wrote that "a federal court sitting in New York will apply New York's accrual rule for a claim against a fiduciary." (Mem. & Order at 6.) This language was imprecise and gives the appearance of having applied an erroneous rule of law. Although a federal court will apply the most analogous state law statute of limitations to a federal claim, a federal court will apply federal common law to determine when a plaintiff's federal claim accrues. See Guilbert v. Garder, 480 F.3d 140, 149 (2d Cir. 2007). The distinction is important but it does not alter the result. In determining when an ERISA claim accrues, a federal court in this Circuit applies, as a matter of federal common law, a "clear repudiation" rule, which is fashioned, in part, upon New York law. See Larsen v. NMU Pension Trust of NMU Pension & Welfare Plan, 902 F.2d 1069, 1073


(2d Cir. 1990). See also Carey v. International Broth. of Elec. Workers, 201 F.3d 44, 47 (2d Cir. 1999); Miles v. New York State Teamsters Conference Pension and Retirement Fund Employee Pension Ben. Plan, 698 F.2d 593, 598 (2d Cir. 1983); Valle v. Joint Plumbing Indus. Bd., 623 F.2d 196, 202 n. 10 (2d Cir. 1980). This is the precise rule applied by this Court in its prior ruling. Mem. & Order at 6-7 (citing Larsen, 902 F.2d at 1073-74.)

This Court grant's plaintiff's motion to file a reply brief in excess of page limits. The Court has considered all of plaintiff's arguments, including her repeated arguments against the application of a "clear repudiation" rule and in favor of a discovery rule and her argument that the Court has misapplied the "clear repudiation" rule. This Court adheres to its prior ruling, except insofar as it is modified to make plain that this Court has applied the federal common law accrual rule. All other relief sought by any party is denied.

SO ORDERED.

                                                        P. Kevin Castel
                                                       United States District Judge

Dated: New York, New York
       July 16, 2008